# EXHIBIT G

THIS AGREEMENT, made this 31ST day of October, 1984, between HARRISON ERICKSON of 95 Fifth Avenue, New York, New York 10003 (hereinafter referred to as "HE") and THE PHILLIES, Veterans Stadium, Broad Street and Pattison Avenue, Philadelphia, Pennsylvania 19148 (hereinafter referred to as the "PHILLIES")

W I T N E S S E T H:

WHEREAS, HE owns the copyright of the artistic sculpture presently known as the "Phillies Phanatic" (hereinafter referred to as the "MASCOT"); and

WHEREAS, HE and the PHILLIES entered into a written agreement dated November 1, 1979 for the use and reproduction of the MASCOT (hereinafter referred to as the "EXISTING AGREEMENT"); and

WHEREAS, the PHILLIES desire to purchase the copyright and all other rights of HE in the MASCOT and to terminate the EXISTING AGREEMENT;

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, it is agreed:

1. Subject to the terms of this agreement only, HE hereby sells, transfers and assigns to the PHILLIES all of HE's rights, title and interest in and to the MASCOT and in and to all reproductions and portrayals of all or part of the MASCOT in any medium whatsoever, everywhere and forever, including all copyrights therein throughout the world, free and clear of any adverse claims and interests. HE warrants that it alone owns the copyright to and all other rights in the MASCOT; that neither the copyright nor any such other right has been assigned or encumbered by HE; that HE has not made any contract or commitment inconsistent with the rights granted hereunder; and that the copyright is valid throughout the world and does not infringe any other copyright or rights of others. HE hereby indemnifies the PHILLIES against any loss, including attorneys' fees, sustained as a result of any breach of that warranty. HE shall not create any other artistic sculpture in the form of MASCOT or substantially similar to MASCOT.

2. The PHILLIES shall pay to HE the sum of $215,000 constituting the purchase price for HE's interests in the MASCOT, as follows:

   (a)  Upon the execution of this agreement      $ 20,000
   (b)  On or before November 7, 1984               85,000
   (c)  On January 7, 1985                         110,000

3. HE shall within the next six months, at a time and place to be selected by the PHILLIES, train the PHILLIES' personnel for a total of 16 hours in how to repair and refurbish

the new costume form of the MASCOT recently prepared by HE. The PHILLIES shall incur no liability for the services of HE, or the materials used in ~~repairing and refurbishing the costume~~ if the PHILLIES elect to receive the training at HE's New York office; otherwise the PHILLIES shall reimburse HE's associated reasonable travel, lodging and food expense.

4. HE hereby delivers to the PHILLIES an assignment of copyright in the form of the assignment annexed hereto as "Exhibit 1". Upon receipt by HE of payment of the full purchase price specified in paragraph "2.", supra, HE shall deliver to the PHILLIES all of the green fur fabric used for the preparation of costume forms of the MASCOT, both now and then in the possession of HE.

5. In the event the PHILLIES shall fail to make timely payment to HE, as provided in paragraph "2.", supra, all copyrights in the MASCOT and all rights thereunder, automatically shall revert to HE as copyright proprietor, but only as collateral security to assure all further performance of the terms of the agreement and satisfaction of all claims of HE arising out of or based upon such breach; provided, however, that no such reversion shall ocur until ten business days following written notice to the PHILLIES of any such default and the failure of the PHILLIES to cure that default within that ten day period. Nothing contained in this paragraph, however, shall diminish any rights or remedies of HE arising out of, or based upon, any breach, and any payment made beyond the maturity date shall include daily interest from maturity to the date of receipt of payment, at the prime rate of Manufacturers Hanover Trust Company.

6. At all times hereafter, HE shall have the right, so long as HE expressly recognizes the PHILLIES ownership and copyright, to refer to the MASCOT as the original creation of HE, made for the PHILLIES, for all descriptive and biographical purposes. Wherever reasonably possible, the PHILLIES shall use its best efforts to credit HE as the creator of the MASCOT in all literature and publications issued, or contributed to, by the PHILLIES where the origin of the MASCOT is germane.

7. The PHILLIES shall through 1999 provide HE with four tickets to each world series or league championship game to be played by the PHILLIES in Philadelphia, and each All-Star Game to be hosted by the PHILLIES in Philadelphia. The PHILLIES shall have no obligation to supply any such tickets, however, unless HE makes a written or telephonic request for the tickets at least 48 hours in advance of the game time.

