## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PHILLIES, a Pennsylvania limited partnership, <br><br>         Plaintiff, <br><br>    v. <br><br> HARRISON/ERICKSON, INCORPORATED, a New York corporation, HARRISON ERICKSON, a partnership, and WAYDE HARRISON and BONNIE ERICKSON, <br><br>         Defendants. | CIVIL ACTION NO. 19-CV-7239 (VM) <br><br><br> JURY TRIAL DEMANDED |

## ANSWER AND COUNTERCLAIMS

Defendants and Counterclaim Plaintiffs Harrison/Erickson Incorporated, Harrison Erickson, a partnership, Wayde Harrison, and Bonnie Erickson, by and through their undersigned counsel, for their Answer to Plaintiff's Complaint, allege as follows:

## INTRODUCTORY RESPONSE TO THE COMPLAINT

1.       Plaintiff The Phillies brings this case, not because they have any valid claim to the Phanatic copyright—they do not.   Instead, The Phillies are using their Complaint as a weapon to try to get the Defendants to accept a lower amount for the renewal of the 1984 assignment of the Phanatic copyright, which was originally granted to The Phillies by Wayde Harrison and Bonnie Erickson ("H/E") by the 1984 Agreement attached to the Complaint as Exhibit G.

2.       Despite the twisted allegations of the Complaint, it is undeniable that for four decades The Phillies absolutely knew and repeatedly acknowledged that H/E were the sole authors of Phanatic copyright.  The Phillies even concede this in the very agreements that are attached to their Complaint as Exhibits B, C, F, and G.  Most significantly, the 1984 Agreement

1

assigning the Phanatic copyright to The Phillies specifically acknowledged that H/E owned the Phanatic copyright, stating in the very first clause: "Whereas, HE owns the copyright of the artistic sculpture presently known as the 'Phillies Phanatic' (hereinafter referred to as the 'MASCOT')".

3.      This undeniable concession by The Phillies is in the principal 1984 Agreement, executed by The Phillies themselves, which granted The Phillies the right to use H/E's copyrighted artistic work, the Phanatic.  While The Phillies had to attach this key document as Exhibit G to the Complaint, there is not a word of this clause acknowledging H/E's sole, initial ownership of the Phanatic copyright found anywhere in The Phillies' prolix, fiction-filled Complaint.  This kind of selective exclusion of real facts pervades the disingenuous allegations of the Complaint.

4.      The Phillies also falsely and shamelessly allege that they or Bill Giles, a former Executive Vice President of The Phillies, created the Phanatic.  The truth is that other than wanting it to be named the Phanatic, Giles and The Phillies had no input into the design and creation of the Phanatic.

5.      Instead, the real, undeniable facts are that H/E designed and created the Phanatic. H/E are renowned designers who over the course of several decades, created countless iconic puppets, costumes, and other creations, including numerous Muppets characters and major sports league mascots.  Defendant Bonnie Erickson, while working for the legendary Jim Henson of Sesame Street and Muppets fame, created iconic characters, including Miss Piggy, among others. In 1978, The Phillies first asked Jim Henson to create their mascot.  Mr. Henson declined, and personally recommended that The Phillies contact H/E to create The Phanatic.  H/E met with Phillies representatives—not Mr. Giles—early in 1978, and began working on the design and

2

specifications for the Phanatic.  In March of 1978, H/E entered into a written Letter Agreement with The Phillies to create the Phanatic.  While The Phillies attach that seminal Letter Agreement to the Complaint as Exhibit B, they omit from the narrative in their Complaint that this Letter Agreement specifically provided "The character [i.e., the Phanatic] will be copywritten by Harrison/Erickson . . . ."  Once again, The Phillies are allergic to the real facts and bent on spreading half-truths throughout their Complaint.

6.       In accordance with their promises in the Letter Agreement, H/E completed their design and construction of the Phanatic, which debuted as The Phillies' mascot at The Phillies ballpark on April 25, 1978.  And, as contemplated by the express terms of the 1978 Letter Agreement, H/E registered their copyright in the Phanatic with the U.S. Copyright Office in 1979.  It is telling that The Phillies never took issue with this H/E copyright or the Copyright Office registration until 40 years later, and only after H/E exercised their express right under the United States Copyright law (in accordance with Section 203) to terminate the assignment of the copyright granted to The Phillies 35 years ago in the 1984 Agreement.

7.       The Phillies, one of the most lucrative franchises in Major League Baseball, cannot deny with any integrity that they knew, or at least should have known, that H/E had the right to terminate the 1984 assignment after 35 years in accordance with the plain language of the Copyright Law.  Section 203 of the Copyright Act provides that any transfer of copyright executed by the author(s) on or after January 1, 1978 may be terminated starting thirty-five (35) years from the date of execution of the grant.  17 U.S.C. § 203(a)(3).  In order to ensure that its express legislation could not be overridden by contract, Congress expressly made the termination right inalienable; it may be effected "notwithstanding any agreement to the contrary."  17 U.S.C. § 203(a)(5).  If management and counsel of The Phillies now say they were ignorant of the

3

copyright law when they executed the 1984 Agreement, then shame on them.

8.      In any event, H/E had the right to terminate its 1984 Agreement and sent the appropriate notice of termination to The Phillies in June of 2018, and properly recorded that notice with the U.S. Copyright Office.  At the same time, H/E, through their representatives, made it clear they wanted to negotiate a re-granting of the Phanatic copyright to The Phillies for a fair price, to be negotiated.  Indeed, negotiations proceeded for more than a year prior to The Phillies bringing this lawsuit (and, including the ludicrous claims that the Phillies through Bill Giles were the creators of the Phanatic, or somehow joint owners of the Phanatic copyright, or that H/E's 40 year old registered copyright, never challenged to date, was invalid or improperly undertaken in 1979).  It was also made clear to The Phillies during this year-long negotiation process that H/E were very proud of the success of their creation and the joy the Phanatic has brought to Phillies fans and Philadelphians for more than 40 years.  This success was due in no small part to H/E's artistry and continued support, cooperation, and other artistic work regarding the Phanatic, which H/E provided to The Phillies continuing over the past 40 years (ending only upon the filing of the termination notice with The Phillies in June 2018).

