IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PHILLIES, a Pennsylvania limited partnership,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HARRISON/ERICKSON, INCORPORATED, a New York corporation, HARRISON ERICKSON, a partnership, and WAYDE HARRISON and BONNIE ERICKSON,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 19-7239-VM-SN<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ANSWER TO COUNTERCLAIMS

Plaintiff/Counterclaim Defendant The Phillies (hereinafter also referred to as "the Club"), by and through its undersigned counsel, hereby responds to the counterclaims of Defendants Harrison/Erickson Incorporated, Harrison Erickson, a partnership, Wayde Harrison, and Bonnie Erickson (collectively referred to as "H/E"), as follows:

### PARTIES

1.　Denied.

2.　The Club lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are accordingly denied.

3.　It is admitted that the Club is a Pennsylvania limited partnership. The remaining allegations of this paragraph are denied.

### JURISDICTION AND VENUE

4.　Admitted.

5. It is admitted only that an actual controversy exists between the parties and that this Court has subject matter jurisdiction over this matter because H/E have wrongly claimed that they can terminate the 1984 Agreement and have misconstrued the scope of termination rights under Section 203 of the Copyright Act.

6. Paragraph 6 is a legal argument to which no response is required.

7. Admitted.

## FACTS

8. Denied.

9. Denied. To the contrary, H/E were paid over half a million dollars (adjusted for inflation) for helping to design and build a costume—at a time when the Phanatic was already "wildly popular," as Bonnie Erickson put it in an affidavit submitted to this Court.

10. Denied.

11. Denied.

12. Denied.

13. It is admitted only that H/E submitted a fraudulent copyright certificate to the Copyright Office and that H/E's invalid termination notice has been recorded with the Copyright Office. The remaining allegations of this paragraph are denied.

14. Denied.

## CLAIMS

### First Cause of Action – Authorship of the Phanatic

15. The Club reasserts its answers to paragraphs 1 through 14 as if set forth fully herein.

16. Denied.

17. It is admitted only that the Club entered into various written agreements between 1978 and 1984 with certain of Counterclaim Plaintiffs. The remaining allegations of this paragraph are denied.

18. It is admitted only that an actual, substantial, and justiciable controversy exists between Counterclaim Plaintiffs and The Phillies regarding the validity of Counterclaim Plaintiffs' purported termination notice and the scope of rights that can be recaptured under Section 203. The remaining allegations of this paragraph are denied.

19. It is admitted only that Counterclaim Plaintiffs are requesting a judicial declaration. It is denied that Counterclaim Plaintiffs are entitled to the declaration that they seek.

### Second Cause of Action – Statute of Limitations and Estoppel

20. The Club realleges its answers to paragraphs 1 through 19 as if set forth fully herein.

21. Denied.

22. With regard to the first sentence of paragraph 22, it contains a legal conclusion to which no response is required. The Club denies the remaining allegations of this paragraph.

23. Denied.

24. It is admitted only that an actual, substantial, and justiciable controversy exists between the parties concerning the validity of H/E's termination notice. The remaining allegations of this paragraph are denied.

25. It is admitted only that H/E have requested a declaration. It is denied that H/E are entitled to the declaration that they seek.

### Third Cause of Action – Validity of Copyright Registration

26. The Club realleges its answers to paragraphs 1 through 25 as if set forth fully herein.

27. It is admitted only that H/E submitted a fraudulent registration certificate to the Copyright Office in 1979.  The remaining allegations of this paragraph are denied.

28. Denied.

29. It is admitted only that the Club asserts that H/E's copyright registration is invalid and that a justiciable controversy exists between the parties concerning whether H/E possesses a valid registration.  The remaining allegations of this paragraph are denied.

30. It is admitted only that H/E are requesting a declaration concerning their registration certificate; it is denied that H/E are entitled to the requested declaration.

**Fourth Cause of Action – Validity of Termination Notice**

31. The Club realleges its answers to paragraphs 1 through 30 as if set forth fully herein.

32. It is admitted only that, on October 31, 1984, the Club entered into an agreement with Harrison Erickson whereby Harrison Erickson sold to the Club "forever" all of its rights in the "artistic sculpture" known as the "Phillies Phanatic" [sic].  The remaining allegations of this paragraph are denied.

33. It is admitted only that H/E have selectively quoted from snippets of Section 203 of the Copyright Act.  It is denied that these snippets correctly characterize the scope of rights under Section 203.  The Club refers the Court to the statute for the complete, accurate text of Section 203.

34. Denied.

35. It is admitted only that the Club has claimed that H/E's purported termination notice is ineffective and that an actual, substantial, and justiciable controversy exists between the parties regarding whether the termination notice is valid.  The remaining allegations of this paragraph are denied.

36. It is admitted that H/E are requesting a judicial declaration under the Copyright Act; it is denied that H/E are entitled to the declaration they have requested.

### Fifth Cause of Action – Injunctive Relief

37. The Club realleges its answers to paragraphs 1 through 36 as if set forth fully herein.

38. It is admitted only that H/E fraudulently obtained a copyright registration certificate from the Copyright Office. The remaining allegations of this paragraph are denied.

39. It is admitted only that a dispute exists between the parties regarding whether H/E can terminate the 1984 Assignment and, if so, the scope of rights, if any, that would revert to H/E as opposed to those rights that would remain with the Club. The remaining allegations of this paragraph are denied.

40. Denied.

41. It is admitted that H/E are requesting a permanent injunction; it is denied that they are entitled to one. It is further denied that the Club is willfully violating any rights of H/E or that it intends to do so in the future. To the contrary, the Club has filed this lawsuit to have the Court declare what rights the Club will have after June 15, 2020.

### PRAYER FOR RELIEF AND DEMAND FOR JURY

WHEREFORE, the Club requests that judgment be entered in its favor and against H/E; that H/E take nothing under their counterclaim; that the Court deny all of the relief requested by H/E; and that the Club be awarded its attorneys' fees and full costs under 17 U.S.C. § 505.

Dated: October 28, 2019

DUANE MORRIS LLP

By: _____*KOxholm*_____
Kendra C. Oxholm
(NY ID No. 5267828)
David J. Wolfsohn (PA ID No. 57974)
*(admitted pro hac vice)*
Tyler R. Marandola (PA ID No. 313585)
*(admitted pro hac vice)*
30 South 17th Street
Philadelphia, PA 19103
Phone (215) 979-1000
Fax (215) 979-1020

and

David T. McTaggart
(NY ID 4097598)
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Phone (212) 692-1000
Fax (212) 202-4931

*Attorneys for Plaintiff, The Phillies*