

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

J. Matthew Williams
Partner
(202) 355-7904 Phone
(202) 355-7984 Fax
mxw@msk.com

November 19, 2019

Honorable Sarah Netburn
U.S. District Court
for the Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re: The Phillies v. Harrison/Erickson, Inc., No. 1:19-cv-07239**

Dear Judge Netburn:

Pursuant to Your Honor's instruction at the pre-trial conference on November 12, 2019, the Plaintiff and Counterclaim Defendant ("The Phillies") and Defendants and Counterclaim Plaintiffs ("Harrison/Erickson") hereby submit this joint letter to address issues related to the Court contacting the U.S. Copyright Office pursuant to 17 U.S.C. § 411(b). The parties disagree regarding the appropriate path forward for the Court, and thus this letter includes statements of each side's position. If Your Honor has any questions, counsel will be happy to address them.

**Harrison/Erickson's Position**

In this case, The Phillies allege (Count II of the Complaint) a declaratory relief claim of "fraud on the Copyright Office" against Harrison/Erickson, including that they "represented to the Copyright Office that [their] purported work was an 'artistic sculpture' when in fact it was a costume." ECF 1 (Complaint) ¶ 96. The Phillies also allege, had Harrison/Erickson described their copyrighted work differently in their 1979 registration application, "that likely would have resulted in the rejection of [the] application." *Id.* ¶ 101.

Harrison/Erickson strongly deny committing any fraud on the Copyright Office; deny including any inaccurate information in their registration application; and allege that the registration (VA 23-748, which is attached hereto as Ex. B, along with reproductions of a promotional picture deposited with the application) is valid because it complied with the Copyright Act and Copyright Office regulations. ECF 38 (Answer) ¶¶ 1-10, 60-67, & 104-116; *id.* (Counterclaims) ¶¶ 26-30. Harrison/Erickson also allege that, even assuming *arguendo* the registration is invalid, that finding would have no impact on the validity of their termination notice under 17 U.S.C. § 203 and Harrison/Erickson could obtain a new registration because the work is copyrightable regardless whether it is called a sculpture, a costume, or a mascot, as The Phillies appear to concede by alleging in the Complaint they are co-owners of the copyright to the work. *See Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002 (2017) (addressing standard for copyrightability); *Silvertop Assocs. Inc. v. Kangaroo Mfg.*, 931 F.3d 215 (3d Cir. 2019) (same).



Section 411(b) of the Copyright Act of 1976 (with emphasis added) states:

> (1) A certificate of registration satisfies the requirements of this section and section 412, regardless of whether the certificate contains any inaccurate information, unless—
> (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and
> (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.
> (2) *In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration*.
> (3) Nothing in this subsection shall affect any rights, obligations, or requirements of a person related to information contained in a registration certificate, except for the institution of and remedies in infringement actions under this section and section 412.

Given the allegations made by The Phillies and by Harrison/Erickson, we respectfully submit that – although the legal issue is ultimately to be decided by the Court – the statute instructs the Court to contact the Register of Copyrights to request an opinion as to whether Defendants' copyright registration is valid. Courts have concluded this instruction is mandatory. *See, e .g., Palmer/Kane LLC v. Rosen Book Works LLC*, 188 F. Supp. 3d 347, 349 (S.D.N.Y. 2016); *King-Devick Test Inc. v. NYU Langone Hosps.*, No. 17-CV-9307 (JPO), 2019 WL 3071935, at *9 (S.D.N.Y. July 15, 2019). If it is valid, the certificate of registration, because it was timely made, is to be treated as *prima facie* evidence of the facts stated thereon. 17 U.S.C. § 410(c).

Harrison/Erickson propose in Exhibit A hereto language for the Court to use in a letter to the Register of Copyrights. We believe that Your Honor's delegation from Judge Marrero renders it appropriate for Your Honor to send the letter, but of course we defer to the Court on that issue and on other matters of procedure. We do note that, due to significant delays caused by security screening processes on mail deliveries at the Library of Congress, the Court should likely deliver its letter to the Register of Copyrights, the Honorable Karen A. Temple, by email (ktemple@loc.gov) in addition to using the address on Exhibit A hereto.

