# Lichtman, Leo

| | |
|---|---|
| **From:** | Montclare, Paul |
| **Sent:** | Thursday, February 6, 2020 1:27 PM |
| **To:** | 'Marandola, Tyler R.'; Wolfsohn, David J.; Nguyen, Elaine; Oxholm, Kendra |
| **Cc:** | Williams, Matthew; Lichtman, Leo; Carter, Timothy; Hill, Kimberly A. |
| **Subject:** | RE: Phillies v. Harrison/Erickson; C.A. No. 19-7239-VM-SN |

Tyler,
We have actually already met and conferred for more than an hour on all of the issues raised in your email relating to the Rule 30 (b) (6) subject matters. It appears there is still disagreement, so regrettably, I doubt that a further meet and confer at this time would be productive.

I also note briefly that an organizational deposition of The Phillies on the topics we described with reasonable particularity is plainly permitted.  Pursuant to Rule 30(b)(6) the Phillies organization is required to produce a knowledgeable witness (es) to testify about relevant topics, so that the organization will be bound by its answers.  It does not matter that the Phillies produced documents (apparently culled by lawyers). Document production is only a first step in discovery not a substitute for party depositions. Nor does it matter that the Phillies have prepared unattested to lists of derivative works (again apparently prepared by counsel). This list, whatever you may think it is worth, is not a substitute for a deposition of the Phillies organization as a party-plaintiff in this case.  Nor are the characterizations of Phillies' counsel regarding their understanding of the meaning and completeness of documents or other evidence a limitation on defendants' right to take the deposition of the Phillies organization. The Phillies organization is simply not entitled to cut-off deposition discovery based on Plaintiff's view of what various documents or evidence means.

The subject topics in our deposition notice are described with reasonable particularity, and you have not articulated a basis upon which the Phillies organization could claim undue burden.
Bonnie Ericksen's and Wayde Harrison's party depositions are scheduled tomorrow and Monday as noticed.  So too must the Phillies organization appear for its deposition as the Plaintiff in this case. To suggest now that the Phillies organization, as Plaintiff, is somehow immune from a party deposition under Rule 30(b)(6) is unjustifiable.

Finally, we intend to proceed with our Rule 30(b)(b)(6) Deposition Notice as served.
Paul



**Paul D. Montclare** | **Partner, through his LLP**
T: 917.546.7704 | C: 917-670-0133 | F: (917) 546-7674 | pdm@msk.com
**Mitchell Silberberg & Knupp LLP** | www.msk.com
437 Madison Ave., 25th Floor, New York, NY 10022

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Marandola, Tyler R. <TMarandola@duanemorris.com>
**Sent:** Wednesday, February 5, 2020 10:32 PM

**To:** Montclare, Paul <pdm@msk.com>; Wolfsohn, David J. <DJWolfsohn@duanemorris.com>; Nguyen, Elaine <eln@msk.com>; Oxholm, Kendra <KCOxholm@duanemorris.com>
**Cc:** Williams, Matthew <mxw@msk.com>; Lichtman, Leo <lml@msk.com>; Carter, Timothy <tmc@msk.com>; Hill, Kimberly A. <KAHill@duanemorris.com>
**Subject:** [EXTERNAL] RE: Phillies v. Harrison/Erickson; C.A. No. 19-7239-VM-SN

[EXTERNAL MESSAGE]
Paul,

We're writing in hopes that we can reduce the number of disputes that we need to bring to the Court on Friday, specifically with respect to the 30(b)(6) notice served by you on the Phillies.

As we said in our meet and confer last Monday, the topics as delineated in the notice are not identified with reasonable particularity, fail to target issues that are actually in dispute, and cover areas more appropriate for written discovery.  That said, based on our discussion, we think there are several areas on which the Phillies can agree to produce a designee (or to designate one of the existing 30(b)(1) witnesses to provide testimony on behalf of the Phillies).

