AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Southern District of New York

| | | |
|---|---|---|
| THE PHILLIES | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   19-CV-7239 (VM) |
| HARRISON/ERICKSON, INCORPORATED, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:              MAJOR LEAGUE BASEBALL PROPERTIES, INC.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Schedule A.

| Place: Mitchell Silberberg & Knupp, LLP | Date and Time: |
|---|---|
| 437 Madison Avenue, 25th Floor | |
| New York, New York 10022 | 02/28/2020 9:00 am |

The deposition will be recorded by this method:     Videotape (TSG Reporting) and Stenographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      01/24/2020

                *CLERK OF COURT*

                                                OR

                                                                /s/ Paul D. Montclare

        *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Harrison Erickson, Inc., Harrison Erickson, Wayde Harrison and Bonnie Erickson                 , who issues or requests this subpoena, are:

Paul Montclare, Mitchell Silberberg & Knupp, LLP, 437 Madison Avenue, 25th Floor, NY, NY 10022
Email: pdm@msk.com; Telephone: 917-546-7704

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  19-CV-7239 (VM)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A
(Major League Baseball Properties, Inc.)

## DEFINITIONS

The following definitions apply:

1.      Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.      Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

4.      Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

5.      Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

6.      Defendants. The term "Defendants" means the Defendants in this litigation, Harrison/Erickson, Inc., Harrison Erickson, a partnership, and Wayde Harrison and Bonnie Erickson.

7.      Plaintiff or Phillies. The term "Plaintiff" or "Phillies" means Plaintiff in this litigation, The Phillies, a Pennsylvania limited Partnership.

8.      MLB. The term "MLB" means Major League Baseball.

9.      Including. The term "including" means including without limitation.

## RULES OF CONSTRUCTION

The following rules of construction apply:

1.      All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2.      And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      Number. The use of the singular form of any word includes the plural and vice versa.

## <u>TOPICS</u>

1.      All agreements with the Phillies concerning ownership, exploitation, licensing or enforcement of intellectual property rights, including intellectual property rights in the Phillie Phanatic and any derivatives thereof.

2.      All agreements designating MLB Properties or MLB as the agent of the Phillies.

3.      All revenues and profits by year and in total earned or received by the Phillies, its agents, MLB Properties Inc., MLB or other MLB clubs as a result of use (including intellectual property licensing, sales or enforcements/settlements/lawsuits) of the Phillie Phanatic and any derivatives thereof.

4.      Ownership, exploitation, licensing or enforcement of intellectual property rights in the Phillie Phanatic and any derivatives thereof.

5.      Authorship or creation of the Philly Phanatic and any derivatives thereof.

6.      All documents concerning derivatives of the Phillie Phanatic, authored, created, designed and/or licensed by MLB.

7.      All documents and communications concerning Defendants' copyright registration for the Phillie Phanatic.

8.      Your knowledge of Defendants, including all documents concerning this law suit or the termination notice served by Defendants on the Phillies and dated June 1, 2018.

9.      Your efforts to respond to the document requests attached to the subpoena.

10.     Your efforts to prepare for this deposition.

## DOCUMENT DEMANDS

1.      All agreements with the Phillies concerning ownership, exploitation, licensing or enforcement of intellectual property rights, including intellectual property rights in the Phillie Phanatic and any derivatives thereof.

2.      All agreements designating MLB Properties or MLB as the agent of the Phillies.

3.      Documents sufficient to show all revenues and profits by year and in total earned or received by the Phillies, its agents, MLB Properties Inc., MLB or other MLB clubs as a result of use (including intellectual property licensing, sales or enforcements/settlements/lawsuits) of the Phillie Phanatic and any derivatives thereof.

4.      All documents concerning ownership, exploitation, licensing or enforcement of intellectual property rights in the Phillie Phanatic and any derivatives thereof.

5.      All documents concerning who authored or created the Phillie Phanatic and any derivatives thereof.

6.      All documents concerning derivatives of the Phillie Phanatic, authored, created, designed and/or licensed by MLB.

7.      All documents concerning Defendants' copyright registration for the Phillie Phanatic.

8.      All documents concerning Defendants, including all documents concerning this law suit or the termination notice served by Defendants on the Phillies and dated June 1, 2018.