**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE PHILLIES, a Pennsylvania limited partnership, | CIVIL ACTION NO. 19-CV-7239 (VM) |
| Plaintiff-Counterclaim Defendant, | |
| v. | **HARRISON/ERICKSON, INCORPORATED, HARRISON ERICKSON, WAYDE HARRISON, AND BONNIE ERICKSON'S RULE 30(b)(6) DEPOSITION NOTICE TO THE PHILLIES** |
| HARRISON/ERICKSON, INCORPORATED, a New York corporation, HARRISON ERICKSON, a partnership, and WAYDE HARRISON and BONNIE ERICKSON, | |
| Defendants-Counterclaimants. | |

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants-Counterclaimants Harrison/Erickson, Incorporated, a New York corporation, Harrison Erickson, a partnership, and Wayde Harrison and Bonnie Erickson (collectively, "Defendants" or "Harrison/Erickson") in the above-captioned action, by its attorneys, will take the deposition upon oral examination of The Phillies, through one or more of its officers, directors, agents, or other persons who are most qualified, knowledgeable, and competent to testify on its behalf as to all matters known or reasonably available to The Phillies with respect to each of the Topics set forth below in the **Schedule A** attached hereto.

The deposition shall commence at 9:00 AM on February 26, 2020 at the offices of Mitchell Silberberg & Knupp LLP, 437 Madison Avenue, 25th Floor, New York, New York 10022, and will be conducted under oath before an officer authorized to take such testimony. The deposition will be recorded by videotape and stenographic means (and may be recorded by

real time transcription), and will continue on succeeding business days until completed or adjourned.

DATED:      January 24, 2020          MITCHELL SILBERBERG & KNUPP LLP
                New York, New York


By: /s/ Paul D. Montclare
     Paul D. Montclare (*pdm@msk.com*)
     Leo M. Lichtman (*lml@msk.com*)
     Elaine Nguyen (*eln@msk.com*)
     437 Madison Avenue, 25th Floor
     New York, NY 10022
     Telephone: (212) 509-3900
     Facsimile:  (212) 509-7239

     J. Matthew Williams (*mxw@msk.com*)
     1818 N St. NW, 7th Floor
     Washington, DC 20036
     Telephone: (202) 355-7900
     Facsimile: (202) 355-7899

     *Attorneys for Defendants and*
     *Counterclaim Plaintiffs Harrison/Erickson*
     *Incorporated, Harrison Erickson, Wayde*
     *Harrison, and Bonnie Erickson*

**SCHEDULE A**

**DEFINITIONS**

The following definitions apply:

  1.  Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

  2.  Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

  3.  Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

  4.  Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

  5.  Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to

the litigation.

6.      Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7.      Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.      MLB. The term "MLB" means Major League Baseball.

9.      Including. The term "including" means including without limitation.


## RULES OF CONSTRUCTION

The following rules of construction apply:

1.      All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2.      And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      Number. The use of the singular form of any word includes the plural and vice versa.

## TOPICS

1.      The Phillies' relationship with MLB Properties Inc. and MLB concerning intellectual property rights, including all agreements concerning rights in the Phanatic and any derivatives thereof and all agreements designating MLB Properties or MLB as the agent of the Phillies.

2.      The Phillies' relationships with any other agent concerning intellectual property rights in the Phanatic, including all agreements concerning rights in the Phanatic and any derivatives thereof.

3.      For the period subsequent to the effective date of the 1984 Agreement attached to the Complant, all revenues, receipts and profits by year and in total earned or received by the Phillies, its agents, MLB Properties Inc., MLB or other MLB clubs as a result of use (including intellectual property licensing, sales or enforcements/settlements/lawsuits) of the Phanatic and any derivatives thereof.

4.      Any authorship/co-authorship and ownership of the Phanatic and any derivatives thereof claimed by the Phillies in this case, including all creative contributions claimed to the Phanatic and any derivatives thereof, and the persons involved with each contribution and their relationships to the Phillies.

5.      The Phillies' relationship with Dave Raymond.

6.      Statements and communications by the Phillies, MLB Properties Inc., MLB, or any other agent of the Phillies that Defendants authored, created, conceived of, or owned the Phanatic and any derivatives thereof.

7.      Any derivative works of the Phanatic that the Phillies claim they, or other persons, may continue to use or exploit if the termination notice at issue in the case is effective,

including all creative contributions to the derivative works, the persons involved with each contribution and their relationships to the Phillies, the owner(s) of intellectual property rights in the derivative works, and whether each alleged derivative work was copied from or closely resembles a work delivered to the Phillies by Defendants.

8.      Any Phillies' efforts to create new derivative works of the Phanatic after receipt of the termination notice at issue in this case.

9.      The Phillies' valuation of intellectual property rights, including copyrights, in the Phanatic, and any derivative works thereof.

10.      All attributes of the Phanatic character the Phillies claim to have authored and own.

11.      All attributes of the Phanatic costume the Phillies claim to have co-authored and co-owned.

12.      The amount of damages that the Phillies claim would result if the termination notice at issue in the case is effective.

13.      The Phillies' knowledge of Defendants' claims of authorship of the Phanatic and derivatives thereof, including the Phillies' knowledge of the Defendants' copyright registration for the Phanatic and the timing of when the Phillies learned that Defendants claimed authorship of the Phanatic and derivatives thereof.

14.      When the Phillies formed a belief that Defendants fraudulently obtained the copyright registration for the Phanatic.

15.      When, if ever, the Phillies informed Defendants that the Phillies were or believed themselves to be the co-author of the Phanatic costume or the author of the Phanatic character.

16.      When the Phillies' first had any knowledge that the Copyright Act contained

termination provisions.

17.     The Phillies' understanding of the Copyright Act's termination provisions at the time they entered into the 1984 Assignment.

18.     Whether the Phillies believe that they may continue to create new derivative works of the Phanatic if the court holds that the termination notice at issue in this case is effective.

19.     All facts concerning the negotiation and execution of the 1984 Assignment, the March 1978 Agreement, the July 1978 Agreement, the 1979 Lawsuit and the 1979 Settlement.

20.     All facts concerning receipt and handling of the termination notice at issue in this case.

21.     All facts concerning the creation of the Phanatic Marks, including whether they were copied from or closely resemble works delivered to the Phillies by Defendants.

22.     The Phillies efforts to promote and advertise the Phanatic and derivatives thereof, including the amount spent per year and in total.

23.     The Phillies' intentions concerning use of the Phanatic and derivatives thereof if the termination notice at issue in the case is held by the court to be effective.

24.     The Phillies' position concerning what was deposited with Defendants' copyright registration for the Phanatic.

25.     All facts concerning the Phillies' damages claims in this case.

26.     The Phillies' efforts to respond to Defendants' discovery requests in this case, including their efforts to collect documents from MLB Properties Inc., MLB, Dave Raymond, Bill Giles, the Estate of Dave Montgomery, or any other third party.

27.     The Phillies' communications with any third party (other than their attorneys)

concerning this case, the termination notice at issue in this case, or Defendants.  For Defendants, this topic only applies to communications after the Phillies' receipt of the termination notice at issue in this case.