IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PHILLIES, a Pennsylvania limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>HARRISON/ERICKSON, INCORPORATED, a New York corporation, HARRISON ERICKSON, a partnership, and WAYDE HARRISON and BONNIE ERICKSON,<br><br>Defendants. | CIVIL ACTION NO. 19-7239-VM-SN<br><br>JURY TRIAL DEMANDED |

**OBJECTIONS AND RESPONSES TO DEFENDANTS'
SUBPOENA TO TESTIFY AT A DEPOSITION DIRECTED
TO MAJOR LEAGUE BASEBALL PROPERTIES, INC.**

Non-party Major League Baseball Properties ("MLBP"), pursuant to Federal Rules of Civil Procedure 26, 30, and 45, hereby serves its objections and responses to the "Topics" and "Document Demands" in Defendants' Subpoena to Testify at a Deposition Directed to Major League Baseball Properties, Inc. ("MLBP").

By agreeing to produce documents or a witness with respect to certain topics, neither Plaintiff nor MLBP is conceding the admissibility, relevancy, or materiality of any document produced or testimony provided.

## OBJECTIONS AND RESPONSES

## TOPICS

1. All agreements with the Phillies concerning ownership, exploitation, licensing or enforcement of intellectual property rights, including intellectual property rights in the Phillie Phanatic and any derivatives thereof.

**RESPONSE:**

MLBP objects to this Topic as unduly burdensome and not proportional to the needs of the case because it seeks testimony on a subject, in particular "all agreements," that is better suited to a written response or document production. The Phillies have produced the relevant provisions of the agreements between MLBP and The Phillies relating to intellectual property rights and licensing.

MLBP further objects to this Topic as irrelevant, overbroad, and unduly burdensome because it fails to identify a matter for examination that covers subject matter that is actually in dispute in the case. As set forth above, the Defendants have access to the relevant provisions of the agreements between MLBP and The Phillies relating to intellectual property rights and licensing. Defendants have not identified any additional information that they require from an MLBP witness.

MLBP further objects to this Topic because it fails to identify the matter for examination with reasonable particularity in that it seeks testimony with respect to "all agreements" and "intellectual property" rights. MLBP further objects to the use of the terms "ownership," "exploitation," "licensing," "enforcement," and "intellectual property rights" as vague, overbroad, and undefined. Such a broad description does not give MLBP sufficient guidance to allow it to prepare a witness to "testify about information known or reasonably available to the organization."

Subject to the foregoing Specific and General Objections, MLBP will not produce a witness to testify on this Topic, but is willing to meet and confer with Defendants and Plaintiff to determine if there is subject matter that is reasonably particular, in dispute, and relevant to any claim or defense in the case as to which MLBP could produce a witness to testify.

2. All agreements designating MLB Properties or MLB as the agent of the Phillies.

**RESPONSE:**

MLBP objects to this Topic as unduly burdensome and not proportional to the needs of the case because it seeks testimony on a subject, in particular "all agreements," that is better suited to a written response or document production. The Phillies have produced the portions of the agreements between MLBP and The Phillies designating MLBP as an agent of The Phillies for particular purposes.

MLBP further objects to this Topic as irrelevant, overbroad, and unduly burdensome because it fails to identify a matter for examination that covers subject matter that is actually in dispute in the case. As set forth above, the Defendants have access to the relevant portions of the agreements between MLBP and The Phillies designating MLBP as an agent of The Phillies for particular purposes. Defendants have not identified any additional information that they require from an MLBP witness.

MLBP further objects to this Topic because it fails to identify the matter for examination with reasonable particularity in that it seeks testimony with respect to "all agreements." Such a broad description does not give MLBP sufficient guidance to allow it to prepare a witness to "testify about information known or reasonably available to the organization."

Subject to the foregoing Specific and General Objections, MLBP will not produce a witness to testify on this Topic, but is willing to meet and confer with Defendants and Plaintiff to determine if there is subject matter that is reasonably particular, in dispute, and relevant to any claim or defense in the case as to which MLBP could produce a witness to testify.

3. All revenues and profits by year and in total earned or received by the Phillies, its agents, MLB Properties Inc., MLB or other MLB clubs as a result of use (including intellectual property licensing, sales or enforcements/settlements/lawsuits) of the Phillie Phanatic and any derivatives thereof.

**RESPONSE:**

MLBP objects to this Topic as irrelevant, overbroad, and unduly burdensome, as The Phillies' and MLBP's "revenues" and "profits" are not relevant to any claim or defense at issue in this case. Defendants have not made a claim for damages under the Copyright Act or any other law.

