| | |
|---|---|
| **From:** | Williams, Matthew |
| **To:** | "Marandola, Tyler R." |
| **Cc:** | Montclare, Paul; Lichtman, Leo; Nguyen, Elaine; Wolfsohn, David J.; Oxholm, Kendra |
| **Subject:** | RE: H/E-Phillies -- Discovery Issues |
| **Date:** | Thursday, March 12, 2020 4:44:33 PM |

Tyler,

Your email is unnecessarily combative when we have tried very hard in the emails below to be cordial and your descriptions of the meeting and other facts are inaccurate to say the least, but I am not going to engage in an extensive back-and-forth on all of the inaccuracies.  We will just file our submission to the court.

I will say that we certainly did more than just "stare" at you during a long meeting where we tried at every turn to keep focused on reaching (i) resolutions or (ii) clarity on where we disagreed.

I will also say that we explained our position on the relevance of issues related to derivative works and others, and we did not agree that any witness could simply behave as a "parrot."

Finally, David's theatrical, impromptu demand that we go down to his office -- after a deposition and in the middle of a meet and confer where we were trying in good faith to narrow the issues that need to be presented to Judge Netburn today – to sift through a bunch of boxes of documents and try to determine which ones had been produced and which ones had been withheld was not even close to something that could be taken seriously.

Your accusations about our clients destroying things in an inappropriate manner are not based on any facts whatsoever.  You already took their depositions, and know that to be the case.

Regards,
Matt



**J. Matthew Williams** | **Partner, through his professional corporation**
T: 202.355.7904 | mxw@msk.com
**Mitchell Silberberg & Knupp LLP** | **www.msk.com**
1818 N Street NW, 7th Floor, Washington, DC 20036

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Marandola, Tyler R. <TMarandola@duanemorris.com>
**Sent:** Thursday, March 12, 2020 3:16 PM
**To:** Williams, Matthew <mxw@msk.com>

**Cc:** Montclare, Paul <pdm@msk.com>; Lichtman, Leo <lml@msk.com>; Nguyen, Elaine <eln@msk.com>; Wolfsohn, David J. <DJWolfsohn@duanemorris.com>; Oxholm, Kendra <KCOxholm@duanemorris.com>
**Subject:** [EXTERNAL] RE: H/E-Phillies -- Discovery Issues

[EXTERNAL MESSAGE]
Matt,

I've added our comments in green.

Best regards,
Tyler


**Tyler R. Marandola**
Associate

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
**P:** +1 215 979 1529
**F:** +1 215 689 1914

TMarandola@duanemorris.com
www.duanemorris.com

---

**From:** Williams, Matthew <mxw@msk.com>
**Sent:** Thursday, March 12, 2020 10:41 AM
**To:** Wolfsohn, David J. <DJWolfsohn@duanemorris.com>; Marandola, Tyler R. <TMarandola@duanemorris.com>; Oxholm, Kendra <KCOxholm@duanemorris.com>
**Cc:** Montclare, Paul <pdm@msk.com>; Lichtman, Leo <lml@msk.com>; Nguyen, Elaine <eln@msk.com>
**Subject:** RE: H/E-Phillies -- Discovery Issues


Counsel,

The below summarizes our understanding of your positions on issues based on the lengthy meet and confer we had yesterday.  If you believe anything in the below is inaccurate, please let us know as soon as possible.

I have nor tried to summarize everything said during our meeting, as the letters to Judge Netburn are due today and I do not want us to get distracted by an argumentative back and forth about exactly what was said.

Regards,
Matt

**From:** Williams, Matthew
**Sent:** Tuesday, March 10, 2020 3:44 PM
**To:** 'Wolfsohn, David J.' <DJWolfsohn@duanemorris.com>; Marandola, Tyler R. <TMarandola@duanemorris.com>; Oxholm, Kendra <KCOxholm@duanemorris.com>
**Cc:** Montclare, Paul <pdm@msk.com>; Lichtman, Leo <lml@msk.com>; Nguyen, Elaine <eln@msk.com>
**Subject:** H/E-Phillies -- Discovery Issues

Counsel,

As you know, the parties currently have a deadline of March 12 to submit letters to Judge Netburn concerning discovery disputes. I write to address several topics, and hope that the parties are able to discuss and resolve any issues without needing to present them to Judge Netburn. We are available to discuss tomorrow after the Webb deposition.

