

| | | |
|---|---|---|
| NEW YORK | **Duane Morris®** | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | DAVID J. WOLFSOHN | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 215 979 1866 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 215 689 2739 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* DJWolfsohn@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | *www.duanemorris.com* | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

May 13, 2020

The Honorable Sarah Netburn
United States Magistrate Judge
U.S. District Court for the Southern
District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY  10007

    Re: <u>*The Phillies v. Harrison/Erickson, Inc., et al.*, C.A. No. 19-7239-VM-SN</u>

Dear Judge Netburn:

   This letter responds to Mr. Williams' letter filed last night.

   Defendants' argument that they are being prevented from getting testimony on Topic 3(vii)(b)—the creative contributions to P2—is absurd.  In fact, we offered defendants a Rule 30(b)(6) witness on the ***identical topic***—Topic 3(vii)(d) (Item 100)—last Thursday, but ***they inexplicably declined to ask him any questions regarding it.***  Defendants' utter lack of interest in this topic is presumably because they have already deposed no fewer than ***five*** Phillies witnesses regarding P2, including testimony regarding the Phillies' creative contributions to its design.  Moreover, defense counsel fail to inform the Court that, on April 27, I sent them a list of what I believed to be the outstanding 30(b)(6) topics.  That list omitted Topic 3(vii)(b), but the identical Topic 3(vii)(d) (Item 100) ***was*** listed.  On April 29, I asked defense counsel whether there were any other topics that needed to be covered and, until yesterday, they never responded, much less argued that they needed a witness on Topic 3(vii)(b).  They then waited until a week after the last of the Rule 30(b)(6) witnesses had testified—and two days before their expert report is due—to argue that are now suddenly interested in examining a witness on the same topic that they were uninterested in last week when a fully prepared witness was in front of them.  It is unclear what would motivate defendants to make such a cynically disingenuous request, much less to accuse The Phillies of "gamesmanship."  That aside, Defendants' eleventh-hour request for yet another extension for serving their expert report is utterly meritless and should be denied.

DuaneMorris

The Honorable Sarah Netburn
May 13, 2020
Page 2

     On April 23, 2020, The Phillies presented their first Rule 30(b)(6) witness—Phillies executive vice president Dave Buck.  Mr. Buck testified on Topics 3(i), 3(ii), 3(iii), 3(iv), 3(vii)(a) (costume), and x from Mr. Williams' March 10 letter.  Approximately thirty pages of that transcript concerns P2.  At the end of the deposition, Phillies counsel reminded defense counsel that he had forgotten to examine Mr. Buck on one of the proffered P2-related topics.  Exh. A, April 23, 2020 Buck Dep. at 216-17 (Mr. Wolfsohn: "Paul, you're not going to ask about little Roman Numeral iii?" Mr. Montclare:  "Thank you so much.  As a matter of fact, I have it written down on my notes and I didn't – didn't see that.").

     Given the need to ensure that no topics were inadvertently omitted, on April 27, I sent defense counsel a list of the topics I thought remained after Mr. Buck's deposition: "By my reckoning, the remaining items from the Rule 30(b)(6) notice to The Phillies as reflected in Matt's March 10 email are: (1) vii.a. Phanatic character[;] (2) vii.c[;] (3) vii.d.  Can you let me know whether you still feel you need a witness on these topics?"  Exh. B, April 27, 2020 email from D. Wolfsohn to Defense Counsel.  Defense counsel responded on the evening of April 28th, saying that defendants needed 30(b)(6) testimony on a number of other topics, but failing to provide a precise list.  Exh. C, April 28, 2020 email from L. Lichtman, Esq. to D. Wolfsohn.  Given that email's vagueness, the next morning, I asked defense counsel to provide "as soon as possible a complete list of the topics set forth in Matt's March 10 email on which you believe you still need 30(b)(6) testimony."  Exh. D, April 29 email from D. Wolfsohn to L. Lichtman, Esq.  ***I never received a response to this April 29 inquiry.***  Accordingly, The Phillies proceeded per my April 27 list of topics.

     In accordance with my April 27 list, on April 30, Phillies counsel indicated that all the remaining topics—vii (a), vii(c), and vii(d)—could be covered the next Wednesday or Thursday.  Exh. E, April 30 email from D. Wolfsohn to Defense Counsel.  Topic vii (d) concerns the "creative contributions by, for or on behalf of The Phillies" to various derivative or noninfringing Phanatic-related works that are pictured in an appendix to one of The Phillies' interrogatory answers, including Item 100.  ***Item 100 in this appendix is P2.***  This topic is therefore identical to Topic vii (b), which concerns creative contributions to the costume that was introduced to the public on February 23, 2020, i.e., P-2.  Tellingly, at no time until yesterday did defense counsel suggest that they needed an additional witness on the duplicative Topic vii(b).

