

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

J. Matthew Williams
Partner
(202) 355-7904 Phone
(202) 355-7984 Fax
mxw@msk.com

July 23, 2020

Honorable Sarah Netburn
U.S. District Court
for the Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** **The Phillies v. Harrison/Erickson, Inc., No. 1:19-cv-07239**

Dear Judge Netburn:

Pursuant to Your Honor's July 9, 2020 order, I write on behalf of Defendants to supplement their position and reiterate Defendants' request that the Court request the opinion of the Register of Copyrights as to the validity of our clients' copyright registration. I also write to inform the Court of changes made at and by the Copyright Office since our letter on this topic of November 19, 2019.

First, there is a new Acting Register of Copyrights: Maria Strong. *See* https://www.copyright.gov/about/leadership/maria-strong.html. Second, the Copyright Office has created a more streamlined process by which courts may request opinions from the Register. *See* Email Rule for Statutory Litigation Notices, 85 Fed. Reg. 10603, 10604 (Feb. 25, 2020), https://www.govinfo.gov/content/pkg/FR-2020-02-25/pdf/2020-02374.pdf ("Notices and requests served on the Register of Copyrights submitted pursuant to … 411(b)(2) should be submitted via email in accordance with … § 205.14 (for section 411(b)(2) notices)."); *id.* at 10605 ("Where there is an allegation that a copyright registration certificate includes inaccurate information with knowledge that it was inaccurate and the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration, pursuant to 17 U.S.C. 411(b)(2), the court shall request the opinion of the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration. The request should be sent to the General Counsel of the Copyright Office via email to *411filings@copyright.gov*.") (emphasis added).

Defendants attach as Exhibit A hereto their copyright registration and a print out from the Copyright Office website concerning the registration. Attached as Exhibit B hereto is an image that both parties have alleged was an image deposited with Defendants' copyright registration (a



higher quality version of the image enclosed in Exhibit A).  Attached as Exhibit C hereto are additional images that Defendants maintain were deposited with the registration application.[1]

Defendants vigorously refute any suggestion that the information contained in the registration is inaccurate, or that any purported inaccuracy was material.  *See* ECF No. 49.  Nonetheless,  17 U.S.C. § 411(b)(2) mandates the Court to request the Register of Copyrights to advise the court whether the purported inaccuracy, if known, would have caused the Register of Copyrights to refuse registration.  The time has come to do so.  Defendants maintain that the proposed language Defendants submitted to the Court in connection with the parties' November 19, 2019 joint letter remains appropriate, and a copy of that letter with minor updates is attached as Exhibit D hereto.

Respectfully submitted,

/s/ J. Matthew Williams
MITCHELL SILBERBERG & KNUPP LP


cc:    U.S. District Court Judge Victor Marrero
       Counsel of Record

---

[1] Defendants have withdrawn Robert Osterberg as a witness and are of the view that his putative testimony does not affect Defendants' position with respect to the letter to be sent by the Court to the Copyright Office.