NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY



*FIRM and AFFILIATE OFFICES*

DAVID J. WOLFSOHN
DIRECT DIAL: +1 215 979 1866
PERSONAL FAX: +1 215 689 2739
*E-MAIL:* DJWolfsohn@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

July 23, 2020

The Honorable Sarah Netburn
United States Magistrate Judge
U.S. District Court for the Southern
District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY  10007

      Re:    <u>*The Phillies v. Harrison/Erickson, Inc., et al.*, **C.A. No. 19-7239-VM-SN**</u>

Dear Judge Netburn:

    I write on behalf of Plaintiff, The Phillies, to supplement The Phillies' position with respect to the letter to be sent to by the Court to the Register of Copyrights.

    Under 17 U.S.C. § 411(b)(2), "[i]n any case in which inaccurate information [in a copyright registration application] is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." Here, The Phillies allege the following inaccuracy in Copyright Registration No. VA 23-748 (for the "Phillie Phanatic"), which the Copyright Office record notes describe as a "shaggy creature wearing tennis shoes, tights & baseball shirt while carrying pennant":

> The registration inaccurately describes the Phanatic as an "artistic sculpture" rather than a "costume" or a "mascot costume."

    The question for the Register of Copyrights under the statute is whether the Copyright Office would have refused registration if the Phanatic were accurately described as a costume. The Phillies propose that this question be submitted to the Register of Copyrights as follows:

> Would the Register of Copyrights have refused to register Copyright Registration VA 23-748 (Phillie Phanatic) if, at the time the application was filed, the "Nature of the Work" had been described as a "Costume" or a "Mascot Costume" rather than as an "Artistic Sculpture"?



Defendants propose (and proposed back in November, ECF No. 49-1) that the Court ask the Register of Copyrights to opine on two additional questions: (1) "whether you conclude, after reviewing the enclosed registration certificate, reproductions of the images deposited with the associated application, and pleadings that it was inaccurate for Defendants to describe the work at issue as an 'artistic sculpture'"; and (2) "whether referring to the work at issue as an 'artistic sculpture' was consistent with the practices observed by the Copyright Office on May 4, 1979." These proposed questions are not proper under the statute.

First, Section 411(b) does not contemplate the Register of Copyrights opining on whether information in a registration certificate is in fact inaccurate—that is a job for the finder of fact. Defendants are free to argue at trial that their use of the term "artistic sculpture" was accurate or that they did not have "knowledge that it was inaccurate." But the statute is clear that the Register of Copyright's opinion is to be based on the inaccurate information "alleged," and that the opinion is limited to whether the "inaccurate information, if known, would have caused the Register of Copyrights to refuse registration."

*Archie MD, Inc. v. Elsevier, Inc.*, 261 F. Supp. 3d 512, 516 (S.D.N.Y. 2017) demonstrates this principle. There, the defendant alleged that the copyright registrant had inaccurately described the work in the copyright application as an unpublished collection, when in fact the works were published when the registrant licensed it to others to use. The Court asked the Copyright Office to opine solely based on the *allegation*, asking the Copyright Office "whether the fact that [registrant] had previously licensed its animations to Elsevier before applying to register them in a collection of unpublished works would have caused the Register to refuse registration of the collection." *Id.* at 514-15. The Register of Copyrights properly limited its opinion to stating that it would not have registered the work if it had known that the animations were published, and left the factual question of whether the works were actually published to the Court. The Court then resolved for itself the disputed questions of whether the application contained inaccurate information and whether the inaccurate information was included by the registrant with knowledge of its inaccuracy. *Id.* at 516. That is the proper procedure here as well, and is required by the statute. *See also Palmer/Kane LLC v. Gareth Stevens Publishing*, 2016 WL 6238612, at *2 (S.D.N.Y. Oct. 24, 2016) (stating that before referral of the question of materiality to the Copyright Office, "courts generally agree that they may first require the party seeking invalidation to establish ***as a factual matter*** that the applicant included inaccurate information on the registration application with knowledge that it is inaccurate" (emphasis added)).

If Defendants wished to adduce evidence from the Copyright Office or its employees about whether use of the term "artistic sculpture" is inaccurate as included in Defendants' May 1979 copyright application, the time to do so would have been in discovery, during which The Phillies would have had a chance to test that evidence through depositions and other discovery devices. Indeed, that is what the registrant did in *Whimsicality, Inc. v. Rubie's Costume Co., Inc.*, 836 F. Supp. 112, 118-19 (E.D.N.Y. 1993), in which the examiner who processed the application at issue testified by affidavit that he was not misled by the use of the term "soft sculpture." Defendants have chosen not to seek—or were unsuccessful in seeking—similar



evidence here, and cannot now seek it through the mechanism of the Copyright Office's opinion under Section 411(b).[1]

Moreover, the Defendants' proposal that the Copyright Office be asked to render an opinion on inaccuracy based on its review of "images deposited with the associated application" highlights the improper nature of Defendants' request. The parties continue to dispute what image or images were actually submitted to the Copyright Office as a deposit, specifically whether it is the multiple color images that Defendants propose to submit or the single black-and-white image that Ms. Erickson swore in a 1979 affidavit filed in this district was the actual deposit material. Factual disputes like these are precisely why the statute leaves the question of the existence of an inaccuracy to the finder of fact, and not to the Copyright Office. The Copyright Office has no particular expertise with regard to resolving the question of what constituted the deposit. The opinion from the Register of Copyrights should therefore be limited to whether the Office would have rejected the application in May 1979 if it described the work as a costume.

Second, Defendants proposed question about whether "referring to the work at issue as an 'artistic sculpture' was consistent with the practices observed by the Copyright Office on May 4, 1979" makes no sense. The Copyright Office does not fill out applications for applicants, and so would not have a "practice" of how it does so. While the Copyright Office's practices are no doubt relevant to whether it would have rejected the Phillie Phanatic registration had it not contained an inaccurate description, a free-standing question about "practices" is unnecessary and confusing. The question should be specific to the Phillie Phanatic registration, as The Phillies have proposed.

Accordingly, The Phillies propose submitting the single question, in the form above, to the Register of Copyrights. The Phillies do not believe it is necessary to submit any additional materials to the Register of Copyrights, but do not object to the Register of Copyrights considering any of the publicly filed materials in this matter.

                                          Respectfully,

                                          */s/David J. Wolfsohn*

                                          David J. Wolfsohn

DJW

---

[1] Notably, Defendants supplemented their Initial Disclosures on June 25, 2020 to identify Robert Osterberg, the attorney who filed the Phillie Phanatic registration application, as a witness, presumably on the issue of why the application described the work as an "artistic sculpture." After The Phillies sought Mr. Osterberg's deposition, Defendants withdrew him as a witness based on his "stated reluctance to testify and his advanced age." It is telling that they now seek the Copyright Office's testimony on inaccuracy outside of discovery while denying The Phillies an opportunity to test any testimony by cross-examination.

cc: Paul D. Montclare, Esq. (by ECF)
   Leo M. Lichtman, Esq. (by ECF)
   Elaine Nguyen, Esq.  (by ECF)
   J. Matthew Williams, Esq. (by ECF)
   Tyler Marandola, Esq. (by ECF)