

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

J. Matthew Williams
Partner
(202) 355-7904 Phone
(202) 355-7984 Fax
mxw@msk.com

July 28, 2020

Honorable Sarah Netburn
U.S. District Court
for the Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:   The Phillies v. Harrison/Erickson, Inc., No. 1:19-cv-07239**

Dear Judge Netburn:

The parties wrote to you on July 23, 2020 concerning the Court requesting the opinion of the Acting Register of Copyrights with respect to The Phillies' claim that Defendants committed fraud on the Copyright Office when they obtained their copyright registration in 1979. We now write to respond to the letter submitted by The Phillies.

First, The Phillies' letter contends that Defendants should have sought discovery from the Copyright Office during the fact discovery period. This contention is misguided. As The Phillies know, Defendants followed formal Copyright Office procedures to request the original deposit copies submitted to the Office with Defendants' registration application. Defendants also used such procedures to request copies of any correspondence between prior counsel for Defendants concerning the application and Copyright Office staff. In both instances, the Copyright Office informed Defendants that no documents could be located. Moreover, Defendants' transactional counsel from my firm met with a member of the Copyright Office staff to inquire about the registration prior to The Phillies filing this lawsuit, and informed The Phillies' counsel of the meeting. Rather than welcoming input from the Office, The Phillies baselessly accused Defendants' counsel of impropriety because the meeting was "ex parte" and insisted Defendants should have no contact with the Office about the validity of the registration. Those accusations were reiterated by The Phillies' counsel in his letter to the Court on this issue of November 19, 2019. There was no reason for Defendants to subpoena testimony from a government agency when the Copyright Act already requires the Court to seek the Register's opinion. And The Phillies certainly were not denied any opportunity to contact the Copyright Office or to seek discovery from the Office themselves.

Second, The Phillies claim that they dispute what was registered with the Copyright Office. But there is no evidence to refute the testimony of Bonnie Erickson that the images submitted with our July 23, 2020 letter were submitted. Ms. Erickson kept these images in her files for decades, and they were produced to The Phillies in discovery (and even prior to the litigation). In Ms. Erickson's records, and as reflected in the submitted images, the words "copyright photo"

appear.  In addition, the Copyright Office website indicates that at least one image submitted included an image of the Phanatic holding a pennant (as does one of the images we submitted). The Phillies' position that the grainy black and white photo they submitted to the Court was all that was submitted and that no color photos were submitted merely because their files from litigation in 1979 only include a black and white image is baseless.  And anyone can tell from looking at the multiple, submitted images, that Defendants were not hiding anything from the Office about the nature of the work.

Third, The Phillies criticize Defendants for naming their prior attorney, Robert Osterberg, as a potential witness for trial and then informing The Phillies that Mr. Osterberg, who is of advanced age, was unwilling to voluntarily appear at a deposition.  But The Phillies have known of Mr. Osterberg since at least 1979; never subpoenaed his testimony during discovery until Defendants added him to their list of potential trial witnesses; and elected not to subpoena his testimony after Defendants' counsel informed them that Mr. Osterberg had decided he preferred not to sit for a deposition.  So, again, The Phillies were not denied any discovery, they just elected not to seek it.

Finally, Defendants again respectfully submit that the proposed questions they asked the Court to send to the Copyright Office are entirely proper and would result in the most valuable response from the Office.  In contrast, The Phillies' proposal seeks to narrow the question in a one-sided manner in an attempt to avoid the Copyright Office informing the Court of what both sides have known from the beginning and what The Phillies have finally acknowledged in their July 23, 2019 letter to the Court:  the Copyright Office registered, as copyrightable, works similar to the Phanatic in 1979 as "artistic sculptures."  *See Whimsicality, Inc. v. Rubie's Costume Co., Inc.*, 836 F. Supp. 112, 118-19 (E.D.N.Y. 1993).  The Phillies have even admitted now in an interrogatory response, as they did in the Complaint, that the Phanatic is copyrightable.

Respectfully submitted,

/s/ J. Matthew Williams
MITCHELL SILBERBERG & KNUPP LP


cc:     U.S. District Court Judge Victor Marrero
        Counsel of Record