

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Paul D. Montclare
Partner
(917) 546-7704 Phone
(917) 546-7674 Fax
pdm@msk.com

July 29, 2020

**VIA ECF**

Honorable Victor Marrero
U.S. District Judge
500 Pearl Street, Suite 1610
New York, NY 10007

Re:     **Phillies v. Harrison/Erickson, Inc. et al., No. 19-cv-7239-VM-SN**

Dear Judge Marrero:

We write for Defendants and Counterclaim Plaintiffs in response to The Phillies' July 27, 2020 letter.  For the reasons below, their proposed motion for partial summary judgment is meritless.

**I.       The "Redesigned" Phanatic and Related Style Guide Do Not Fall Within the Derivative Work Exception to Termination.**

On February 23, 2020, The Phillies introduced a Phanatic costume design with subtle modifications (hereinafter referred to as "P2").   The discovery record shows that The Phillies developed P2 to be instantly identifiable as an embodiment of the Phanatic solely in response to H/E's termination notice, and that The Phillies' own executives believed that nobody would notice the difference between the two mascots.  The Phillies have even publicly admitted in interviews that P2 is still the "same old Phanatic."

The Phillies seek to limit the Court to a simplistic visual comparison, relying primarily on *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F.2d 27 (2d Cir. 1982).[1]  That case is plainly distinguishable.  In *Eden Toys* the Second Circuit conducted a *de novo* review of the creative elements of the works involved because there was no expert opinion or other relevant evidence presented to the district court to inform the court's analysis.  Nothing in *Eden Toys* or any other case cited suggests that courts should preclude the use of experts or other evidence where relevant.  Instead, the Second Circuit noted with approval the district court's reliance on expert testimony in the seminal case discussing originality of a derivative work.  *See L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 489 (2d Cir. 1976).[2]  Courts routinely reject the superficial

---

[1] The Phillies seek to have the Court compare an image of P2 with the image of the Phanatic contained in the 1979 deposit.  (Ltr. at 3).  Such a comparison is too formalistic, ignoring the natural evolution of the Phanatic based on the availability of materials and updates in The Phillies' and Major League Baseball's branding.  *See* Exs. A & B, *infra.* These natural evolutions were not artistic choices, and The Phillies do not contend that any iteration of the Phanatic costume prior to P2—even the costume that appeared as recently as the 2019 baseball season—is a derivative work.

[2] The Phillies' own case law highlights the court's use of expert testimony in guiding the comparison of works.  *See Silberstein v. Fox Entm't Grp., Inc.*, 424 F. Supp. 2d 616, 628 (S.D.N.Y. 2004) (noting use of expert in comparison of visual works).



approach espoused by The Phillies.  *See, e.g., Woods v. Bourne Co.*, 60 F.3d 978, 991-92 (2d Cir. 1995) (citing lay and expert testimony concerning creative process of, and variations made to, arrangements in determining they were not derivative works, even though a side-by–side visual comparison revealed works were "not literally identical"); *Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 763-64 (2d Cir. 1991) (holding that trial court properly relied on testimony of lay witness and expert witness in determining design based on preexisting source was not original); *see also Entm't Res. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1223 (9th Cir. 1997) (determining plaintiff's alleged works were not original in part because the record demonstrated that alterations to pre-existing work were guided by non-creative decisions).

