NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

# DuaneMorris®

*FIRM and AFFILIATE OFFICES*

DAVID J. WOLFSOHN
DIRECT DIAL: +1 215 979 1866
PERSONAL FAX: +1 215 689 2739
*E-MAIL:* DJWolfsohn@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

July 30, 2020

The Honorable Sarah Netburn
United States Magistrate Judge
U.S. District Court for the Southern
District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:   *The Phillies v. Harrison/Erickson, Inc., et al.*, C.A. No. 19-7239-VM-SN

Dear Judge Netburn:

I am compelled to respond to Mr. Williams' letter of July 28, which mischaracterizes the record.

Mr. Williams claims that, as to the question of what was deposited with the Copyright Office, "there is no evidence to refute the testimony of Bonnie Erickson that the [five] images submitted with [Harrison-Erickson's] July 23, 2020 letter were submitted." But Ms. Erickson has ***never*** testified in this case that the five photographs that Defendants' attach to their July 24 letter (ECF Nos. 96-2, 96-3) were deposited with the Copyright Office, and Mr. Williams' failure to cite to any such testimony is telling.

In fact, in her lawsuit in this district against The Phillies in 1979, Ms. Erickson swore out an affidavit attaching the copyright registration and a single photo (shown at ECF No. 96-1), which she claimed at the time was "a copy of a photograph of the Phanatic deposited with the registration."  Ms. Erickson re-affirmed the statement she had made in that 1979 affidavit at her deposition, responding "Yes, it was" to the question "Putting aside whether what you deposited was black and white or color, is the third page of [ECF No. 96-1] the deposit[] that went along with the registration application for the artistic sculpture?"  Feb. 7, 2020 Erickson Dep., at 25:11-25, Exh. A.

In fact, at that deposition, defense counsel attempted to improperly coach Ms. Erickson into saying that other photos were deposited, but Ms. Erickson refused to take the bait, presumably because defense counsel's suggested answer was untrue:

DuaneMorris

The Honorable Sarah Netburn
July 30, 2020
Page 2

Q: You said in paragraph two [of the 1979 affidavit] "Annexed hereto is a copy of the certification of the copyright registration." So if we go to tab one[,] is the first two pages the copyright registration for the artistic sculpture?

A. Yes.

Q. And then the next part of that sentence[] says that 1A is a copy of a photograph of the Phanatic deposited with the registration. So is the third page [of] Exhibit [P2], this picture, is that what was deposited with the copyright office?

MR. MONTCLARE: I'm going to object as to form and the reason I'm objecting is this is a black and white photographs. [sic] I think you represent this came out of your files, not the court files, so I don't know whether the actual deposited photograph was in color or not, based on your questioning today.

MR. WOLFSOHN: Understood.

MR. MONTCLARE: OK. . . .

Q. I'll represent to you that the copy that the Phillies had in their files of this affidavit was in black in white.

MR. MONTCLARE: Okay.

MR. WOLFSOHN: So I don't know one way or th other whether it was [a] color copy.

MR. MONTCLARE: My objection is whether or not you're asking her generally about the photographs and you're not asking her whether it's black and white or in color.

Q. Putting aside whether what you deposited was b[l]ack and white or color, is the third page of Exhibit 1, 2, Exhibit P2 the deposit[] that went along with the registration application for the artistic sculpture?

MR. MONTCLARE: Objection to form. You mean the only photograph? You said "the" and I just want to make sure there's no misunderstanding on the record, because it's a confusing question. You can answer.

A. I can answer? Yes, it was.

Feb. 7, 2020 Tr. of Deposition of B. Erickson 23:13-25:25, Exh. A.

Given another chance during her expert deposition to comment directly on the five color photographs Defendants now claim were deposited, Ms. Erickson offered an unasked for aside, but still did not claim that they constituted the deposit, just saying they were "copyright photos" that Defendants would take whenever "we did a character":



The Honorable Sarah Netburn
July 30, 2020
Page 3

> First, I'd like to add that [the five photographs shown at ECF Nos. 96-2, 96-3] had to be taken in 1978 because when we did a character, we would always do the copyright photos, so these were probably taken as soon as the costume was ready.

July 15, 2020 Erickson Dep., at 12:2-6, Exh. B.

Put simply, Ms. Erickson swore in 1979—the same year Defendants obtained the registration—that the deposit was a single photograph, and swore again on February 7 of this year that the deposit is that same single photograph.  Defense counsel apparently believes that the five photographs were the deposit, but it is their clients, not they, who are the percipient and testifying witnesses.

It would therefore be highly improper to ask the Copyright Office to weigh in on such a factual dispute, and to opine on the factual question of whether Harrison Erickson's copyright application was inaccurate. As I pointed out in my letter of July 23, the statute and case law interpreting it make it clear that it is up to the finder of fact to determine whether an application contains an inaccuracy. The opinion from the Register of Copyrights is limited to the issue of materiality, meaning whether the alleged inaccuracy, "if known, would have caused the Register of Copyrights to refuse registration."  17 U.S.C. § 411(b)(1)(B).  Notably, Defendants have not cited a single case or identified any support in the statute for asking the Copyright Office to opine on whether an application is inaccurate in the first instance.[1]  And Defendants simply ignore the case law cited in my July 23 letter.

Accordingly, the Court should ask the straightforward question that The Phillies proposed in its letter: Would the Register of Copyrights have refused to register Copyright Registration VA 23-748 (Phillie Phanatic) if, at the time the application was filed, the "Nature of the Work" had been described as a "Costume" or a "Mascot Costume" rather than as an "Artistic Sculpture"?

Respectfully,

*/s/David J. Wolfsohn*
David J. Wolfsohn

DJW
cc:   Hon. Victor Marrero, U.S.D.J.
      Paul D. Montclare, Esq. (by ECF)
      Leo M. Lichtman, Esq. (by ECF)

---

[1] As a practical matter, asking the Register of Copyrights to opine on whether an inaccuracy exists, based on an assumed version of the facts as characterized by defense counsel and not accurately reflecting the discovery record would result in an opinion very likely to be meaningless. If Defendants later failed to meet their burden of proving that the deposit is different than what their client has testified, then the Court would have to disregard any opinion from the Register of Copyrights that was based on defense counsel's mistaken representation.

DuaneMorris

The Honorable Sarah Netburn
July 30, 2020
Page 4

Elaine Nguyen, Esq.   (by ECF)
J. Matthew Williams, Esq. (by ECF)
Tyler Marandola, Esq. (by ECF)