

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

J. Matthew Williams
Partner
(202) 355-7904 Phone
(202) 355-7984 Fax
mxw@msk.com

July 31, 2020

Honorable Sarah Netburn
U.S. District Court
for the Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** <u>The Phillies v. Harrison/Erickson, Inc., No. 1:19-cv-07239</u>

Dear Judge Netburn:

I write to correct a mischaracterization of the record contained in Mr. Wolfsohn's letter to Your Honor of yesterday, and to show that my representations to Your Honor concerning Ms. Erickson's testimony were accurate. Specifically, Mr. Wolfsohn's letter failed to mention that at Ms. Erickson's Rule 30(b)(6) deposition on behalf of the Harrison Erickson entities, he asked Ms. Erickson whether she told the Copyright Office that the Phanatic was a costume meant to be worn, to which Ms. Erickson replied:

> "It was apparent because it visually expressed that to them. We had done submission of copyright photos, front, back, side. In fact, this is one photo, and in the search that was done, it showed a second photograph, it doesn't show all of them that we submitted, but it was clear that this was a character worn by someone. It moved. It was in different positions. It was clear. Plus I'm looking at the blower. You can't blow it out without having a person inside."

(See Erickson Dep. 249:22-250:9; Exhibit A, attached hereto).[1] Mr. Wolfsohn's letter further failed to mention that just four days ago, he represented to Judge Marrero that The Phillies will assume *arguendo* for purposes of summary judgment that the five color photos were deposited with the Copyright Office (ECF No. 99). The Phillies are aware that their alleged fraud on the Copyright Office claim is being challenged by Defendants on summary judgment, so it is unclear why his letter takes issue with the Copyright Office assuming those same facts.

---

[1] Prior to that deposition, counsel for Defendants provided the five color images and the Copyright Office's website description of the deposited material (which had previously been produced during discovery) to Mr. Wolfsohn and informed him that Ms. Erickson might rely on them during the deposition.

Respectfully submitted,

/s/ J. Matthew Williams
MITCHELL SILBERBERG & KNUPP LP

cc:   U.S. District Court Judge Victor Marrero
      Counsel of record