

Paul D. Montclare
Partner
(917) 546-7704 Phone
(917) 546-7674 Fax
pdm@msk.com

September 29, 2020

**VIA ECF**

Honorable Victor Marrero
U.S. District Judge
500 Pearl Street, Suite 1610
New York, NY 10007

Re: <u>Phillies v. Harrison/Erickson, Inc. et al., No. 19-cv-7239-VM-SN</u>

Dear Judge Marrero:

Pursuant to Your Honor's Individual Rule II.A., we write on behalf of Defendants and Counterclaim Plaintiffs (collectively, "H/E") in contemplation of H/E's intended motion for leave of Court to file its proposed Amended Answer and Counterclaims (the "Proposed Amended Counterclaim" or " PAC"), Exhibit A, hereto. A redline comparison to the original Answer and Counterclaim (ECF No. 38) is enclosed as Exhibit B. The relevant facts of this case are set forth in the Proposed Amended Counterclaim (Exhibit A), and an overview of the issues in this case is summarized in H/E's pre-summary judgment letters previously filed with the Court. *See* ECF Nos. 98, 102. The Phillies have stated that they do not consent to this amendment.[1]

H/E seeks to add a copyright infringement claim to its existing declaratory judgment counterclaims, and to update its injunction claim. (*See* Exhibit B, Introductory Response to the Complaint ¶¶ 1-12, Counterclaims ¶¶ 17-35, 58-64). These proposed amendments arise from facts and issues already being litigated in this case, and are sought to be added now because H/E's copyright termination notice relating to the Phanatic became effective on June 15, 2020, and the Phillies are now using the Phanatic in violation of H/E's exclusive copyright rights, which reverted to H/E upon termination of H/E's prior 1984 assignment of the copyright to the Phillies. This amendment is the extension of H/E's existing declaratory judgment and injunction claims in this case.

In its original Counterclaim served on October 7, 2019, H/E sought judgment against The Phillies declaring that (i) H/E were the sole authors and owners of the original Phanatic copyright; (ii) H/E had properly registered their copyright with the U.S. Copyright Office more than 40 years ago with the knowledge of The Phillies; (iii) in 1984, H/E assigned the copyright to The Phillies who expressly acknowledged H/E's registered U.S. Copyright; (iv) pursuant to the express termination provisions of section 203 of the Copyright Act, (17 U.S.C. § 203), H/E, on June 15, 2018, served a valid termination notice upon the Phillies, and then timely recorded that

---

[1] The Phillies' counsel stated that The Phillies would not consent because of alleged futility and undue delay, but did not respond to H/E counsel's follow-up inquiry requesting that The Phillies particularize these objections. *See* email correspondence attached hereto as Exhibit C.



Honorable Victor Marrero
September 29, 2020
Page 2

notice with the Copyright Office; and (v) pursuant to the notice of termination, the prior 1984 Phanatic copyright assignment to The Phillies would become effective on June 15 2020 ("Effective Termination Date").  *See* Original Counterclaim, ECF No. 38, ¶¶ 15 - 36.  H/E further sought injunctive relief to prevent The Phillies from willfully violating H/E's rights after H/E reclaimed them upon the Effective Termination Date.  *See id.* ¶¶ 37-41.

On June 15, 2020, the Effective Termination Date, all copyright rights in the Phanatic reverted to H/E, but the Phillies still continue to use and exploit H/E's Phanatic copyright in violation of H/E's exclusive copyright rights.  As a result, The Phillies are now willfully and flagrantly infringing H/E's copyright rights in the Phanatic.  Accordingly, H/E seeks to amend its original counterclaim to add a copyright infringement claim against The Phillies for money damages. *See* Exh. B, Counterclaims ¶¶ 17-35, 58-64.  H/E's proposed amended counterclaim also updates its request for injunctive relief to stop The Phillies from its threatened continued use of the Phanatic.  *Id*. at Prayer for Relief.

This amendment should not delay the parties' existing intention to move for partial summary judgment on the liability issues raised in prior pre-motion letters to the Court.  We believe those motions should go forward and will inform liability and damages issues raised by H/E's proposed infringement claim.  We therefore will ask Your Honor to grant leave to file the Amended Counterclaims.

