

| | | |
|---|---|---|
| NEW YORK | | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | DAVID J. WOLFSOHN | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 215 979 1866 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 215 689 2739 | LAS VEGAS |
| LOS ANGELES | *E-MAIL:* DJWolfsohn@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

October 1, 2020

VIA ECF

The Honorable Victor Marrero
United States District Court
  for the Southern District of New York
500 Pearl Street, Room 660
New York, NY  10007

      Re:    *The Phillies v. Harrison/Erickson, Inc., et al.*, No. 19-cv-7239-VM-SN

Dear Judge Marrero:

On behalf of The Phillies, this letter responds to H/E's September 29 letter describing its intent to file a motion for leave to file its proposed amended answer and counterclaim (the "PAC").

H/E's PAC—dripping with nasty rhetoric and invective, written more as a press piece than a pleading—comes as the parties await the Court's decision on their requests to file motions for summary judgment.  It accuses The Phillies of jumping the gun on filing a declaratory judgment action, while also claiming that The Phillies is somehow "willfully" infringing H/E's purported copyrights.  H/E omits the inconvenient fact that The Phillies instituted this action about a year *before* the purported June 15, 2020 termination date in a good faith attempt to obtain the Court's rulings regarding The Phillies' rights to the Phanatic, including the fact that H/E does not have the right to terminate the 1984 Agreement because The Phillies are the author of the Phanatic's character, because of H/E's fraud on the copyright office, and because H/E has already used up any arguable termination rights it claims to have had by repeatedly demanding and receiving more money for the costume it constructed in a few hours back in 1978.  The PAC also fails to acknowledge that defendants have ***admitted*** in this litigation that The Phillies (1) created the Phanatic's "fun and sensitive" character, (2) own all the Phanatic trademarks (including to the distinctive design of the Phanatic), (3) paid H/E numerous times over for ownership of H/E's drawings,[1] and (4) are entitled to continue to utilize ***hundreds*** of "derivative works" that The Phillies designed or paid for during the last 36 years.

---

[1] H/E's repeated use of the words "steal" and "theft" is as improper as it is utterly false.  The Phillies has paid H/E multiple times over for any artwork prepared by Ms. Erickson.  In fact, it is undisputed that The Phillies has paid H/E over $1 million for art and costumes.

DUANE MORRIS LLP

30 SOUTH 17TH STREET    PHILADELPHIA, PA 19103-4196        PHONE: +1 215 979 1000    FAX: +1 215 979 1020

The Honorable Victor Marrero
October 1, 2020
Page 2

DuaneMorris

The Phillies will oppose H/E's motion for leave to file the PAC because the proposed claims cannot withstand a Rule 12(b)(6) motion. A motion for leave to amend is properly denied when amendment would be futile. *Lefkowitz v. Bank of New York*, 676 F. Supp. 2d 229, 277 (S.D.N.Y. 2009) (Marrero, J.). "[T]he analysis appropriate to an assertion of futility is typically whether the proposed new pleading could survive a 12(b)(6) motion." *Id.*[2]

First, amendment is futile as to H/E's infringement claim based on the original 1979 Phanatic registration. The Court need look no further than the pleadings to determine that The Phillies' utilization of its "P2" costume is non-infringing pursuant to the derivative works exception in 17 U.S.C. § 203(b)(1). As explained in The Phillies' July 27, 2020 letter (Dkt. No. 99), the Court is entitled to make that determination as a matter of law by making a "visual comparison" between P2, as depicted in Exh. A to the PAC, and the image in H/E's 1979 deposit, attached to the Complaint as Exh. D (Dkt. No. 1-4). *See, e.g.*, *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F.2d 27, 35 (2d Cir. 1982). As the case law cited in The Phillies' July 27 letter makes clear, P2 clearly meets the requisite level of originality for a derivative work. And P2 was introduced by The Phillies on February 23, 2020—well before June 15. Accordingly, because § 203(b)(1) permits The Phillies to continue to utilize any derivative work prepared before termination of the 1984 Agreement, The Phillies have the absolute right to continue to utilize P2.