8. The waiver by HE or the PHILLIES of full performance of this agreement in any one or more instances, shall not be deemed a waiver of the right thereafter to require full and complete performance of each and every provision of this agreement.

-2-

9. This agreement shall be construed and interpreted in accordance with the laws of the State of New York.

10. This writing constitutes the entire agreement between the parties, and none of the provisions herein contained shall be waived, modified or otherwise altered or discharged except by an instrument in writing signed by both HE and the PHILLIES. The EXISTING AGREEMENT is hereby terminated and each party releases its rights and the obligations of the other party thereunder.

11. All notices and statements shall be in writing, mailed post-paid by registered or certified mail, return receipt requested, to the respective addresses shown above or to any changed address of which notice has been so given. Payments under paragraph "2." shall be mailed or delivered to HE's such address.

12. This Agreement may be signed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, this agreement has been duly executed on the day and year first above written.

HARRISON ERICKSON

By: _____

THE PHILLIES

By: _____
GENERAL PARTNER

-3-

SHORT FORM ASSIGNMENT

Title of Work:     PHILLIE PHANATIC
Registration No.: VA23-748, May 4, 1979

ASSIGNMENT made this 31st day of October, 1984, by and between HARRISON ERICKSON of 95 Fifth Avenue, New York, New York 10003 (hereinafter referred to as "HE") and THE PHILLIES, of Veterans Stadium, Broad Street and Pattison Avenue, Philadelphia, Pennsylvania 19148 (hereinafter referred to as the "PHILLIES").

HE, for good and valuable consideration, described in an Agreement between HE and the PHILLIES dated the 31st day of October, 1984, hereby sells, assigns, and transfers to the PHILLIES, its successors and assigns, all of HE's right, title and interest in and to (a) the copyright in the artistic sculpture identified above, and all renewals and extensions thereof and (b) any and all causes of action heretofore accrued in HE's favor for infringement of said copyright.

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals the day and year first above written.

HARRISON ERICKSON AND BONNIE ERICKSON,
d/b/a HARRISON ERICKSON

By _____
    Wayde Harrison
By _____
    Bonnie Erickson
THE PHILLIES

By _____
    GENERAL PARTNER

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On this 31st day of October, 1984, before me personally appeared WAYDE HARRISON and BONNIE ERICKSON, known to me to be the persons described in, and who executed the foregoing instrument, and acknowledged to me that they executed the same.

*[Signature: Sandra Auteri]*

SANDRA AUTERI
Notary Public, State of New York
No. 41-5129500
Qualified in Queens County
Commission Expires March 30, 1986

KNOW ALL MEN BY THESE PRESENTS:

THAT, for and in consideration of the agreement made October 31, 1984, between the undersigned (hereinafter referred to as the "Grantor") and THE PHILLIES (hereinafter referred to as the "Grantee") and other good and valuable consideration, receipt whereof is hereby acknowledged, the Grantor hereby transfers, grants, assigns and sets over to the Grantee, its successors and assigns, upon and subject to the terms, covenants, conditions, warranties and representations contained in said agreement with the Grantee made October 31, 1984, all rights, title and interests whatsoever, in and to the artistic sculpture identified as PHILLIE PHANATIC, VA 23-748, May 4, 1979, under any and all copyrights therein, throughout the world, and all renewals and extensions, including among all other things and without limitation, all existing causes of action and all rights and interests whatsoever now or hereafter known or existing in and to all of the foregoing.

IN WITNESS WHEREOF, the Grantor has executed this instrument this 31st day of October, 1984.

WAYDE HARRISON AND BONNIE ERICKSON,
d/b/a HARRISON ERICKSON

By _____
    Wayde Harrison

By _____
   Bonnie Erickson

STATE OF NEW YORK     )
                     )ss.:
COUNTY OF NEW YORK    )

On this 31st day of October, 1984, before me personally appeared WAYDE HARRISON and BONNIE ERICKSON, known to me to be the persons described in, and who executed the foregoing instrument, and acknowledged to me that they executed the same.

*[signature]*

SANDRA AUTERI
Notary Public, State of New York
No. 41-5129500
Qualified in Queens County
Commission Expires March 30, 19__