9.      During these negotiations to re-grant the Phanatic copyright, The Phillies repeatedly said that the Phanatic had very little monetary value for The Phillies.  It was during a single negotiation session that reference to making the Phanatic a "free agent" was spoken, in a light moment during a courteous and civil face-to-face negotiation with Phillies management. Rather than being a threat, this remark addressed, in baseball terms, the repeated negotiating position claimed by The Phillies that the Phanatic had very little value to them.  As in baseball, the copyright rights in the Phanatic would be able to walk away from The Phillies once its contract (i.e., the assignment of copyrights) ended, if the parties could not reach a mutually

4

acceptable price for H/E re-granting the Phanatic rights to The Phillies.  That was the context for the entire "free agent" thought, expressed in a sentence at most, during a long, confidential negotiation session.  To stretch this innocent singular play on words into an imminent threat to be enjoined is bizarre and reflects the hyperbolic, empty rhetoric that permeates the Complaint. Likewise, for The Phillies to try to bolster its spurious "free agent" argument by referencing a completely unrelated H/E transaction with the Montreal Canadiens regarding H/E's Youppi! character is even more ridiculous, given that the circumstances of that transaction—a sports franchise leaving town and voluntarily agreeing to give up its mascot for a new mascot—were entirely different.  Plus, The Phillies ignored their promise, which they insisted on at the commencement of talks, to keep the substance of the negotiations with H/E confidential.

10.    The facts are—and Defendants will prove—that The Phillies' claims are all built on half-truths, distortions of fact and law, and incomplete snippets of confidential settlement communications.  This lawsuit never should have been filed by The Phillies, and it is H/E, not The Phillies, who are entitled to a declaratory judgment that: (i) their termination notice is valid; (ii) H/E are the sole authors of the Phanatic; and (iii) after the termination notice's effective date (in June 2020), H/E are entitled to use their copyrighted work as they see fit and The Phillies may not use it whatsoever absent H/E's permission.

**ANSWERING THE INTRODUCTION SECTION OF THE COMPLAINT**

11.    Defendants deny the truth of the allegations in paragraph "1" of the Complaint, and refer to paragraphs 1 through 10 of this Answer.

12.     Defendants deny the truth of the allegations in paragraph "2" of the Complaint, and refer to paragraphs 1 through 10 of this Answer.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "3" of the Complaint and on that basis deny said allegations, and refer to paragraphs 1 through 10 of this Answer.

14.     Defendants deny the truth of the allegations in paragraph "4" of the Complaint.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "5" of the Complaint and on that basis deny said allegations, and refer to 1984 Agreement for the terms thereof.

16.     Defendants deny the truth of the allegations in paragraph "6" of the Complaint, and refer to the 1984 Agreement for the terms thereof.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "7" of the Complaint and on that basis deny said allegations.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the Complaint and on that basis deny said allegations.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the Complaint and on that basis deny said allegations.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the Complaint and on that basis deny said allegations.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the Complaint and on that basis deny said allegations, and specifically deny the legal conclusions therein.

22.     Defendants admit only that H/E's attorneys sent a termination notice by letter to The Phillies in June of 2018 terminating the 1984 Agreement in accordance with Section 203 of the Copyright Act, and refer to that letter for the contents thereof, and otherwise deny the truth of the allegations in paragraph "12" of the Complaint, and further refer to the 1984 Agreement for the terms thereof, and to paragraphs 1 through 10 of this Answer.

23.     Defendants deny the truth of the allegations in paragraph "13" of the Complaint.

24.     Defendants deny the truth of the allegations in the first sentence of paragraph "14" of the Complaint, refer the Court to the statute referenced in paragraph "14" of the complaint, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of paragraph "14" of the Complaint and on that basis deny said allegations, and otherwise deny the truth of the allegations in paragraph "14" of the Complaint.

25.     Defendants deny the truth of the allegations in paragraph "15" of the Complaint.

26.     Defendants deny the truth of the allegations in paragraph "16" of the Complaint, and refer to paragraphs 1 through 10 of this Answer, and further refer to *inter alia*, Exhibit B to the Complaint.

27.     Defendants deny the truth of the allegations in paragraph "17" of the Complaint, and refer to paragraphs 1 through 10 of this Answer.

28.     Paragraph "18" of the Complaint is a legal argument to which no response is required, and to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "18" of the Complaint.

29.     Paragraph "19" of the Complaint is a legal argument to which no response is required, and to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "19" of the Complaint.

30.     Paragraph "20" of the Complaint is a legal argument to which no response is required, and to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "20" of the Complaint.

31.     Paragraph "21" of the Complaint is a legal argument to which no response is required, and to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "21 of the Complaint.

## ANSWERING THE PARTIES SECTION

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the Complaint and on that basis deny said allegations.

33.     Defendants only admit the allegations in the first sentence in paragraph "23" of the Complaint that Harrison/Erickson, Incorporated, is a New York Corporation, having its principal place of business at 62 Pierrepont Street, Brooklyn, NY 11201, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 23 of the Complaint and on that basis deny said allegations.

34.     Defendants deny the truth of the allegations in paragraph "24" of the Complaint.

35.     Defendants admit the part of paragraph "25" of the Complaint that alleges that Wayde Harrison is an individual residing in Brooklyn and otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "25" of the Complaint and on that basis deny said allegations.

36.     Defendants admit the part of paragraph "26" of the Complaint that alleges that Bonnie Erickson is an individual residing in Brooklyn and otherwise lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph "26" of the Complaint and on that basis deny said allegations.

**ANSWERING THE JURISDICTION AND VENUE SECTION**

37.     Defendants refer the Court to the Statutes referred to in paragraph "27" of the Complaint that establish subject matter jurisdiction over cases and controversies arising under the Copyright Act and Lanham Act, and otherwise deny the truth of the allegations in paragraph "28" of the Complaint.

38.     Defendants refer the Court to the Statute referred to in paragraph "28" of the Complaint, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "28" of the Complaint and on that basis deny said allegations.

39.     Defendants refer the Court to the Statute referred to in paragraph "29" of the Complaint, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the Complaint and on that basis deny said allegations.

40.     Defendants deny the truth of the allegations in paragraph "30" of the Complaint, except admit only that on June 15, 2018  H/E's attorneys sent a proper termination letter to The Phillies which will terminate the Phanatic copyright rights in accordance with 17 USC § 203, and refer to that statute for its content.

41.     Defendants deny the truth of the allegations in paragraph "31" of the Complaint, and aver that they will enforce their rights upon termination of the 1984 Assignment of the Phanatic copyright.

42.     Defendants deny the truth of the allegations in paragraph "32" of the Complaint.

43.     Paragraph "33" of the Complaint contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "33" of the Complaint.

44.     Paragraph "34" of the Complaint contains legal conclusions to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "34" of the Complaint.

## ANSWERING THE FACTS SECTION

45.     Defendants deny the truth of the allegations in paragraph "35" of the Complaint, and refer to paragraphs 1 through 10 of this Answer.