Along with the letter to the Register of Copyrights, Harrison/Erickson respectfully request that the Court submit a copy of the registration certificate for the Phanatic, and reproductions of an image that was deposited therewith. These materials are attached as Exhibit B hereto.[1] We also

---

[1] The black and white version of the promotional picture that was deposited was included by The Phillies in Exhibit D to the complaint and reproduced in paragraph 56 thereof. Harrison/Erickson obtained the attached color version of that image from the Strong Museum of Play in Rochester, NY, where they have donated materials for archival purposes. We asked whether The Phillies possess a color copy of what they included in Exhibit D to the Complaint to submit with this letter, but their counsel has not responded. Our understanding is that the Copyright Office has been unable to locate the original deposit copy in its files.



suggest that it could be beneficial for the Court to enclose a copy of the Complaint and the Answer and Counterclaims with its letter to the Register.

Although The Phillies allege in the Complaint, at paragraph 56, that the image attached hereto with Exhibit B was deposited with Harrison/Erickson's copyright registration application, their counsel has recently informed us that he believes there is a dispute between the parties as to whether the image was actually deposited. We do not believe there is any actual dispute, especially given the admissions in the complaint.

The Phillies' counsel has also argued that the Court should delay seeking the advice of the Register of Copyrights until the close of fact discovery. However, Harrison/Erickson does not agree that the Court should delay the process required by 17 U.S.C. § 411(b). Indeed, cases discussing the appropriate timing of a letter from the Court to the Register of Copyrights, including those cited above, emphasize the importance of avoiding any delay in proceedings on the merits resulting from the section 411(b) process. Some defendants in infringement cases may use the section 411(b) process to attempt to improperly delay court proceedings, but that is not the case here. It is The Phillies that allege fraud in their complaint, and their apparent fear of submitting the issue now to the Register of Copyrights speaks volumes. As The Phillies' counsel represented at the pre-trial conference, the parties have an interest in trying to have this case decided quickly, given Harrison/Erickson's termination notice takes effect in June 2020. We believe that The Phillies are now seeking to stall the section 411(b) process simply because they fear the Register will inform the Court that The Phillies' fraud claim is meritless.[2]

**The Phillies' Position**

***The Phillies' position on when the section 411(b)(2) request should be sent.*** In applying for a copyright registration in order to file their 1979 lawsuit against The Phillies in this court, defendants Harrison/Erickson described the Phanatic costume as an "artistic sculpture." Exh. 1 to Exh. D to the Complaint (pages 14-15). The Phillies alleges in its complaint that Harrison/Erickson mischaracterized the costume as an "artistic sculpture" because, at that time, the copyright office rejected applications for registering costumes. As the Second Circuit explained in *Whimsicality v. Rubie's Costume Co., Inc*., 891 F.2d 453 (2d Cir. 1989), at the time the Copyright Office "consider[ed] costumes to be wearing apparel and consistently reject[ed] applications to register them."

Harrison/Erickson have requested that the Court initiate the request provided for in section 411(b)(2) of the Copyright Act. That section provides that the Court "shall request the Register of Copyrights to advise the court whether the inaccurate information [in a registration application], if known, would have caused the Register of Copyrights to refuse registration." 17

---

[2] Prior to the initiation of this lawsuit, counsel for Harrison/Erickson met with the Associate Register of Copyrights and Director of Registration Policy & Practice to seek guidance on whether The Phillies' claims regarding the invalidity of the registration had merit, and received an informal opinion that the registration certificate for The Phanatic remained valid. Otherwise, Harrison/Erickson would have submitted a new registration application to cure any identified defect. The Phillies' counsel has asserted to us that somehow this "ex parte" meeting was inappropriate, but such meetings with Copyright Office staff are very common and there is no rule, regulation, or practice prohibiting them. Indeed, The Phillies should have requested a similar meeting before accusing our clients of fraud.




U.S.C. § 411(b)(2). Importantly, neither section 411(b)(2) nor any other provision in the Copyright Act tells the Court ***when*** this should be done. But the Register of Copyrights has opined that "the court retains the power to delay the [section 411(b)(2)] request until a factual record has been developed, e.g., through affidavits or discovery." *Palmer/Kane LLC v. Gareth Stevens Publishing*, 2016 WL 6238612, at *2 (S.D.N.Y. Oct. 24, 2016) (quoting the Register of Copyrights). And numerous courts have held that notification under section 411(b)(2) should await resolution of factual issues. *See, e.g.*, *Palmer/Kane*, 2016 WL 6238612, at *2; *Chic Home Design LLC v. New Journey Group Limited*, 2017 WL 3738775, at *6 n.2 (S.D.N.Y. Aug 30, 2017) (deferring request under section 411(b)(2) until factual issues are resolved).