> **Topics 1 and 2**: We have produced the relevant portions of the relevant agreements with Major League Baseball Properties that set forth the agency relationship between The Phillies and MLBP. We are not sure, beyond that, what information you believe you need and that could be obtained in a 30(b)(6) deposition. Simply asking for a witness on the "relationship" between the Phillies and its agents is not a reasonably particular topic, and does not allow the Phillies to prepare a witness to testify.  Please let us know what information regarding an area of dispute you believe you need.
>
> **Topics 3 and 9**: Defendants do not have a claim for damages, and therefore testimony as to the "revenue, receipts, and profits" of the "valuation of intellectual property rights" is not relevant to any claim or defense at issue in this case.
>
> **Topics 4 and 7**: We understand that you are not asking the Phillies for testimony about "creative contributions" or "close resemblance" of alleged derivative works created by your client.  With respect to the other derivative or non-infringing works identified in Appendix A to Plaintiff's Supplemental Response to Defendants' Interrogatory Nos. 5 and 6, the Phillies will agree to designate a witness who will testify, to the extent known to the organization, as to: (i) the author of the derivative work; and (ii) the work, if any, upon which the derivative work was based.  If you identify particular derivative or noninfringing works that you believe are virtual copies of the registered Phillie Phanatic and do not contain any modicum of originality, we will produce a witness to the extent that The Phillies have information about that particular work.
>
> **Topic 5**: Similar to Topics 1 and 2, the "relationship" between the Phillies and Dave Raymond is not a reasonably particular topic for examination. Defendants have indicated that they intend to take the deposition of Dave Raymond and several Phillies employees. The relationship with Dave Raymond may be explored in those depositions.
>
> **Topic 6**: This Topic essentially seeks a witness knowledgeable about any statement ever made by the Phillies, MLBP, or MLB about the authorship of the Phanatic. That is not appropriately particular, and would basically require the Phillies to train a lay witness on its entire document production (as well as trying to determine whether anyone in the three organizations listed made an unrecorded oral statement about the authorship of the Phanatic).
>
> **Topic 8**: We don't understand why "efforts to create derivative works" are relevant.  The statute provides that The Phillies can continue to utilize derivative works prepared before June 15, 2020, regardless of the amount or timing of "effort."  Our Appendix A provides a list of all the derivative or noninfringing works as of now.  We will

update as required.  If you can identify relevant information you don't have for which witness testimony would be appropriate, we will certainly reconsider.

**Topics 10 and 11**: The Phillies will designate a witness to testify about those aspects of the Phanatic character and costume to which the Phillies contributed.

**Topics 12 and 25**: The Phillies will designate a witness who can testify as to the categories of damages The Phillies are seeking. The exact computation will probably not be the subject of fact testimony.

**Topics 13 and 15**: The Phillies will designate a witness who can testify as to when and to what extent The Phillies understood that Defendants were claiming sole authorship of the Phanatic costume and character.

**Topic 14 and 16**: These topics relate to when the Phillies "formed a belief that Defendants fraudulently obtained the copyright registration for the Phanatic" and when the Phillies became aware of the Copyright Act's termination provisions. We understand from our call that you believe these topics are relevant to the statute of limitations as to the Phillies declaratory judgment claim relating to the validity of the termination and of Defendants' copyright registrations. We disagree, for the reasons we stated on the call. The invalidity of Defendants' copyright registration is not a "claim," but a defense to Defendants' allegation that it owns rights that are subject to termination.  Nonetheless, subject to the attorney client privilege and work product doctrine, we are willing to present a witness who could address this subject matter.

**Topic 17.**  The Phillies will present a witness to testify that The Phillies was unaware of the termination provisions at the time it entered into the 1985 Assignment.

**Topic and 18**: This topic seek The Phillies' legal opinions about the Copyright Act, specifically whether The Phillies "believe that they may continue to create derivative works" if the Court holds the termination notice effective. This topic appears to seek legal positions, not facts, and therefore invades the attorney-client privilege and is inappropriate for an organizational deposition.  No lay witness would be able to address this topic without revealing attorney-client communications.  To the extent you are seeking a witness to testify that The Phillies would seek legal advice with regard to any of the Court's opinions or orders, we could certainly have a witness confirm that.

**Topic 19**: As we stated on our call, we do not intend to designate a witness to testify about "all facts" concerning the negotiation and execution of the agreements between The Phillies and Defendants.  If there are specific issues that you believe are relevant and in dispute, we remain open to designating a witness on a reasonably particular matter.

**Topics 20 and 27**: We fail to see the relevance of The Phillies' "handling of the termination notice" or in its communications about the termination notice.

**Topic 23**: This topic—about The Phillies "intentions" for use of the Phanatic post-termination—invades the attorney client privilege and attorney work product doctrine.  To the extent you are interested in having a witness confirm that The Phillies would seek legal advice with regard to any of the Court's opinions or orders, we could have a witness confirm that.

**Topic 26**: This topic is impermissible "discovery on discovery," for which Defendants have not shown a factual basis. We've explained on numerous occasions how we went about collecting and producing documents responsive to Defendants' requests.