MLBP further objects to this Topic as unduly burdensome and not proportional to the needs of the case because it seeks testimony on a subject, in particular "all revenues and profits by year and in total," that, if it were relevant at all, is better suited to a written response or document production.

Subject to the foregoing Specific and General Objections, MLBP will not produce a witness to testify on this Topic, but is willing to meet and confer with Defendants and Plaintiff to determine if there is subject matter that is reasonably particular, in dispute, and relevant to any claim or defense in the case as to which MLBP could produce a witness to testify.

4. Ownership, exploitation, licensing or enforcement of intellectual property rights in the Phillie Phanatic and any derivatives thereof.

**RESPONSE:**

MLBP objects to this Topic because it fails to identify the matter for examination with reasonable particularity, and instead seeks testimony about the broad and undefined topics of "ownership," "exploitation," "licensing," and "enforcement" of "intellectual property rights." Such a broad description does not give MLBP sufficient guidance to allow it to prepare a witness to "testify about information known or reasonably available to the organization."

MLBP objects to the term "intellectual property" as overbroad and not proportional to the needs of the case to the extent it refers to something other than The Phillies' trademark rights relating to the Phillie Phanatic or the copyrights related to the Phillie Phanatic.

MLBP further objects to this Topic as irrelevant, overbroad, and unduly burdensome because it fails to identify a matter for examination that covers subject matter that is actually in dispute in the case. Defendants have access to the agreements between MLBP and The Phillies relating to intellectual property rights and licensing. Defendants have not identified any additional information that they require from an MLBP witness.

Subject to the foregoing Specific and General Objections, MLBP will not produce a witness to testify on this Topic, but is willing to meet and confer with Defendants and Plaintiff to determine if there is subject matter that is reasonably particular, in dispute, and relevant to any claim or defense in the case as to which MLBP could produce a witness to testify.

5.  Authorship or creation of the Philly Phanatic and any derivatives thereof.

**RESPONSE:**

MLBP objects to this Topic because it fails to identify the matter for examination with reasonable particularity, and instead seeks testimony about the broad and undefined topics of "authorship" and "creation" of the "Philly [*sic*] Phanatic" and unspecified "derivatives

5

thereof." Such a broad description does not give MLBP sufficient guidance to allow it to prepare a witness to "testify about information known or reasonably available to the organization."

MLBP further objects to this Topic as unduly burdensome and not proportional to the needs of the case because it seeks testimony on a subject that is better suited to a written response or document production. The Phillies have already produced documents sufficient to show the merchandise at issue in this case and a model license agreement for merchandise with MLBP.

MLBP further objects to this Topic to the extent it seeks information or testimony that are subject to the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity.

MLBP further objects to this Topic as irrelevant, overbroad, and unduly burdensome because it fails to identify a matter for examination that covers subject matter that is actually in dispute in the case.

Subject to the foregoing Specific and General Objections, MLBP will not produce a witness to testify about the original Phanatic costume because it has no first-hand knowledge about that topic. With respect to derivatives, MLBP understands that The Phillies will provide testimony on this subject. MLBP is nonetheless willing to meet and confer with Defendants and to determine if there is additional subject matter that is reasonably particular, in dispute, and relevant to any claim or defense in the case as to which MLBP could produce a witness to testify.

6.  All documents concerning derivatives of the Phillie Phanatic, authored, created, designed and/or licensed by MLB.

**RESPONSE:**

MLBP objects to this Topic as unduly burdensome and not proportional to the needs of the case because it seeks testimony on a subject, in particular "all documents," that is better suited to a written response or document production. The Phillies have already produced documents sufficient to show the merchandise at issue in this case and a model license agreement for merchandise with MLBP.

MLBP further objects to this Topic because it fails to identify the matter for examination with reasonable particularity in that it seeks testimony with respect to "all documents." Such a broad description does not give MLBP sufficient guidance to allow it to prepare a witness to "testify about information known or reasonably available to the organization."

MLBP further objects to this Topic as irrelevant, overbroad, and unduly burdensome because it fails to identify a matter for examination that covers subject matter that is actually in dispute in the case. Defendants have not identified any additional information that they require from an MLBP witness beyond what is shown in documents already produced by the Phillies in the case.

Subject to the foregoing Specific and General Objections, MLBP will not produce a witness to testify on this Topic, but is willing to meet and confer with Defendants and Plaintiff to determine if there is subject matter that is reasonably particular, in dispute, and relevant to any claim or defense in the case as to which MLBP could produce a witness to testify.