(1) We served document requests with each third party subpoena we served, including for Mr. Webb, Mr. Raymond, and Ms. Long. We received no objections to these document requests (setting aside MLB), but it also appears we have received no documents from these witnesses, who are all scheduled for deposition (Mr. Webb being tomorrow). Please let us know when you will be producing responsive documents. You stated that you requested documents from these witnesses, and that they do not possess any responsive documents. You stated that Mr. Raymond and Ms. Long left all of their Phillies related files with the Phillies and that those files have been reviewed for responsive documents by your firm. We requested documents concerning Mr. Raymond's involvement in the process by which the Phillies worked on the costume that Mr. Burgoyne is currently wearing in spring training (referred to in the Brandreth deposition as "P2"). Your position appears to be that none of those documents will be willingly produced absent court order. First, we did not say that Mr. Raymond left all his files with the Phillies. Mr. Raymond left The Phillies almost three decades ago so we doubt he recalls what he may have had back then and what he left with The Phillies. In any event, other than email correspondence relating to P2, Mr. Raymond does not have responsive documents. Second, we do continue to have a disagreement regarding documents related to Mr. Raymond's "involvement in the process" of creating P2, as well as emails generally about the process. We asked on several occasions why the "process" leading up to the derivative work was relevant, and you were not able to explain. As we explained to you numerous times, the process of creating a derivative work and the intent behind that creation are not relevant to 203(b)(1). You were either unable or unwilling to cite any case to the contrary.

(2) The depositions of Mr. Burgoyne and Mr. Brandreth made clear that the Phillies created the costume in which Mr. Burgoyne is now performing in an effort to avoid or reduce the impact of our clients' termination notice. Moreover, none of the documents related to the meetings and work concerning the creation of that costume or related items; the engagements and work of Mr. Raymond, Mr. Carfagno and Mr. Sapp; or other related documents and communications have been produced. It is clear from the testimony that these things exist. Please let us know when they will be produced. (We hope to avoid the need to seek the depositions of Mr. Carfagno and Mr. Sapp, assuming you agree not to submit declarations from them or present them at trial, but that will depend in part on your position on the 30(b)(6) topics addressed below, documents, and the testimony of Mr. Raymond.) As stated above, your position

appeared to be that none of these documents will be willingly produced absent a court order.  Again, section 203(b)(1) expressly and unequivocally provides that derivative works may be prepared before the termination date and utilized thereafter.  Your argument that performing precisely what the statute provides for somehow "reduces the impact of [your] clients' termination notice" is specious. Your clients' termination notice, putting aside its invalidity, would only permit your clients to recapture rights that the statute says they could recapture.  Under no circumstances can they recapture rights covered by section 203(b)(1).  We explained this to you yesterday, and you had no response other than to stare at us.  Given the plain language of 203(b)(1), these documents are not relevant.

(3) During the parties' last teleconference with Judge Netburn, she instructed the parties to proceed with depositions of fact witnesses and other discovery before revisiting the scope of the Phillies' 30(b)(6) deposition.  After taking the depositions of Mr. Burgoyne, Mr. Giles and Mr. Brandreth -- who could not recall information in many instances, or said they did not have information, or identified important documents that have not yet been produced – we continue to believe a 30(b)(6) deposition, with a prepared witness who will speak for the Phillies as a party, is necessary.  However, we offer below a reduced number of topics for your consideration.  For some of the topics, Judge Netburn already ruled or you already agreed to produce a witness.  We suggest that Dave Buck (who is already scheduled for March 25) and Howard Smith (who was identified during depositions as having information, and is therefore of interest) could be prepared to speak to all of these topics, and we could agree to take their depositions in their individual capacity and corporate capacity consecutively (hopefully just one day for each witness, or less).

   i.  The Phillies' relationship with MLB Properties Inc., MLB, or any other agent, concerning intellectual property rights in the Phanatic and any derivatives thereof, including agreements with MLB Properties Inc., MLB, or any other agent, concerning such rights. You agreed to locate and produce earlier versions of agreements between the Phillies and MLB responsive to this topic and to produce a witness on this topic (on which Judge Netburn already ruled).  We explained that this witness would merely parrot what the agreements state, and you were fine with that.

   ii.  Statements and communications by The Phillies, MLB Properties Inc., MLB, or any other agent or predecessor that, prior to the 1984 assignment, Defendants authored the Phanatic costume or character or owned the copyright thereto in any respect. This topic includes statements or communications made during efforts to enforce copyright rights in the Phanatic or derivatives thereof, including related references to Defendants' copyright registration. You agreed to produce a witness on this topic.

   iii.  The Phillies' intentions concerning prospective use of the Phanatic and derivatives thereof, including its intentions concerning the Phanatic costume introduced to the public on February 23, 2020 and products or services based thereon.  You agreed to produce a witness on this topic.

   iv.  The amount and bases of the Phillies' alleged damages. You agreed to produce a witness on this topic.

    v.    The Phillies' efforts to respond to Defendants' discovery requests in this case, including efforts to collect documents from third parties.  You provided us with some information concerning your document collection and review efforts, but objected to producing a witness on this topic. We objected to providing a witness on this topic because "discovery on discovery" is disfavored and requires a party to provide an "adequate factual basis" for its belief that the discovery is warranted, along with a far more specific area of inquiry than any efforts to respond to all discovery requests. You haven't articulated any specific questions you have that would somehow require an organizational witness. We have tried to be transparent about The Phillies efforts to collect and produce documents, and offered to let you come look at the boxes of paper documents that we painstakingly gathered and scanned for production. You declined.  By contrast, your client destroyed almost all of its agreements that would provide benchmarks for the market value of its similar costumes, destroyed all of its records relating to the 1979 litigation, destroyed the sketch attached to the March 1978 agreement, destroyed the sketches sent by The Phillies in March 1978, and destroyed all of Wayde Harrison's business logs/diaries.  You have failed and refused to provide us with any explanation for your client's purges, or to state when they took place.