     Nor can there be any question that defense counsel is acutely aware of the fact that the costume introduced to the public on February 23, 2020 is P2, and that Item 100 is the design for P2.  At defendants' February 15 deposition of Tom Burgoyne—the current Phillie Phanatic—Burgoyne testified that Item 100 on Appendix A is a reproduction of P2—a blowup of which defendants marked as Burgoyne 7.  Exh. F, Burgoyne Tr. at pp. 65-74 (discussing changes to Phanatic and planned debut; identifying the builder of the P2 costume; listing modifications); 111 (testifying that Item 100 on Appendix A is P2).[1]

---

[1] The cited deposition excerpts contains confidential testimony about The Phillies' design work on P2 and its ongoing and future plans for P2.  Because Defendants filed their letter the evening

DuaneMorris

The Honorable Sarah Netburn
May 13, 2020
Page 3

Similarly, at defendants' deposition of Scott Brandreth on February 28, Mr. Brandreth explained again that Item 100 in the appendix is P2: "Q.  Look at item 100 on page 34 of the [Appendix A—marked as D-13].  What is depicted in the left-hand column with respect to the design?  What is that?  A.  That is the P2 design."  Exh. G, Feb. 28, 2020 Brandreth Dep. at 102:19-24.  Mr. Brandreth also explained that P2 had had his debut in Clearwater at spring training on February 23.  Exh. G,  Feb. 28, 2020 Brandreth Dep. at 41:24-42:1 ("Q.  When was he actually introduced to the public, P2?  A.  Sunday."). Defendants then proceeded to ask Mr. Brandreth about the very subject they say they have been "prevented from getting," in particular, "how [P2] differs from the original Phanatic."  Exh. G, Feb. 28, 2020 Brandreth Dep. at 110:20-111:14.[2]  All told, Mr. Brandreth's 30(b)(1) testimony about P2 covered about 60 pages of transcript.

Then, at the deposition of Chrissy Long on April 10, defense counsel defined "P2" as synonymous with the costume introduced to the public on February 23, 2020:

"Q. Ms. Long, are you familiar with the altered Phanatic costume that first appeared at spring training this year publicly?
"A.  I am.
"Q.  Okay.  In the litigation, we've been referring to that as P2.  So if you're comfortable with that, I'll refer to it as P2."  Exh. H, April 10, 2020 Long Dep. at 113:10-17.

Defense counsel then questioned Ms. Long about P2 in what now takes up about 25 transcript pages.

A few days later, at the April 14 deposition of the original Phillie Phanatic--Dave Raymond— Defendants questioned him about P2 in what takes up over **150 pages** of transcript.[3] Mr. Raymond was engaged by The Phillies to coordinate the design and manufacture of the new costume, so much of those 150 pages concerns the design of P2, including The Phillies' creative contributions to that design.

---

before the hearing, The Phillies have not made a letter motion for permission to file Exhibit F under seal, and instead have sent Exhibit F by email to the Court.  Should the Court wish for The Phillies to formally move for permission to file Exhibit F under seal, The Phillies will do so.

[2] As with Mr. Burgoyne's testimony, certain of the testimony contained in the cited portions of Mr. Brandreth's deposition contain confidential information about the design work on P2.  Accordingly, The Phillies are providing the Court with Exhibit G by email.

[3] The Phillies are not including these pages as an exhibit both because they contain confidential design information and because of their volume.  If the Court would like to review the material, The Phillies will of course promptly provide it to the Court.



The Honorable Sarah Netburn
May 13, 2020
Page 4

      Next at bat was the second deposition of Mr. Brandreth on May 7, who was designated to testify on two of the remaining three topics listed in my April 27 email, specifically Topics vii(c) and vii(d).  As noted, Topic vii(d) includes "creative contributions by, for or on behalf of The Phillies" to No. 100 "on The Phillies Appendix A to Plaintiff's Supplemental Response to Defendants' Interrogatory Nos. 5 and 6."  As explained above, No. 100 is P2—the design for "the Phanatic costume introduced to the public on February 23, 2020"—as also set forth in the redundant Topic vii(b).  Although defense counsel spent over four hours examining Mr. Brandreth, for reasons that defendants have refused to divulge, they did not ask Brandreth about Item 100—the design for P2.  That omission is telling but not surprising, as it would be hard to believe that defendants have anything left to ask.

      When I wrote to defense counsel on April 27 listing the remaining topics, defense counsel never suggested that vii(b) should still be on the list.  Nonetheless, we proffered a fully prepared witness on the identical Topic vii(d).  Defendants' apparently deliberate choice not to examine the witness on that topic cannot justify further delay in the serving of expert reports, which have already been delayed twice.[4]  We therefore respectfully request that defendants' request set forth in their letter from last night be denied.

                                                Respectfully,

                                               */s/David J. Wolfsohn*

                                               David J. Wolfsohn

DJW
cc:    Paul D. Montclare, Esq. (by ECF)
        Leo M. Lichtman, Esq. (by ECF)
        Elaine Nguyen, Esq.   (by ECF)
        J. Matthew Williams, Esq. (by ECF)
        Tyler Marandola, Esq. (by ECF)

---

[4] On April 2, 2020, Defendants sought an extension of the expert report deadline to April 30, 2020, to which The Phillies agreed.  Exh. I, April 2, 2020 email from D. Wolfsohn to P. Montclare. Just two weeks later, on April 17, defendants again sought an extension, this time to the current May 14 deadline, which again The Phillies accommodated.  Exh. J, April 21, 2020 email from D. Wolfsohn to P. Montclare.