The Phillies also ignore the Second Circuit's admonition that courts take "special caution in analyzing originality in derivative works, since too low a threshold will 'giv[e] the first [derivative work] creator a considerable power to interfere with the creation of subsequent derivative works from the same underlying work.'" *Woods*, 60 F.3d at 990 (citing *Gracen v. Bradford Exchange*, 698 F.2d 300, 305 (7th Cir. 1983)); *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 909 (2d Cir. 1980) (scope of protection afforded a derivative work "must not in any way affect the scope of any copyright protection in that preexisting material" pursuant to 17 U.S.C. § 103).  Because P2's alterations are intentionally subtle and reflect a transparent attempt by The Phillies to pass it off as the original Phanatic, recognition of P2 as a derivative work could effectively give The Phillies a *de facto* monopoly over H/E's preexisting material, hindering H/E's ability to exercise their rights to use or license such material.  *See Entm't Res. Grp.*, 122 F.3d at 1224 (citing *Durham* standard and explaining that recognition of plaintiff's alleged work as a "derivative work" would in effect give plaintiff a *de facto* monopoly that would hinder the owner of the preexisting work from exercising its own copyright rights); *L. Batlin*, 536 F.2d at 492 ("To extend copyrightability to miniscule variations would simply put a weapon for harassment in the hands of mischievous copiers . . . .").

The Phillies' position ignores the mountain of evidence demonstrating that The Phillies lacked any creative motivation behind P2, and that the alterations made on P2 demonstrate less than trivial creativity or independent creation.  For the Courts' convenience, attached as Exhibits A and B are the expert reports addressing these issues.  Notably, The Phillies have not designated any experts in this case.

## II.    The Phillies May Not Make Derivative Works of the Phanatic after Termination.

Regardless of whether The Phillies may use P2 under the derivative work exception, they may not develop any new derivative works that feature P2.  The derivative work exception "does not extend to the preparation *after the termination* of other derivative works based upon the copyrighted work covered by the terminated grant," 17 U.S.C. § 203(b)(1) (emphasis added).  P2 is admittedly based entirely on H/E's copyrighted work and is nearly identical in every respect, so any new work that features P2 would necessarily be "based upon" H/E's copyrighted work.

On June 15, 2020, the 1984 Assignment terminated and H/E reclaimed all ownership rights thereto.  Nonetheless, in the last month alone, The Phillies have created P2 promotional images and audiovisual content, all of which unlawfully incorporate H/E's copyrighted work.



Honorable Victor Marrero
July 29, 2020
Page 3

Moreover, The Phillies intend to continue creating unauthorized adaptations in the form of, *inter alia*, P2 merchandise, with full awareness that such adaptations would infringe H/E's rights in the preexisting material. Worse yet, they seek to make this Court an accessory by having it approve what The Phillies refer to as the "new style guide." (Ltr. at 3, Exh. E). While The Phillies argue that this "style guide" falls within the derivative work exception, they fail to inform the Court that the "style guide" is admittedly intended to help licensees develop new adaptations of H/E's work, which indisputably fall *outside* that exception. Based on The Phillies' unlawful conduct, H/E will soon amend its counterclaims to assert copyright infringement.

### III.   The Rights to Certain "Post-1984 Style Guide" Materials Have Reverted to H/E.

The 1984 Assignment encompassed not only the Phanatic costume, but "all reproductions and portrayals of all or part of the [Phanatic] in any medium whatsoever . . . ." (Cmplt. Ex. G). When the 1984 Assignment terminated on June 15, 2020, all rights therein reverted to H/E.

Because The Phillies no longer own the rights to such "reproductions and portrayals" created prior to the 1984 Assignment, they also do not own copies of such "reproductions and portrayals" produced on other mediums or in other formats. *See, e.g., Peter Mayer Publs' Inc. v. Shilovskaya*, 11 F. Supp. 3d 421, 430-31 (S.D.N.Y. 2014) (digital copy of book not a derivative work notwithstanding formatting changes); *Past Pluto Prods. Corp. v. Dana*, 627 F. Supp. 1435, 1441 (S.D.N.Y. 1986) ("[P]roduction of a work of art in a different medium cannot by itself constitute the originality required for copyright protection."). The record demonstrates that numerous pieces of artwork requested by The Phillies between 1989 and 2018 were portrayals of copyrighted artwork created by H/E prior to 1984 and The Phillies' rights in such artwork was properly terminated.


Respectfully,


/s/ Paul D. Montclare


Paul D. Montclare
A Limited Liability Partnership of
MITCHELL SILBERBERG & KNUPP LLP

PDM/mcp