**Legal Argument in Support of Granting H/E's Motion to Amend Their Counterclaim**

Generally, motions to amend pleadings should be freely granted absent undue prejudice to the opposing party.  Fed. R. Civ. P. 15(a)(2) provides:  "The court should freely give leave to amend when justice so requires."  Courts in this district routinely grant motions to amend to add additional infringement claims.  *See, e.g. Christians of California, Inc. v. Clive Christian New York, LLP*, No. 13 Civ. 0275 (KBF)(JCF), 2014 WL 3605526, at *8 (S.D.N.Y. July 18, 2014); *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 417 (S.D.N.Y. 2008) (Marrero, J.); *Twisted Records v. Rauhofer*, No. 03 Civ. 2644(DF), 2005 WL 517328, at *7 (S.D.N.Y. Mar. 3, 2005); *Yurman Design Inc. v. Chaindom Enters., Inc.*, No. 99 Civ. 9307(JFK), 2001 WL 725291, at *4 (S.D.N.Y. June 27, 2001); *c.f. Too, Inc. v. Kohl's Dep't Stores, Inc.*, 210 F. Supp. 2d 402, 406 (S.D.N.Y. 2002) (Marrero, J.).

Here, H/E have timely sought to add their infringement claims.  It is undeniable that H/E could not have pled such claims before the June 15, 2020, Effective Termination Date of the Phanatic copyright grant to The Phillies, because the copyrights in the Phanatic did not revert to H/E until then.  *See Christians of California*, 2014 WL 3605526, at *5-6 (allowing an amendment where plaintiff waited until it obtained a copyright registration before amending to add infringement claim, as a motion prior to that time would have been futile).  Once H/E reacquired its rights to the Phanatic, it had to root out the infringing conduct of The Phillies, which is continuing to this very day.  Indeed, the Phillies have not disclosed to H/E its post-termination uses of the Phanatic, despite The Phillies' duty to supplement discovery responses and productions.



H/E has acted diligently and in good faith to ascertain its right to protect its copyright by bringing the proposed infringement action, despite The Phillies' refusal to consent to the present amendment because of purported delay. And certainly, there has been no bad faith or undue or prejudicial delay here that supports denying leave to file the PAC. *See Twisted Records*, 2005 WL 517328, at *6 (absent a showing of bad faith or undue prejudice, delay does not provide a basis for denying a motion to amend).

Also, H/E's amendment comes as no surprise to The Phillies. From the date its Complaint was filed in August 2019, The Phillies knew that it intended to use the Phanatic copyright after the June 15, 2020 Effective Termination Date. And the Phillies expected to be sued for doing so. Paragraph 91 of the Phillies Complaint alleges that H/E "threatened to sue the Phillies for copyright infringement <u>when The Phillies continue to use the Phanatic after the effective date of the purported termination</u>." Complaint, ECF No. 1, ¶ 91 (emphasis added).

Throughout this entire case, The Phillies' counsel was aware of H/E's intention to file a copyright infringement action after the effective Copyright Termination Date. The Phillies' counsel more recently wrote that The Phillies did not intend to call an expert witness, but reserved their right to do so if H/E "amend the pleadings to assert claims of infringement." *See* Exhibit D (copy of June 26, 2020 email from David Wolfsohn to Paul Montclare); *see also* ECF No. 93 (Scheduling Order reflecting that email).

Discovery also confirmed that The Phillies knew that H/E would seek to enforce their rights after the Effective Termination Date. The Phillies even resorted to creating a knock-off Phanatic design for the sole purpose of trying to circumvent the termination of the Phanatic Copyright. See H/E MSJ Pre-motion letters, ECF No. 98, at 4; ECF No. 102, at 1-2, and Zung Expert Reports attached thereto as Exhibit A (ECF No. 102-1).

Nor does the close of discovery provide a basis for denying a motion to amend. "The mere fact that discovery has concluded . . . does not provide a reason for denying leave to amend, especially where the new claim arises from the same set of operative facts as the original claims. *See Twisted Records*, 2005 WL 517328, at *6 (granting leave to amend after discovery closed and the non-moving party had filed its motion for summary judgment). Any additional discovery of The Phillies resulting from The Phillies' continuing infringing acts would not be unduly burdensome. Instead, allowing the amendment in this case avoids H/E having to bring a new infringement action as a related case in this Court. Even where an amendment may require the expenditure of some additional time, effort, or money, it does not constitute prejudice or suffice to warrant denial of a motion to amend a pleading. *See Bridgeport Music, Inc.*, 248 F.R.D. at 414 (Marrero, J.).

Finally, for all the reasons set forth above, H/E has also acted diligently and established good cause to assert these counterclaims and will ask the Court to grant H/E's motion to file the attached PAC.



Honorable Victor Marrero
September 29, 2020
Page 4

Respectfully,

/s/ Paul D. Montclare

Paul D. Montclare
Partner
MITCHELL SILBERBERG & KNUPP LLP

PDM/mcp