Second, H/E's claim that The Phillies has infringed by creating "derivatives of derivatives" is implausible. If, as H/E alleges, P2 is ***not*** a derivative work, then there can be no "derivatives of derivatives." But if the various P2 routines and costumes are "derivative works," then P2 must be one as well. The differences between the depictions of P2 in the PAC show much fewer significant differences than those between P2 and the Phanatic depicted in H/E's 1979 registration. If P2 clowning around is "derivative," then P2 itself must be a derivative work of the Phanatic depicted in the 1979 registration. In fact, H/E's examples of post-June 15 Phanatic activity are simply the "continued utilization" of P2 as a mascot—donning silly outfits and engaging in slapstick—which are uses that are squarely within the scope of § 203(b)(1): "A derivative work prepared under authority of the grant before its termination may continue to be utilized under the terms of the grant after its termination." 17 U.S.C. § 203(b)(1). Under the plain language of § 203(b)(1), The Phillies is entitled to "continue to . . . utilize[]" P2 and the related artwork as they were utilized before the purported termination on June 15.

Third, H/E's claim based on numerous unregistered works listed in Exhibit B cannot survive a motion to dismiss. To state a claim for copyright infringement, the claimant must establish that each copyright upon which the claim is based was registered before suit was instituted. *Malibu*

---

[2] H/E represents that amendment would cause no delay in the Court's ability to decide the parties' motions for partial summary judgment. If the amendment would, The Phillies would also argue that amendment would cause undue delay and prejudice. H/E's allegations in its PAC that they created "hundreds" and "countless" illustrations (¶¶ 10, 11) certainly gives one pause.

*Media, LLC v. Baker*, No. 18 CV 3263 JGK BCM, 2020 WL 3978302, at *4 (S.D.N.Y. June 18, 2020), *report and recommendation adopted*, No. 18 CV 3263 (JGK), 2020 WL 3972736 (S.D.N.Y. July 13, 2020). "'[R]egistration occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright,' not when the claimant first submits its registration application and related materials." *Id.* (quoting *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019)).

H/E admits that these drawings are unregistered, but incorrectly assumes that H/E will be allowed to "amend their Counterclaims as necessary to reflect those registrations when they are issued." PAC ¶ 60. But a claimant is not allowed to amend a claim for infringement based on works that were not registered at the time the initial claim was filed. *Malibu Media*, 2020 WL 3978302, at *4. "[A] contrary result would make a meaningless formality of [the Supreme Court's] requirement that an application be approved prior to filing suit [since] a plaintiff could file suit at any time, notwithstanding Section 411(a)'s precondition, and simply update the complaint when registration finally occurred." *Id.* (quotation marks and citation omitted); *see also Xclusive-Lee, Inc. v. Hadid*, No. 19 CV 520 PKC CLP, 2019 WL 3281013, at *3 (E.D.N.Y. July 18, 2019). Because the works listed in Exhibit B are not registered, H/E's claims as to those works cannot withstand a motion to dismiss.

Fourth, for the same reason that H/E's claim fails as to the unregistered works in Exhibit B, H/E also fails to state a claim for infringement of the copyrighted character. Because H/E has admitted that **The Phillies** created the Phanatic's character, they have never even attempted to register the character, so H/E cannot assert any such claim.

Fifth, H/E's amendment to include statutory damages based on the unregistered works would also be futile. Statutory damages and attorneys' fees are not available to a claimant where "any infringement of copyright commenced . . . before the effective date of its registration," unless registration is made within three months of the first publication. 17 U.S.C. § 412. H/E alleges that The Phillies commenced infringement of H/E's copyrights as of June 16, 2020. However, all of the works listed in Exhibit B were first published in the 1980s. Statutory damages are therefore unavailable with respect to these works.

Finally, H/E provides no reason to amend its answer (it raises no new defenses), and the newly proposed language consists of argument and bloviating rhetoric inappropriate for a pleading. Even the "facts" section of the proposed amended counterclaim reads like a preview of H/E's summary judgment brief. "[I]t is inappropriate to include a legal argument and briefing within a complaint," and an amended pleading should not be used as a vehicle for presenting blustery argument. *See Anthes v. New York University*, No. 17 Civ. 2511 (ALC), 2018 WL 1737540, at *19 (S.D.N.Y. Mar. 12, 2018); *Gleis v. Buehler*, No. 11 Civ. 663 (VLB), 2012 WL 1194987, at *5 (D. Conn. Apr. 10, 2012).

DuaneMorris

The Honorable Victor Marrero
October 1, 2020
Page 4

                                            Respectfully,

                                            /s/ David J. Wolfsohn

                                            David J. Wolfsohn

DJW/kah
cc:    Paul D. Montclare, Esq.
        Elaine Nguyen, Esq.
        Leo M. Lichtman, Esq.
        Tyler Marandola, Esq.
        Kendra Oxholm, Esq.