46.     With respect to paragraph "36" of the Complaint, Defendants admit only that on February 14, 1978, H/E spoke with Frank Sullivan and otherwise deny the truth of the allegations in paragraph "36" of the Complaint, and refer to paragraphs 1 through 10 of this Answer.

47.     With respect to paragraph "37" Defendants admit that H/E entered into the agreement attached to the Complaint as Exhibit B and respectfully refer the Court to that Agreement for the terms thereof, and otherwise deny the truth of the allegations in paragraph "37" of the Complaint, and refer to paragraphs 1 through 10 of this Answer.

48.     Defendants deny the truth of the allegations in paragraph "38" of the Complaint, and refer to paragraphs 1 through 10 of this Answer.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "39" of the Complaint and on that basis deny said allegations.

50.     Defendants deny the truth of the allegations in paragraph "40" of the Complaint, and refer to paragraphs 1 through 10 of this Answer, and further aver that H/E asked for a Phillies shirt and cap for reference, not at the suggestion of Giles.

51.     Defendants deny the truth of the allegations in paragraph "41" of the Complaint, and refer to paragraphs 1 through 10 of this Answer.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "42" of the Complaint and on that basis deny said allegations.

53.     Defendants admit only that H/E delivered the original Phanatic work of art that they created to The Phillies in April 1978, and otherwise deny the truth of the allegations in paragraph "43" of the Complaint.

54.     Defendants deny the truth of the allegation in paragraph "44" of the Complaint that "the Club had decided that the Phanatic would be mute" and aver that H/E and not The Phillies designed the Phanatic to be mute, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph "44" of the Complaint and on that basis deny said allegations.

55.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "45" of the Complaint and on that basis deny said allegations, and admit only that H/E's original Phanatic work of art debuted on April 25, 1978.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "46" of the Complaint and on that basis deny said allegations, and refer to the referenced affidavit in this paragraph of the Complaint for the full contents thereof.

11

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "47" of the Complaint and on that basis deny said allegations, and further answering refer to the terms of the July15, 1978 Agreement, attached to the Complaint as Exhibit C for the terms thereof.

58.      Answering Paragraph "48" of the Complaint, the Defendants admit that The Phillies and H/E entered into the July 15, 1978 Agreement attached to the Complaint as Exhibit C and refer to that agreement for the terms thereof, and further aver that paragraph 3 of the July 15, 1978 Agreement provides that "Copies of all Licensed Articles made by you [The Phillies], or presently in your possession or control, shall bear copyright notice in our [H/E's] name in the proper location as follows: © 1978 Harrison Erickson"; and otherwise deny the remaining allegations in paragraph "48" of the Complaint.

59.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "49" of the Complaint and on that basis deny said allegations.

60.      Answering paragraph "50" of the Complaint, H/E sued The Phillies in 1979 for copyright infringement because, *inter alia*, The Phillies, granted only reproduction rights, were producing inferior quality Phanatic merchandise without H/E's required approval in violation of the March 17, 1978 and the July 15, 1978 Agreements, and The Phillies indisputably knew based on the complaint in that case that H/E had duly registered the Phanatic at the U.S. Copyright Office as "an artistic sculpture," a term that was used again in the 1984 Agreement; and for 41 years The Phillies never claimed that the copyright registration was improper, never mind fraudulent, and Defendants admit that H/E commenced the action identified in Paragraph "50" of

the Complaint, and otherwise deny the truth of the allegations in paragraph "50" of the Complaint.

61.     Defendants deny the truth of the allegations in paragraph "51" of the Complaint.

62.     Defendants refer to the Erickson Affidavit and exhibits attached thereto for the full contents thereof, and otherwise deny the truth of the allegations in paragraph "52" of the Complaint.

63.     Defendants refer to the Erickson Affidavit and exhibits attached thereto for the full contents thereof, and otherwise deny the truth of the allegations in paragraph "53" of the Complaint.

64.     Defendants refer to H/E's Copyright Office registration for the full contents thereof, and otherwise deny the truth of the allegations in paragraph "54" of the Complaint.

65.     Defendants refer to H/E's Copyright Office registration for the full contents thereof, and otherwise deny the truth of the allegations in paragraph "55" of the Complaint.

66.     Defendants refer to H/E's Copyright Office registration certificate attached to the Erickson Affidavit for the full contents thereof, and otherwise deny the truth of the allegations in paragraph "56" of the Complaint.

67.     Defendants deny the truth of the allegations in paragraph "57" of the Complaint.

68.     Defendants admit H/E settled the 1979 SDNY Litigation, and otherwise deny the truth of the allegations in paragraph "58" of the Complaint.

69.     Defendants refer to the Erickson Affidavit for the full contents thereof, and otherwise deny the truth of the allegations in paragraph "59" of the Complaint.

70.    Defendants refer to the November 26, 1979 Agreement, attached as Exhibit F to the Complaint, for the full contents thereof, and otherwise deny the truth of the allegations in paragraph "60" of the Complaint.

71.    Defendants refer to the November 26, 1979 Agreement, attached as Exhibit F to the Complaint, for the full contents thereof, lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph "61" of the Complaint, and on that basis deny said allegation, and otherwise deny the truth of the remaining allegations in paragraph "61" of the Complaint.

72.    Defendants deny the truth of the allegations in paragraph "62" of the Complaint, refer to paragraphs 1 through 10 of this Answer, and refer to the 1984 Agreement attached as Exhibit G to the Complaint for the full contents thereof.

73.    Defendants deny the truth of the allegations in paragraph "63" of the Complaint, refer to paragraphs 1 through 10 of this Answer, and refer to the 1984 Agreement attached as Exhibit G to the Complaint for the full contents thereof.

74.    Defendants deny the truth of the allegations in paragraph "64" of the Complaint, and refer to the 1984 Agreement attached as Exhibit G to the Complaint for the full contents thereof.

75.    Defendants deny the truth of the allegations in paragraph "65" of the Complaint, and refer to the 1984 Agreement attached as Exhibit G to the Complaint for the full contents thereof.

76.    Defendants deny the truth of the allegations in paragraph "66" of the Complaint, refer to paragraphs 1 through 10 of this Answer, and refer to the 1984 Agreement attached as Exhibit G to the Complaint for the full contents thereof.

77.     Defendants deny the truth of the allegations in paragraph "67" of the Complaint, refer to paragraphs 1 through 10 of this Answer, and refer to the 1984 Agreement attached as Exhibit G to the Complaint for the full contents thereof.

78.     Defendants deny the truth of the allegations in paragraph "68" of the Complaint, refer to paragraphs 1 through 10 of this Answer, and refer to the 1984 Agreement attached as Exhibit G to the Complaint for the full contents thereof.