The Phillies believes that the Court should await resolution of various factual issues before sending its section 411(b)(2) request to the Copyright Office. In short, nothing requires the Court to send its request at this early stage of the case; and the various factual issues involving Harrison/Erickson's registration militate in favor of sending that request after discovery has concluded.

At least the following are factual issues that should be explored in discovery and that relate to the materiality of the statements and omissions in defendants' May 4, 1979 registration:

**1. The Deposit.** The parties cannot agree on ***what*** Harrison/Erickson deposited with the copyright office along with their application to register what they called an "artistic sculpture." In answering the complaint, Harrison/Erickson asserted that they "lack knowledge or information sufficient to form a belief as to the truth of" whether the photo appearing below paragraph 56 of the complaint was what they deposited with the Copyright Office in 1979. *Compare* Complaint, Docket No. 1 at p. 12 ¶ 56 with Answer, Docket No. 38 at p. 11 ¶ 56. Moreover, in a letter dated July 16, 2018 (a copy of which is enclosed for the Court), defense counsel asserted that the deposit consisted of four ***entirely different photos*** than the one appearing at page 12 of plaintiff's complaint.

Certainly, the Copyright Office should have in front of it what Harrison/Erickson submitted to the Copyright Office as depicting the "artistic sculpture" when the Copyright Office renders its section 411(b)(2) opinion about "whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." Since this issue is hotly disputed by the parties and not for the Copyright Office to resolve, it should be resolved before the Court sends its section 411(b)(2) request to the Copyright Office.

**2. H/E's *ex parte* contacts with the Copyright Office.** H/E has apparently had *ex parte* contacts with the Copyright Office, lobbying that office to agree with H/E's position in this case that its registration was not fraudulent. Yet H/E has refused to divulge the substance of those discussions. The Section 411(b)(2) process should be transparent, and not subject to any behind-the-scenes influence. Accordingly, the Section 411(b)(2) request should not be made until the *ex parte* communications have been fully disclosed and addressed to remedy any unfair advantage (e.g., recusal of persons with whom H/E communicated from participation in the section 411(b)(2) process).

**3. Authorship and preexisting material**. The parties obviously dispute who authored the original Phanatic costume. *Compare* Complaint, Docket No. 1 at ¶ 16 *with* Answer, Docket No. 38 at ¶ 4. Likewise, the parties dispute whether there was any "preexisting material" that



Harrison/Erickson should have disclosed to the Copyright Office in their application. For example, The Phillies designed the Phanatic's jersey—which comprises much of the Phanatic—yet Harrison/Erickson chose not to inform the Copyright Office of that fact when they failed to describe any "preexisting material" in Box 6. *S*ee Exh. D to the Complaint at p. 15. Such omissions can be material for purposes of the validity of a registration. *See, e.g., King-Devick Test Inc. v. NYU Langone Hospitals,* 2019 WL 3071935, at *8 (S.D.N.Y. July 15, 2019) (failure to indicate preexisting material in Box 6 of copyright registration application was alleged to be materially inaccurate). These issues should at least be subject to discovery before the Court sends its section 411(b)(2) request to the Register of Copyrights.

Accordingly, The Phillies requests that the Court defer sending its Section 411(b)(2) request until discovery has closed and the factual issues relating to Harrison/Erickson's registration application are resolved.

In the event that the Court disagrees with The Phillies' position, we request an opportunity to provide the Court with our position regarding the content of any such letter to the Register.

Respectfully submitted,

/s/ J. Matthew Williams
MITCHELL SILBERBERG & KNUPP LLP

/s/ David J. Wolfsohn
DUANE MORRIS LLP

cc: Paul Montclare, Esq.
Kendra C. Oxholm, Esq.
Elaine Nguyen, Esq.
Tyler R. Marandola, Esq.
Leo M. Lichtman, Esq.