**Topic 21**: The Phillies propose that the parties stipulate that the Phanatic Design Marks (Reg. Nos. 4,120,821; 4,234,650; 4,246,618; and 4,265,099) consist of a drawing commissioned by The Phillies from Bonnie Erickson.  We object, however, to providing a witness to testify about "all facts" about the "creation of the

Phanatic Marks," which is overbroad and not a particular enough topic for an organizational deposition. If there are particular issues regarding The Phillies' marks that you believe are in dispute, let us know.

**Topic 22**: The Phillies can designate a witness who can "roll up" the amounts that the Phillies have spent on "promoting and advertising" the Phanatic, to the extent that information exists, although this is better suited to providing you with a spreadsheet.

**Topic 24**: No lay witness at The Phillies has any more information than what H/E provided in the 1979 Litigation—to wit, Bonnie Erickson's sworn statement as to the deposit. Any other information would be in the hands of H/E, not The Phillies.

We remain open to discussing the above issues to try to limit the matters in dispute before Friday.

Best regards,
Tyler


**Tyler R. Marandola**
Associate

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
**P:** +1 215 979 1529
**F:** +1 215 689 1914

TMarandola@duanemorris.com
www.duanemorris.com

---

**From:** Montclare, Paul <pdm@msk.com>
**Sent:** Wednesday, January 29, 2020 10:28 AM
**To:** Wolfsohn, David J. <DJWolfsohn@duanemorris.com>; Nguyen, Elaine <eln@msk.com>; Oxholm, Kendra <KCOxholm@duanemorris.com>; Marandola, Tyler R. <TMarandola@duanemorris.com>
**Cc:** Williams, Matthew <mxw@msk.com>; Lichtman, Leo <lml@msk.com>; Carter, Timothy <tmc@msk.com>; Hill, Kimberly A. <KAHill@duanemorris.com>
**Subject:** RE: Phillies v. Harrison/Erickson; C.A. No. 19-7239-VM-SN

Ok I will send a letter on consent asking for a week, because we are still trying to work out discovery issues.



**Paul D. Montclare** | **Partner, through his LLP**
T: 917.546.7704 | C: 917-670-0133 | F: (917) 546-7674 | pdm@msk.com
**Mitchell Silberberg & Knupp LLP** | **www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

---

**From:** Wolfsohn, David J. <DJWolfsohn@duanemorris.com>
**Sent:** Wednesday, January 29, 2020 10:15 AM
**To:** Montclare, Paul <pdm@msk.com>; Nguyen, Elaine <eln@msk.com>; Oxholm, Kendra <KCOxholm@duanemorris.com>; Marandola, Tyler R. <TMarandola@duanemorris.com>

Cc: Williams, Matthew <mxw@msk.com>; Lichtman, Leo <lml@msk.com>; Carter, Timothy <tmc@msk.com>; Hill, Kimberly A. <KAHill@duanemorris.com>
Subject: [EXTERNAL] RE: Phillies v. Harrison/Erickson; C.A. No. 19-7239-VM-SN

[EXTERNAL MESSAGE]
I think that's a fine idea.

---

From: Montclare, Paul <pdm@msk.com>
Sent: Wednesday, January 29, 2020 10:04 AM
To: Wolfsohn, David J. <DJWolfsohn@duanemorris.com>; Nguyen, Elaine <eln@msk.com>; Oxholm, Kendra <KCOxholm@duanemorris.com>; Marandola, Tyler R. <TMarandola@duanemorris.com>
Cc: Williams, Matthew <mxw@msk.com>; Lichtman, Leo <lml@msk.com>; Carter, Timothy <tmc@msk.com>; Hill, Kimberly A. <KAHill@duanemorris.com>
Subject: RE: Phillies v. Harrison/Erickson; C.A. No. 19-7239-VM-SN

Perhaps we should ask the Court to move the letter date a week so we can work out what we can work out. If so, I can send the request today. Otherwise, we can just proceed on Friday. It's up to you.



**Paul D. Montclare** | **Partner, through his LLP**
T: 917.546.7704 | C: 917-670-0133 | F: (917) 546-7674 | pdm@msk.com
**Mitchell Silberberg & Knupp LLP** | **www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

---

From: Wolfsohn, David J. <DJWolfsohn@duanemorris.com>
Sent: Wednesday, January 29, 2020 9:56 AM
To: Montclare, Paul <pdm@msk.com>; Nguyen, Elaine <eln@msk.com>; Oxholm, Kendra <KCOxholm@duanemorris.com>; Marandola, Tyler R. <TMarandola@duanemorris.com>
Cc: Williams, Matthew <mxw@msk.com>; Lichtman, Leo <lml@msk.com>; Carter, Timothy <tmc@msk.com>; Hill, Kimberly A. <KAHill@duanemorris.com>
Subject: [EXTERNAL] RE: Phillies v. Harrison/Erickson; C.A. No. 19-7239-VM-SN

[EXTERNAL MESSAGE]
Paul,

I'm unfortunately not going to be able to do that.