7. All documents and communications concerning Defendants' copyright registration for the Phillie Phanatic.

**RESPONSE:**

MLBP objects to this Topic because it fails to identify the matter for examination with reasonable particularity in that it seeks testimony with respect to "all documents and communications." Such a broad description does not give MLBP sufficient guidance to allow it to prepare a witness to "testify about information known or reasonably available to the organization."

MLBP further objects to this Topic as unduly burdensome and not proportional to the needs of the case because it seeks testimony on a subject that is better suited to a written response or document production.

MLBP further objects to this Topic to the extent it seeks information or testimony that are subject to the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity.

MLBP further objects to this Topic as overbroad and unduly burdensome because it fails to identify a matter for examination that covers subject matter that is actually in dispute in the case.

Subject to the foregoing Specific and General Objections, MLBP will not produce a witness to testify on this Topic because MLBP does not have any non-privileged-or-protected information responsive to this Topic.

8. Your knowledge of Defendants, including all documents concerning this law suit or the termination notice served by Defendants on the Phillies and dated June 1, 2018.

**RESPONSE:**

MLBP objects to this Topic because it fails to identify the matter for examination with reasonable particularity in that it seeks testimony with respect to "all documents concerning this law suit or the termination notice." Such a broad description does not give MLBP

8

sufficient guidance to allow it to prepare a witness to "testify about information known or reasonably available to the organization."

MLBP further objects to this Topic to the extent it seeks information or testimony that are subject to the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity.

MLBP further objects to the portion of this Topic seeking testimony concerning MLBP's "knowledge of Defendants" as not relevant to any claim or defense at issue in this case.

Subject to the foregoing Specific and General Objections, MLBP will not produce a witness to testify on this Topic because MLBP does not have any non-privileged-or-protected information responsive to this Topic.

9. Your efforts to respond to the document requests attached to the subpoena.

**RESPONSE:**

MLBP objects to this Topic to the extent it seeks information or testimony that are subject to the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity.

MLBP further objects to this Topic as improper "discovery on discovery." Defendants have not provided a factual basis or explanation as to why such discovery would be necessary or proportional to the needs of the case.

MLBP further objects to this Topic as not relevant to any claim or defense at issue in this case.

Subject to the foregoing Specific and General Objections, MLBP will not produce a witness to testify on this Topic.

10.     Your efforts to prepare for this deposition.

**RESPONSE:**

MLBP objects to this Topic to the extent it seeks information or testimony that are subject to the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity.

Subject to the foregoing Specific and General Objections, MLBP will not produce a witness to testify on this Topic.

## DOCUMENT DEMANDS

1.     All agreements with the Phillies concerning ownership, exploitation, licensing or enforcement of intellectual property rights, including intellectual property rights in the Phillie Phanatic and any derivatives thereof.

**RESPONSE:**

MLBP objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all agreements" related to broad and undefined subjects such as "exploitation," "licensing," and "enforcement."

MLBP further objects to the use of the term "intellectual property rights" as overbroad to the extent it refers to anything other than copyrights or trademark rights.

Subject to the foregoing Specific and General Objections, MLBP refers to documents already produced by The Phillies, specifically the portions of any agreements between MLBP and The Phillies that relate to the agency relationship between MLBP and The Phillies or the licensing of copyright or trademark rights.

2.     All agreements designating MLB Properties or MLB as the agent of the Phillies.

**RESPONSE:**

1

MLBP objects to this Request to the extent it seeks portions of agreements that contain confidential or proprietary information that is not relevant to this case, and MLBP will not produce such portions.

Subject to the foregoing Specific and General Objections, MLBP refers to documents already produced by The Phillies, specifically the portions of any agreements between MLBP and The Phillies that relate to the agency relationship between MLBP and The Phillies or the licensing of copyright or trademark rights.

3. Documents sufficient to show all revenues and profits by year and in total earned or received by the Phillies, its agents, MLB Properties Inc., MLB or other MLB clubs as a result of use (including intellectual property licensing, sales or enforcements/settlements/lawsuits) of the Phillie Phanatic and any derivatives thereof.

**RESPONSE:**

MLBP objects to this Request as irrelevant, overbroad, and unduly burdensome, because The Phillies' or MLBP's "revenues" and "profits" are not relevant to any claim or defense at issue in this case. Defendants have not made a claim for damages under the Copyright Act or any other law.

Subject to the foregoing Specific and General Objections, MLBP will not produce documents in response to this Request.

4. All documents concerning ownership, exploitation, licensing or enforcement of intellectual property rights in the Phillie Phanatic and any derivatives thereof.