    vi.    When and to what extent The Phillies were informed that Defendants claimed sole authorship of the Phanatic costume and character.  You offered to draft a stipulation to address this topic given the number of documents that address the issues, which we agreed to review and consider.

    vii.    Creative contributions by, for or on behalf of The Phillies to any of the following:

    a.  the Phanatic costume or character; You agreed to produce a witness on this topic.

    b.  the Phanatic costume introduced to the public on February 23, 2020 and any products or services based thereon; You did not agree to produce a witness on this topic. To be clear, our position here is the same as with number 2 above with respect to the process leading to the derivative work. We believe the "creative contributions" are evident from a comparison of the two, and you've already taken or will take the depositions of individuals who worked on P2. Beyond that, we don't understand what you are looking for from an organizational witness, and you failed and refused to offer us an explanation yesterday.

    c.  the MLB Style Guide; You agreed to produce a witness on this topic, but asked us to inform you of whether we need the witness to prepare to address all iterations of the style guides or only some or a portion.

    d.  Nos. 1, 40-42, 48, 63, 64, 73-79, 82-89, 100-104, 106, 193, 327-336, 338-340 on The Phillies Appendix A to Plaintiff's Supplemental Response to Defendants' Interrogatory Nos. 5 and 6. You did not give a final position on this, but suggested that you might draft a stipulation for our review. The reason that we suggested a potential stipulation here is that many of the

> drawings/artwork were done by your clients, and we remain unclear on what exactly you want an organizational witness to say about them. You weren't able to articulate that yesterday either.

    viii.    When The Phillies, or its attorneys, first informed Defendants of the Phillies' position that Defendants' committed fraud on the Copyright Office. You offered to draft a stipulation for our review stating that the Phillies never informed our clients of this position until after service of the termination notice.

    ix.    Whether The Phillies, or its attorneys, had knowledge, at the time of the 1984 assignment, that the Copyright Act contained termination provisions. We raised concerns about the Phillies alleging that they had no knowledge of termination in 1984, while also withholding some documents based on privilege or work product assertions. You offered to draft a letter stating that you reviewed all of the documents that have not been produced and to state in the letter that none of them refer in any way to termination. We agreed to consider that approach, and would also like that letter to address whether the documents refer to copyrights being of limited duration. We agreed to review privileged, withheld documents and to confirm that none of them show that The Phillies or its attorneys had knowledge at the time of the 1984 Assignment that the Copyright Act contained termination provisions. We did not discuss the other point and will not agree to do that review, which is a broad and vague request that you're now making for the first time.

    x.    The Phillies' efforts to promote and advertise the Phanatic and derivatives thereof, including the amount spent per year and in total. [Note: You have offered to produce a spreadsheet with this information, but we will need to know the sources of the information for the spreadsheet, who prepared it and how, and have the ability to test its accuracy through questioning.] You stated that you would produce documents addressing all expenditures the Phillies intend to use to support the allegations of the complaint and to produce a witness on this topic.

    xi.    All revenues and profits by year and in total earned or received by the Phillies, its agents, MLB Properties Inc., MLB, or other MLB clubs as a result of use (including intellectual property licensing, sales or enforcements/settlements/lawsuits) of the Phanatic and any derivatives thereof. [Note: We are open to considering production of a spreadsheet with this information, but we will need to know the sources of the information for the spreadsheet, who prepared it and how, and have the ability to test its accuracy through questioning.] We continue to have a dispute on this topic. Indeed we do, given that the Judge already ruled that this is an inappropriate topic for organizational testimony, *see* Trans. of Feb. 13 Hearing, at 17:11-16, and that any briefing should be limited to whether ***documents*** are discoverable.

(4) We also believe that a Rule 30(b)(6) deposition of MLB is necessary, and that MLB should produce documents in response to the subpoena. However, we are willing to reduce the number of topics and document requests, and suggest that the parties agree

> to revisit this issue upon completion of the Phillies' 30(b)(6) deposition (with an understanding that might require a short extension of fact discovery for this purpose). You agreed to this proposal.

The above reflects an attempt to compromise on disputed issues. All of the issues discussed above are presented without waiver of our right at a later time, including in our letter to Judge Netburn, or in a dispositive motion or at trial, to present or argue any particular issue.

Regards,
Matt



**J. Matthew Williams** | **Partner, through his professional corporation**
T: 202.355.7904 | mxw@msk.com
**Mitchell Silberberg & Knupp LLP** | **www.msk.com**
1818 N Street NW, 7th Floor, Washington, DC 20036

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.