79.     Defendants deny the truth of the allegations in paragraph "69" of the Complaint.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "70" of the Complaint and on that basis deny said allegations.

81.     Defendants deny the truth of the allegations in paragraph "71" of the Complaint.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "72" of the Complaint and on that basis deny said allegations.

83.     Defendants deny the truth of the allegations in paragraph "73" of the Complaint.

84.     Defendants deny the truth of the allegations in the first sentence of  paragraph "74" of the Complaint, and refer to paragraphs 1 through 10 of this Answer, and lack knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph "74" of the Complaint and on that basis deny said allegations.

85.     Defendants deny the truth of the allegations in paragraph "75" of the Complaint.

86.     Defendants deny the truth of the allegations in paragraph "76" of the Complaint, except admit only that on June 15, 2018  H/E's attorneys sent a proper termination letter to The

Phillies which will terminate the Phanatic copyright in accordance with 17 USC § 203, and refer to such letter for the complete contents thereof.

87.     Defendants deny the truth of the allegations in paragraph "77" of the Complaint, and refer to paragraphs 1 through 10 of this Answer.

88.     Defendants deny the truth of the allegations in paragraph "78" of the Complaint, and refer to paragraphs 1 through 10 of this Answer.

89.     Defendants deny the truth of the allegations in paragraph "79" of the Complaint, and refer to paragraphs 1 through 10 of this Answer, and further aver that H/E will seek all legal remedies available to it if The Phillies use the Phanatic in violation of the termination of the 1984 grant of rights.

90.     Paragraph "80" of the Complaint is a legal conclusion to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "80" of the Complaint.

**ANSWERING COUNT I:**

**(Declaratory Judgment that H/E Does Not Have a Right to Terminate the 1984 Agreement)**

91.     Defendants reallege the forgoing responses to the Complaint as if set forth fully herein.

92.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "82" of the Complaint and on that basis deny said allegations.

93.     Answering paragraph "83" of the Complaint, Defendants admit that the Phanatic debuted on April 25, 1978.

94.     Answering paragraph "84" of the Complaint, Defendants admit that H/E entered into the July 15, 1978 Letter Agreement attached to the Complaint as Exhibit C and refer to that agreement for the full contents thereof, and otherwise deny the truth of the allegations set forth in paragraph "84" of the Complaint.

95.     Answering paragraph "85" of the Complaint, Defendants admit that H/E entered into the November 26, 1979 agreement attached to the Complaint as Exhibit F and refer to that agreement for the full contents thereof, and otherwise deny the truth of the allegations set forth in paragraph "85" of the Complaint.

96.     Defendants deny the truth of the allegations in paragraph "86" of the Complaint.

97.     Defendants deny the truth of the allegations in paragraph "87" of the Complaint

98.     Paragraph "88" of the Complaint is a legal conclusion to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "88" of the Complaint.

99.     Paragraph "89" of the Complaint is a legal conclusion to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "89" of the Complaint.

100.     Paragraph "90" of the Complaint is a legal conclusion to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "90" of the Complaint.

101.     Paragraph "91" of the Complaint is a legal conclusion to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "91" of the Complaint.

17

102.   Paragraph "92" of the Complaint is a legal conclusion to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "92" of the Complaint.

103.   Paragraph "93" of the Complaint is a legal argument to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "93" of the Complaint.

## ANSWERING COUNT II:

### (Declaratory Judgment for Fraud on the Copyright Office)

104.   Defendants reallege the forgoing responses to the Complaint as if set forth fully herein.

105.   Defendants deny the truth of the allegations in paragraph "95" of the Complaint.

106.   Defendants deny the truth of the allegations in paragraph "96" of the Complaint.

107.   Defendants deny the truth of the allegations in paragraph "97" of the Complaint.

108.   Defendants deny the truth of the allegations in paragraph "98" of the Complaint.

109.   Defendants deny the truth of the allegations in paragraph "99" of the Complaint.

110.   Answering paragraph "100" of the Complaint, Defendants refer to the complete Copyright Office registration for the Phanatic for the contents thereof, and otherwise deny the truth of the allegations in paragraph "100" of the Complaint.

111.   Defendants deny the truth of the allegations in paragraph "101" of the Complaint.

112.   Defendants deny the truth of the allegations in paragraph "102" of the Complaint.

113.   Defendants deny the truth of the allegations in paragraph "103" of the Complaint.

114.     Paragraph "104" of the Complaint is a legal argument to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "104" of the Complaint.

115.     Paragraph "105" of the Complaint is a legal argument to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "105" of the Complaint.

116.     Paragraph "106" of the Complaint is a legal argument to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "103" of the Complaint.

## ANSWERING COUNT III:

## (Declaratory Judgment That Section 203 Does Not Provide H/E with the Right to the Club's Rights as a Joint Author of the Phanatic Costume)

117.     Defendants reallege the forgoing responses to the Complaint as if set forth fully herein.

118.     Defendants deny the truth of the allegations in paragraph "108" of the Complaint.

119.     Defendants deny the truth of the allegations in paragraph "109" of the Complaint.

120.     Defendants deny the truth of the allegations in paragraph "110" of the Complaint.

121.     Defendants deny the truth of the allegations in paragraph "111" of the Complaint.

122.     Defendants deny the truth of the allegations in paragraph "112" of the Complaint.

123.     Paragraph "113" of the Complaint is a legal argument to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "113" of the Complaint.

124.     Paragraph "114" of the Complaint is a legal argument to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "114" of the Complaint.

## ANSWERING COUNT IV:

### (Declaratory Judgment That Section 203 Does Not Provide H/E with the Right to Terminate the Club's Rights as Author of the Phanatic's Character)

125.     Defendants reallege the forgoing responses to the Complaint as if set forth fully herein.

126.     Defendants deny the truth of the allegations in paragraph "116" of the Complaint.

127.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "117" of the Complaint and on that basis deny the truth of the said allegations.

128.     Defendants deny the truth of the allegations in paragraph "118" of the Complaint.

129.     Defendants deny the truth of the allegations in paragraph "119" of the Complaint.

130.     Defendants deny the truth of the allegations in paragraph "120" of the Complaint.

131.     Paragraph "121" of the Complaint is a legal argument to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "121" of the Complaint.

132.     Paragraph "122" of the Complaint is a legal argument to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "122" of the Complaint.

**ANSWERING COUNT V:**

**(Declaratory Judgment that the Club has the Right to Utilize Derivative Works under 17 U.S.C. §203(B)(1))**

133.    Defendants reallege the forgoing responses to the Complaint as if set forth fully herein.

134.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "124" of the Complaint and on that basis deny said allegations.