I've got a court conference this morning, and then I'm out this afternoon and evening on a personal matter.  I'm in a deposition all day tomorrow.

I will try and get you something middle of the day on Friday.

With regard to depositions, we will be asking for the depositions of Phillies Pholks to be in Philly.

In terms of deposition dates, I'm in the process of figuring that out, but won't have definitive dates for you on Friday.

I will work with you on figuring out mutually acceptable dates.

Best,

David

---

**From:** Montclare, Paul <pdm@msk.com>
**Sent:** Wednesday, January 29, 2020 9:50 AM
**To:** Wolfsohn, David J. <DJWolfsohn@duanemorris.com>; Nguyen, Elaine <eln@msk.com>; Oxholm, Kendra <KCOxholm@duanemorris.com>; Marandola, Tyler R. <TMarandola@duanemorris.com>
**Cc:** Williams, Matthew <mxw@msk.com>; Lichtman, Leo <lml@msk.com>; Carter, Timothy <tmc@msk.com>
**Subject:** RE: Phillies v. Harrison/Erickson; C.A. No. 19-7239-VM-SN

David,

Please provide us with a draft of your portion of the joint letter to Magistrate Judge Netburn regarding your discovery objections by Thursday noon, so we will have an opportunity to respond on Friday. Frankly, I am not sure where we wound up after the last meet and confer, especially with respect to what appeared to me to be changes in Plaintiffs' objections regarding a number of subject matters listed in the 30(b) (6). We also need feedback from you on deposition dates and deposition locations before Friday to avoid having to raise that issue with the Court. To the extent that we have issues with your discovery responses we will let you know what they are by the end of the day on Thursday after receiving your draft to Judge Netburn.

I am available to discuss by email or phone over the next couple of days, although I note you said you were unavailable to do so.
Paul



**Paul D. Montclare** | **Partner, through his LLP**
T: 917.546.7704 | C: 917-670-0133 | F: (917) 546-7674 | pdm@msk.com
**Mitchell Silberberg & Knupp LLP** | www.msk.com
437 Madison Ave., 25th Floor, New York, NY 10022

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

---

**From:** Wolfsohn, David J. <DJWolfsohn@duanemorris.com>
**Sent:** Sunday, January 26, 2020 5:18 PM
**To:** Nguyen, Elaine <eln@msk.com>; Oxholm, Kendra <KCOxholm@duanemorris.com>; Marandola, Tyler R. <TMarandola@duanemorris.com>
**Cc:** Montclare, Paul <pdm@msk.com>; Williams, Matthew <mxw@msk.com>; Lichtman, Leo <lml@msk.com>; Carter, Timothy <tmc@msk.com>
**Subject:** [EXTERNAL] RE: Phillies v. Harrison/Erickson; C.A. No. 19-7239-VM-SN

[EXTERNAL MESSAGE]
Counsel,

The Rule 30(b)(6) notices are almost identical to the ones served a few weeks ago, which we already discussed during our last meet and confer.

We will be addressing these with Judge Netburn in Friday's letter.

I think we've already made our positions clear on these, but if you feel we need to discuss them further, I have a bit of time tomorrow in the late afternoon.  Otherwise, I'm booked for the rest of the week.

Best,

David

---

**From:** Nguyen, Elaine <eln@msk.com>
**Sent:** Friday, January 24, 2020 7:21 PM
**To:** Wolfsohn, David J. <DJWolfsohn@duanemorris.com>; Oxholm, Kendra <KCOxholm@duanemorris.com>; Marandola, Tyler R. <TMarandola@duanemorris.com>
**Cc:** Montclare, Paul <pdm@msk.com>; Williams, Matthew <mxw@msk.com>; Lichtman, Leo <lml@msk.com>; Carter, Timothy <tmc@msk.com>
**Subject:** Phillies v. Harrison/Erickson; C.A. No. 19-7239-VM-SN

Dear All,

Please see the attached amended Deposition Notices and Subpoenas.

Best,
Elaine



**Elaine Nguyen | Attorney-at-Law**
T: 917.546.7713 | eln@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.