**RESPONSE:**

1

MLBP objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all documents" related to broad and undefined subjects such as "exploitation," "licensing," and "enforcement."

MLBP further objects to the use of the term "intellectual property rights" as overbroad to the extent it refers to anything other than copyrights or trademark rights.

MLBP further objects to this Request to the extent it seeks documents that are subject to the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity.

Subject to the foregoing Specific and General Objections, MLBP refers to documents already produced by The Phillies, specifically the portions of any agreements between MLBP and The Phillies that relate to the agency relationship between MLBP and The Phillies or the licensing of copyright or trademark rights, documents relating to the enforcement of copyright or trademark rights in the Phillie Phanatic, and documents sufficient to show Phanatic merchandise licensed by MLBP.

5.  All documents concerning who authored or created the Phillie Phanatic and any derivatives thereof.

**RESPONSE:**

MLBP objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all documents" related to broad and undefined subjects, such as who "authored" or "created" the Phillie Phanatic and any derivatives thereof.

MLBP further objects to this Request to the extent it seeks documents that are subject to the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity.

MLBP further objects to this Request to the extent it seeks information about third parties that is proprietary and confidential to those third parties.

Subject to the foregoing Specific and General Objections, MLBP refers to documents already produced by The Phillies, specifically documents sufficient to show Phanatic merchandise licensed by MLB.

6.      All documents concerning derivatives of the Phillie Phanatic, authored, created, designed and/or licensed by MLBP.

**RESPONSE:**

MLBP objects to this Request as irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "all documents" related to broad derivatives of the Phillie Phanatic.  Documents beyond those sufficient to show the derivative works at issue in this case are not relevant to any claim or defense in the case.

MLBP further objects to this Request to the extent it seeks documents that are subject to the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity.

MLBP further objects to this Request to the extent it seeks information about third parties that is proprietary and confidential to those third parties.

Subject to the foregoing Specific and General Objections, MLBP refers to documents already produced by The Phillies, specifically documents sufficient to show Phanatic merchandise licensed by MLBP.

1

7. All documents concerning Defendants' copyright registration for the Phillie Phanatic.

**RESPONSE:**

MLBP objects to this Request to the extent it seeks documents that are subject to the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity.

Subject to the foregoing Specific and General Objections, MLBP states that, based on its reasonable investigation to date, MLBP is not aware of any non-privileged-or-protected documents in its possession, custody, or control responsive to this Request.

8. All documents concerning Defendants, including all documents concerning this law suit or the termination notice served by Defendants on the Phillies and dated June 1, 2018.

**RESPONSE:**

MLBP objects to this Request to the extent it seeks documents that are subject to the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other applicable privilege or immunity.

MLBP further objects to this Request as not relevant to any claim or defense at issue in the case.

Subject to the foregoing Specific and General Objections, MLBP will not produce documents in response to this Request.

| | |
|---|---|
| Dated: February 10, 2020 | DUANE MORRIS LLP |

By: */s/David J. Wolfsohn*
David J. Wolfsohn (PA ID No. 57974)
djwolfsohn@duanemorris.com
*(admitted pro hac vice)*
Tyler R. Marandola (PA ID No. 313585)
tmarandola@duanemorris.com
*(admitted pro hac vice)*
Kendra C. Oxholm (NY ID No. 5267828)
kcoxholm@duanemorris.com
30 South 17th Street
Philadelphia, PA 19103
Tel:    (215) 979-1000
Fax:   (215) 979-1020

and

David T. McTaggart (NY ID 4097598)
dtmctaggart@duanemorris.com
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Tel:    (212) 692-1000
Fax:   (212) 202-4931

*Attorneys for Plaintiff, The Phillies*

1

## CERTIFICATE OF SERVICE

I, Tyler Marandola, hereby certify that on February 10, 2020, I caused to be served, via electronic mail, a true and correct copy of the foregoing Objections And Responses To Defendants' Subpoena To Testify at a Deposition Directed To Major League Baseball Properties, Inc. upon the following:

>Paul D. Montclare, Esq.
>pdm@msk.com
>Elaine Nguyen, Esq.
>eln@msk.com
>Mitchell Silberberg & Knupp LLP
>437 Madison Avenue, 25th Floor
>New York, NY 10022
>
>J. Matthew Williams, Esq.
>mxw@msk.com
>Leo M. Lichtman, Esq.
>lml@msk.com
>Mitchell Silberberg & Knupp LLP
>1818 N Street NW, 7th Floor
>Washington, DC 20036

                              /s/Tyler Marandola