135.    Defendants deny the truth of the allegations in paragraph "125" of the Complaint.

136.    Defendants deny the truth of the allegations in paragraph "126" of the Complaint.

137.    Paragraph "127" of the Complaint is a legal argument to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "127" of the Complaint.

138.    Paragraph "128" of the Complaint is a legal argument to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "128" of the Complaint.

Paragraph "129" of the Complaint is a legal argument to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "129" of the Complaint.

**ANSWERING COUNT VI**

**(Declaratory Judgment and Permanent Injunction Pursuant to Sections 32 and 43**

**of the Lanham)**

139.     Defendants reallege the forgoing responses to the Complaint as if set forth fully herein.

140.     Defendants deny the truth of the allegations in paragraph "131" of the Complaint.

141.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "132" of the Complaint and on that basis deny said allegations.

142.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "133" of the Complaint and on that basis deny said allegations.

143.     Defendants deny the truth of the allegations in paragraph "134" of the Complaint and aver that there was no actionable threat made by H/E, or any real threat at all.

144.     Defendants deny the truth of the allegations in paragraph "135" of the Complaint.

145.     Paragraph "136" of the Complaint is a legal argument to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "136" of the Complaint.

146.     Defendants deny the truth of the allegations in paragraph "137" of the Complaint.

147.     Defendants deny the truth of the allegations in paragraph "138" of the Complaint.

148.     Defendants deny the truth of the allegations in paragraph "139" of the Complaint.

149.     Defendants deny the truth of the allegations in paragraph "140" of the Complaint.

150.     Defendants deny the truth of the allegations in paragraph "141" of the Complaint.

151.     Paragraph "142" of the Complaint is a legal argument to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "142" of the Complaint.

152.     Paragraph "143" of the Complaint is a legal argument to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "143" of the Complaint.

## ANSWERING COUNT VII

### (Unjust Enrichment)

153.     Defendants reallege the forgoing responses to the Complaint as if set forth fully herein.

154.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "145" of the Complaint and aver that The Phillies never raised that issue during any such negotiations.

155.     Defendants deny the truth of the allegations in paragraph "146" of the Complaint.

156.     Defendants deny the truth of the allegations in paragraph "147" of the Complaint.

157.     Defendants deny the truth of the allegations in paragraph "148" of the Complaint.

158.     Defendants deny the truth of the allegations in paragraph "149" of the Complaint.

159.     Defendants deny the truth of the allegations in paragraph "150" of the Complaint.

## ANSWERING COUNT VIII

### (Breach of the Covenant of Good Faith and Fair Dealing)

160.     Defendants reallege the forgoing responses to the Complaint as if set forth fully herein.

161.     Paragraph "152" of the Complaint is a legal argument to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "152" of the Complaint.

162.     Paragraph "153" of the Complaint" is a legal argument to which no response is required, but to the extent a response is deemed required, Defendants deny the truth of the allegations in paragraph "153" of the Complaint.

163.     Defendants deny the truth of the allegations in paragraph "154" of the Complaint.

164.     Defendants deny the truth of the allegations in paragraph "155" of the Complaint.

165.     Defendants are not required to respond to the headings in the Complaint which do not have paragraph numbers, but to the extent a response is deemed required Defendants deny the truth of the allegations in each said heading.

166.     Defendants deny that The Phillies are entitled to any of the relief requested in the Complaint's "Prayer for Relief."

**DEFENSES**

Without waiving or excusing the burden of proof of The Phillies, or admitting that Defendants have any burden of proof, Defendants assert the following affirmative and other defenses.  Defendants do not presently know all facts and circumstances with respect to The Phillies' allegations, and thereby reserve the right to amend this Answer should they later discover facts demonstrating the existence of additional defenses.

**FIRST DEFENSE**

**(Failure to State a Claim)**

1.      The Complaint and any purported claims for relief therein fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

**(Statute of Limitations)**

2.      The Complaint and any purported claims for relief therein are barred, precluded, and/or limited by the statute of limitations, including but not limited to 17 U.S.C. § 507 and N.Y. C.P.L.R. § 213.

**THIRD DEFENSE**

**(Laches)**

3.      The Complaint and any purported claims for relief therein are barred, in whole or in part, by the doctrine of laches.  To the extent The Phillies contests Defendants' lawful exercise of their copyright law (i.e., federal statutory) right of termination, Copyright Office registration of the Phanatic copyright rights, and/or ownership interests in the Phanatic work, The Phillies did not take reasonable steps to inform Defendants of its subjective beliefs and unreasonably delayed in informing Defendants of its purported claims.

25

## FOURTH DEFENSE

### (Estoppel)

4.      The Complaint and any purported claims for relief therein are barred, in whole or in part, by the doctrine of estoppel.  To the extent The Phillies contests Defendants' lawful exercise of their copyright law (i.e., federal statutory) right of termination, Copyright Office registration of the Phanatic copyright rights, and/or copyright ownership interests in the Phanatic work, The Phillies did not take reasonable steps to inform Defendants of its subjective beliefs and instead, made numerous representations to Defendants that are contrary to the allegations in the Complaint, to Defendants' detriment.

## FIFTH DEFENSE

### (Waiver)

5.      The Complaint and any purported claims for relief therein are barred, in whole or in part, because The Phillies have, through its own actions, conduct, and failure to act, waived any right to relief.

## SIXTH DEFENSE

### (Injunctive/Declaratory Relief Improper)

6.      Any claims by The Phillies for equitable relief are barred because The Phillies have an adequate and complete remedy at law, and/or cannot make the other requisite showings to obtain equitable relief, including but not limited to injunctive relief or declaratory relief.

## SEVENTH DEFENSE

### (Copyright Misuse)

7.      The Complaint and any purported claims for relief therein are barred, in whole or in part, by the doctrine of copyright misuse.

## EIGHTH DEFENSE

### (Trademark Misuse)

8.      The Phillies' claim under Count VI is barred, in whole or in part, by the doctrine of trademark misuse.

## NINTH DEFENSE

### (Dastar Rule)

9.      The Phillies' claim under Count VI is barred, in whole or in part, by the Supreme Court's holding in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

## TENTH DEFENSE

### (Lack of Subject Matter Jurisdiction)

10.      The Court lacks subject matter jurisdiction over Counts V and VI to the extent that The Phillies fail to allege any case or controversy.

## ELEVENTH DEFENSE

### (Statutory Standing)

11.      The Phillies' claims under Counts V and VI are barred, in whole or in part, because The Phillies lack standing under the Declaratory Judgments Act, 28 U.S.C. § 2201.

## TWELTH DEFENSE

### (Article III Standing)

12.      The Phillies' claims under Counts V and VI are barred, in whole or in part, because The Phillies' lack standing under Article III of the United States Constitution.

**THIRTEENTH DEFENSE**

**(Ratification/Acquiescence/Abandonment/Forfeiture)**

13.     The Complaint and any purported claims for relief therein are barred, in whole or in part, by the doctrines of ratification, acquiescence, abandonment, and/or forfeiture.

**FOURTEENTH DEFENSE**

**(Preemption by Federal Law)**

14.     The Phillies' claims under Count VII and VIII are preempted by the U.S. Copyright Act, *see* 17 U.S.C. § 301.

**FIFTEENTH DEFENSE**

**(No Damages)**

15.     The Phillies' claims to damages under Counts VII and VIII are barred, in whole or in part, because The Phillies have not suffered any damage or injury as a result of any act or conduct by Defendants.

**SIXTEENTH DEFENSE**

**(Damages Too Speculative)**

16.     The Phillies' claims to damages under Counts VII and VIII are barred, in whole or in part, because damages sought are too speculative and remote.

**SEVENTEENTH DEFENSE**

**(Failure to Mitigate)**

17.     The Phillies' claims to damages under Counts VII and VIII are barred, in whole or in part, because The Phillies have failed to mitigate any alleged damages.

**EIGHTEENTH DEFENSE**

**(Good Faith)**

18.     Count VII and VIII are barred, in whole or in part, because Defendants acted in good faith in all of their dealings with The Phillies.  Defendants have dealt honestly and fairly with The Phillies; The Phillies' ignorance of Defendants' statutory termination right under U.S. copyright law is a problem of The Phillies' own making.

**NINETEENTH DEFENSE**

**(Bad Faith)**

19.     The Complaint and any purported claims for relief therein are barred, in whole or in part, as a result of The Phillies' bad faith.

**TWENTIETH DEFENSE**

**(Unclean Hands)**

20.     The Phillies have not come to Court with clean hands and thus, the Complaint and any purported claims for relief therein are barred, in whole or in part, by the doctrine of unclean hands.

**TWENTY-FIRST DEFENSE**

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

21.     The Complaint and any purported claims for relief therein are barred due to the fact that The Phillies, by their own acts and/or omissions, breached the covenant of good faith and fair dealing implied in its agreements with Defendants.

**TWENTY-SECOND DEFENSE**

**(First Amendment)**

22.     The Phillies' claim under Count VI is barred, in whole or in part, by the First
Amendment to the U.S. Constitution.

**TWENTY-THIRD DEFENSE**

**(Fair Use)**

23.     The Phillies' claim under Count VI is barred, in whole or in part, by the fair use
defense.

**TWENTY-FOURTH DEFENSE**

**(Breach and Default by Plaintiff)**

24.     Defendants have substantially performed any and all contractual obligations, and
any duty or performance on behalf of Defendants is excused by The Phillies' own actions,
breaches, and defaults, including but not limited to those specified in Defendants' counterclaims.


WHEREFORE, Defendants request that the Court issue a judgment in their favor; order
that The Phillies are not entitled to any relief on any of their claims; and order that Defendants
are entitled to a judgment in their favor for their reasonable attorneys' fees and full costs,
including under 17 U.S.C. § 505.

## COUNTERCLAIMS

Defendants Harrison/Erickson Incorporated, Harrison Erickson, a partnership, Wayde Harrison, and Bonnie Erickson, by and through their undersigned counsel, hereby allege, on personal knowledge as to matters relating to themselves and on information and belief as to all other matters, as follows:

### PARTIES

1.    Counterclaim Plaintiffs repeat and reallege paragraphs 1-10 of their Answer, and also incorporate into these counterclaims the denials, averments and defenses set forth in response to The Phillies' Complaint.

2.    Counterclaim Plaintiff Bonnie Erickson is a designer of puppets, costumes, toys, and graphics, best known for her work as Head of the Muppet Workshop with Jim Henson.  With her husband, Counterclaim Plaintiff Wayde Harrison, she is a partner in Counterclaim Plaintiff Harrison/Erickson.  Counterclaim Plaintiffs are all domiciled in Brooklyn, New York.

3.    Erickson and Harrison authored the "Phanatic" at the request of The Phillies Major League Baseball team.  Counterclaim Defendant The Phillies is a Pennsylvania limited partnership, which is trying to subvert the letter and intent of the Copyright Act by attempting to prevent Harrison and Erickson from terminating an assignment of the copyrights authored and owned by Harrison and Erickson to the Phanatic, under 17 U.S.C. § 203.

### JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and 1338 because the counterclaims arise under the Copyright Act.

5.    An actual controversy exists between the parties because The Phillies have wrongly claimed an ownership interest in the Phanatic as a purported copyright author of the

mascot and of an associated "character."  The Phillies have also wrongly claimed that a notice of

termination served by Counterclaim Plaintiffs on The Phillies and instructing that a October 31,

1984 Assignment of the copyright to the Phanatic from Counterclaim Plaintiffs to The Phillies

will terminate under 17 U.S.C. § 203, in June 2020, is invalid.  Thus, the Court has subject

matter jurisdiction under 28 U.S.C. § 2201.

6.     This Court has personal jurisdiction over The Phillies pursuant to N.Y.C.P.L.R. §

302.  The Phillies transact business within the state and enter contracts to supply goods or

services in the state.  The Phillies have further consented to jurisdiction in this District by filing

the instant lawsuit in this District.

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because a

substantial part of the events giving rise to the counterclaims occurred in this District.

## FACTS

8.      The Phillies have known and conceded for four decades that they did not author

or initially own the copyrights in the Phanatic.  They admitted as much in the exhibits attached to

their own Complaint in this action, which are binding agreements concerning copyright

authorship and ownership, and the exploitation of the Phanatic.  Only after Counterclaim

Plaintiffs served The Phillies with a valid termination notice under 17 U.S.C. § 203, in 2018, did

The Phillies concoct theories as to why they should be declared an original author of the

Phanatic.

9.     The purpose of termination of assignments under the Copyright Act is to provide

authors with an opportunity 35 years later to reclaim rights and/or negotiate with an original

assignee, for additional monies, for a term extended beyond the 35 year term.  There is nothing

unfair about this statutory entitlement: indeed Congress created it due to the inequities individual

authors such as Harrison and Erickson frequently face when entering negotiations with large companies like The Phillies.

10.     When The Phillies asked Counterclaim Plaintiffs to create a mascot, the team knew they were seeking the assistance of established artists.  Although The Phillies first asked Jim Henson to take on the project, he told them they should hire Bonnie Erickson, who had worked with Henson to create such famous art works as Miss Piggy, and who also had worked on the Sesame Street programs.

11.     The entire artistic design for the Phanatic, a fantasy animal, with both artistic merit, as well as a written and well-thought out backstory and personality (i.e., as an anomaly of evolution from the Galapagos Islands), was created solely by Counterclaim Plaintiffs.  The Phillies contributed no copyrightable work to the project, and only simple, abstract notional ideas, none of which had any copyrightable expression.  Counterclaim Plaintiffs conceived of, and designed, the color, shape, mannerisms, fictional backstory, and other protectable elements of the Phanatic.  For example, Erickson designed the large snout of the Phanatic to resemble a megaphone, because the name Phanatic implied a loud and boisterous character.  She also chose green as the color for the mascot, because after visiting the Philadelphia stadium to gather inspiration, she thought a green mascot would stand out among the multi-colored seats.

12.     As stated above, The Phillies admitted this was true in multiple signed agreements, which reference Counterclaim Plaintiffs' initial ownership of the copyrights to the Phanatic, including the Phanatic "character."  So, Counterclaim Plaintiffs expressly repudiated any initial ownership claim by The Phillies long ago.  Indeed, The Phillies were granted an assignment of the Phanatic copyrights from Counterclaim Plaintiffs in 1984, acknowledging in writing that H/E owned and had registered the Phanatic copyright.

33

13.     The U.S. Copyright Office also acknowledged Counterclaim Plaintiffs' authorship and ownership of the copyright to the Phanatic by issuing a 1979 registration certificate to Counterclaim Plaintiffs.  That certificate, which is prima facie evidence of the truth of the facts stated therein, 17 U.S.C. § 410, and of which The Phillies were well aware, confirms The Phillies did not author the Phanatic.  The Phillies never challenged this registration for decades, until they received a valid termination notice from Counterclaim Plaintiffs, informing the Phillies that Counterclaim Plaintiffs will reclaim ownership of the Phanatic on June 15, 2020.  The U.S. Copyright Office has now also recorded that valid termination notice, indicating it was substantively complete and procedurally proper.

14.     The Phillies have threatened to continue using the copyrighted material of the Phanatic, even after ownership of the copyright reverts to Counterclaim Plaintiffs under 17 U.S.C. § 203.  Rather than respecting the public policy choices of Congress, which elected to provide artists with the ability to reclaim their rights, or pay additional money for their highly successful work after the termination is effected in 2020, The Phillies are trying to bully Counterclaim Plaintiffs and force them to waste money on a lawsuit.  This Court should set them straight.

## CLAIMS

### First Cause of Action –Authorship of the Phanatic

15.     Counterclaim Plaintiffs reallege all of the allegations in paragraphs 1-14 herein.

16.     In 1978, Counterclaim Plaintiffs created the Phillie Phanatic.  The Phillies contributed no artistic expression to the Phanatic whatsoever, let alone copyrightable expression.

17.     Between 1978 and 1984, the parties entered multiple written agreements within which The Phillies acknowledged Counterclaim Plaintiffs' authorship of the Phanatic.  These

34

agreements include acknowledgement of Counterclaim Plaintiffs' authorship of the Phanatic "character."

18.     After Counterclaim Plaintiffs served a notice on The Phillies in 2018, as required by the Copyright Act, to terminate their 1984 Assignment of the copyright rights in the Phanatic, The Phillies concocted an argument to attempt to claim partial authorship of the Phanatic.  An actual, substantial, and justiciable controversy thus exists between Counterclaim Plaintiffs and The Phillies concerning who authored and initially owned the copyright rights in the Phanatic.  A judicial declaration is necessary to vindicate Counterclaim Plaintiffs' rights.

19.     Based on the foregoing, Counterclaim Plaintiffs hereby request a judicial declaration that they authored the Phanatic, and that The Phillies did not.

<u>**Second Cause of Action – Statute of Limitations and Estoppel**</u>

20.     Counterclaim Plaintiffs reallege all of the allegations in paragraphs 1-19 herein.

21.     Counterclaim Plaintiffs always claimed authorship and initial ownership of the copyright to the Phanatic.  Counterclaim Plaintiffs also always denied that The Phillies had any authorship interest in the Phanatic.  These denials were express, and were even conveyed in writing multiple times in and before 1984.  Indeed, in 1979, Counterclaim Plaintiffs registered the copyright to the Phanatic, and informed The Phillies that they did so.  The Phillies never claimed an authorship interest in the Phanatic for forty years.

22.     The Copyright Act, 17 U.S.C. § 507, includes a three-year statute of limitations. This limitations provision applies to claims of authorship, just as it does to infringement actions. Because Counterclaim Plaintiffs repudiated any authorship claim possessed by The Phillies, and The Phillies failed to file an action within three years contesting Counterclaim Plaintiffs' rights, the statute of limitations now bars The Phillies from claiming any authorship interest.

23.     Moreover, Counterclaim Plaintiffs materially relied on The Phillies' representations that they acknowledged Counterclaim Plaintiffs' authorship of the Phanatic when the parties entered written agreements and Counterclaim Plaintiffs continued to do business with The Phillies after doing so.  Equitable estoppel therefore bars The Phillies from now challenging Counterclaim Plaintiffs' authorship of the Phanatic.

24.     Nevertheless, the Phillies are now asserting, for the first time, that they authored the Phanatic.  An actual, substantial, and justiciable controversy thus exists between Counterclaim Plaintiffs and The Phillies concerning who authored the Phanatic.  A judicial declaration is necessary to vindicate Counterclaim Plaintiffs' rights.

25.     Based on the foregoing, Counterclaim Plaintiffs hereby request a judicial declaration that the Copyright Act's statute of limitations and equitable estoppel prevent The Phillies from claiming any authorship of the Phanatic.

### Third Cause of Action – Validity of Copyright Registration

26.     Counterclaim Plaintiffs reallege all of the allegations in paragraphs 1-25 herein.

27.     In 1979, Counterclaim Plaintiffs registered their copyright interests in the Phanatic, and the U.S Copyright Office issued a registration certificate that same year.  In applying for the registration, Counterclaim Plaintiffs complied with all applicable Copyright Office regulations and practices.  Counterclaim Plaintiffs did so in good faith, and informed The Phillies of the issuance of the Copyright Office registration certificate.  The Phillies acknowledged the existence of the certificate in writing.

28.     Moreover, Counterclaim Plaintiffs materially relied on The Phillies representations that they acknowledged Counterclaim Plaintiffs' registration when the parties entered written agreements and Counterclaim Plaintiffs continued to do business with The

Phillies after doing so.  Equitable estoppel, and the Copyright Act's statute of limitations, 17

U.S.C. § 507, therefore bar The Phillies from now challenging the validity of Counterclaim

Plaintiffs' registration.

29.     Nevertheless, The Phillies assert that the registration is invalid.  An actual,

substantial, and justiciable controversy thus exists between Counterclaim Plaintiffs and The

Phillies concerning the whether Counterclaim Plaintiffs possess a valid registration.  A judicial

declaration is necessary to vindicate Counterclaim Plaintiffs' rights.

30.     Based on the foregoing, Counterclaim Plaintiffs hereby request a judicial

declaration that their registration certificate is valid.

## Fourth Cause of Action – Validity of Termination Notice

31.     Counterclaim Plaintiffs reallege all of the allegations in paragraphs 1-30 herein.

32.     On October 31, 1984, Counterclaim Plaintiffs assigned, in writing, their

copyrights in the Phanatic to The Phillies.  Under 17 U.S.C. § 203, Counterclaim Plaintiffs are

entitled to terminate that transfer.

33.     The statute states: "Termination of the grant may be effected at any time during a

period of five years beginning at the end of thirty-five years from the date of execution of the

grant ..."  The statute also states: "Termination of the grant may be effected notwithstanding any

agreement to the contrary, including an agreement to make a will or to make any future grant."

The statute also states: "Upon the effective date of termination, all rights under this title that

were covered by the terminated grants revert to the author, authors, and other persons owning

termination interests …"

34.     Counterclaim Plaintiffs complied with all of 17 U.S.C. § 203's requirements,

including a timely notice of termination and the requirement to record the termination notice

37

with the U.S. Copyright Office.  The notice was timely, complete, and valid.  Pursuant to the notice, the 1984 assignment of the Phanatic copyright by Counterclaim Plaintiffs to The Phillies will terminate on June 15, 2020.

35.     The Phillies have claimed that the termination notice is ineffective, and have threatened to continue to use the copyright rights to the Phanatic after the date on which the assignment is terminated.  An actual, substantial, and justiciable controversy thus exists between Counterclaim Plaintiffs and The Phillies concerning whether the termination notice is valid.  A judicial declaration is necessary to vindicate Counterclaim Plaintiffs' rights.

36.     Based on the foregoing, Counterclaim Plaintiffs hereby request a judicial declaration that, under the Copyright Act, the termination notice effectively terminates the 1984 Assignment and all copyright interests owned by Counterclaim Plaintiffs in the Phanatic reverts to Counterclaim Plaintiffs in accordance with Section 203.

## Fifth Cause of Action – Injunctive Relief

37.     Counterclaim Plaintiffs reallege all of the allegations of paragraphs 1-36 herein.

38.     Given that Counterclaim Plaintiffs' termination notice is valid and enforceable as stated above in the Fourth Cause of Action, continued use by The Phillies of the Phanatic copyright after the effective date of termination will constitute actionable copyright infringement under 17 U.S.C. §§ 106 and 501.  A copyright owner whose exclusive rights are infringed is entitled, *inter alia*, to an injunction under 17 U.S.C. § 502.  The Court has the power to issue an injunction not only to restrain copyright infringement, but also to prevent it under 17 U.S.C. § 502(a).  Moreover, Counterclaim Plaintiffs obtained a copyright registration certificate from the U.S. Copyright Office for the copyright rights in the Phanatic in 1979.

39.     The Phillies have expressly threatened to willfully continue to use the Phanatic copyright without authorization, even if this Court rejects their declaratory judgment claims and grants Counterclaim Plaintiffs' declaratory judgment claims.  In other words, The Phillies have threatened to force Counterclaim Plaintiffs to sue The Phillies for infringement, even if the Court issues a declaratory judgment in Counterclaim Plaintiffs' favor stating that the termination notice served on The Phillies effectively terminates the 1984 grant made to The Phillies by Counterclaim Plaintiffs.  This bold threat creates a dispute between Counterclaim Plaintiffs and The Phillies concerning whether The Phillies may continue to use the Phanatic copyright rights after the date of termination.  A judicial declaration and permanent injunction is necessary to prevent blatant infringement of Counterclaim Plaintiffs' rights.

40.     In the absence of an injunction, Counterclaim Plaintiffs will be substantially and irreparably injured by The Phillies' willful infringement.  These injuries are not compensable by monetary damages alone and there is no adequate remedy at a law.

41.     Based on the foregoing, Counterclaim Plaintiffs hereby request a permanent injunction against The Phillies' continued willful violation of the exclusive rights that Counterclaim Plaintiffs will reclaim upon the effective date of the termination notice.

## PRAYER FOR RELIEF AND DEMAND FOR JURY

42.     Wherefore, Counterclaim Plaintiffs pray for a judgment in their favor and against The Phillies and request the following relief:

a.   A declaratory judgment that Counterclaim Plaintiffs authored and initially owned the Phanatic, and that The Phillies did not;

39

b. A declaratory judgment that The Phillies are barred by the Copyright Act's statute of limitations, and by equitable estoppel, from asserting an authorship interest in the Phanatic;

c. A declaratory judgment that Counterclaim Plaintiffs' 1979 copyright registration for the Phanatic is valid;

d. A declaratory judgment that the termination notice served by Counterclaim Plaintiffs on The Phillies is effective and valid, and that the 1984 assignment from Counterclaim Plaintiffs to The Phillies of the copyright rights to the Phillie Phanatic will terminate on June 15, 2020;

e. A permanent injunction enjoining The Phillies and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation from infringing Counterclaim Plaintiffs' exclusive copyright rights in the Phanatic after June 15, 2020;

f. An order awarding Counterclaim Plaintiffs all of their attorneys' fees and full costs under 17 U.S.C. § 505; and

g. All other relief the Court deems just and proper.

DATED:      October 7, 2019                 MITCHELL SILBERBERG & KNUPP LLP
            New York, New York


                                            By: /s/ Paul D. Montclare
                                                Paul D. Montclare (*pdm@msk.com*)
                                                Leo M. Lichtman (*lml@msk.com*)
                                                437 Madison Avenue, 25th Floor
                                                New York, NY 10022
                                                Telephone: (212) 509-3900
                                                Facsimile:  (212) 509-7239

                                                J. Matthew Williams (*mxw@msk.com*)
                                                1818 N St. NW, 7th Floor
                                                Washington, DC 20036
                                                Telephone: (202) 355-7900
                                                Facsimile: (202) 355-7899

                                                *Attorneys for Defendants and*
                                                *Counterclaim Plaintiffs Harrison/Erickson*
                                                *Incorporated, Harrison Erickson, Wayde*
                                                *Harrison, and Bonnie Erickson*