

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Paul D. Montclare
Partner
(917) 546-7704 Phone
(917) 546-7674 Fax
pdm@msk.com

October 5, 2020

**VIA ECF**

Honorable Victor Marrero
U.S. District Judge
500 Pearl Street, Suite 1610
New York, NY 10007

Re: <u>Phillies v. Harrison/Erickson, Inc. et al., No. 19-cv-7239-VM-SN</u>

Dear Judge Marrero:

We write on behalf of Counterclaim Plaintiffs Bonnie Erickson and Wayde Harrison, *et al.* ("H/E") in reply to The Phillies' October 1, 2020 letter (ECF No. 106). The Phillies' letter is replete with churlish, distracting false statements and insults, but those rhetorical tactics cannot change the fact that The Phillies have infringed upon H/E's rights in the Phanatic, which reverted to H/E on June 15, 2020 (the "Effective Termination Date") pursuant to H/E's valid termination notice. The Phillies' arguments concerning the purported futility of H/E's infringement claims are meritless.[1]

*First*, H/E easily meet the pleading standards under Fed. R. Civ. P. 8. H/E alleges facts demonstrating that The Phillies are using an unauthorized reproduction of their registered copyrighted work, the Phanatic, *see* Proposed Amended Counterclaims, ECF No. 105-1 ("PAC") ¶¶ 18-21, 61; The Phillies have been creating and exploiting *new* derivative works based upon the Phanatic, *after* the Effective Termination Date, and threaten to create and exploit countless more, *see* PAC ¶¶ 23-27, 61, Ex. A to PAC; and The Phillies continue to sell and knowingly authorize, enable, encourage, and/or induce others to sell unauthorized merchandise featuring pieces of Phanatic artwork that The Phillies do not own, *see* PAC ¶¶ 30, 61, Ex. B to PAC. This more than meets the pleading requirements for an infringement action. *See BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 353 (S.D.N.Y. 2014) ("Courts in this district have held that "[t]o withstand a motion to dismiss, a complaint based on copyright infringement must allege: (1) which original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) 'by what acts during what time' the defendant infringed the copyright.").[2]

---

[1] The Phillies do not meaningfully argue that the Proposed Amended Counterclaim would cause undue delay or prejudice, as it is undisputed that The Phillies were aware from the outset of the case that H/E would bring an infringement claim against The Phillies once H/E's rights were violated after the Effective Termination Date.

[2] The issue of whether P2 is a derivative work permitted under the derivative work exception to 17 U.S.C. § 203 has already been discussed in the parties' pre-motion summary judgment letters, and the record is replete with evidence



Honorable Victor Marrero
October 5, 2020
Page 2

*Second*, The Phillies willfully mischaracterize H/E's allegation concerning "derivatives of derivatives," again, attempting to twist the meaning of the derivative work exception under 17 U.S.C. § 203.  The Phillies' counsel has already represented to the Court that the threshold question regarding the derivative work exception is whether the derivative work was "<u>prepared before June 15, 2020</u>."  *See* Wolfsohn Letter to Judge Marrero, ECF No. 99, at 2 (emphasis added).  But The Phillies do not dispute that they created numerous staged photographs and videos based on the Phanatic <u>after June 15, 2020</u>. *See* PAC, ¶¶ 23-27, 61, Ex. A to PAC.  Each new staged photograph and video that The Phillies have created and used after termination is an unauthorized derivative work based on the Phanatic.  *See* PAC ¶ 24; *Cooley v. Penguin Grp. (USA) Inc.*, 31 F. Supp. 3d 599, 607-609 (S.D.N.Y. 2014).  The Phillies do not—and cannot—set forth any legal basis allowing them to utilize these post-termination derivative works.

*Third*, The Phillies suggest that H/E's claim based on Exhibit B works cannot survive because those works are unregistered.  The Phillies are wrong.  The works on Exhibit B embody, and repeat content verbatim from, H/E's registered Phanatic mascot design.  *See, e.g.* PAC ¶¶ 10, 15, 60.  As such, H/E may rely on the copyright for the original Phanatic registration to maintain a suit on the Exhibit B works.  *See, e.g, SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 214 (S.D.N.Y. 2009) (holding that the owner of the registered work underlying a derivative work can maintain a suit for copying the unregistered derivative work (citing 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][2][b] (2008))); *see also Klauber Bros. v. Russell-Newman, Inc.*, No. 11 Civ. 4985 (PGG), 2013 WL 1245456, at *4-5 (S.D.N.Y. Mar. 26, 2013) (same).  The Phillies' cases are thus inapposite, because the Exhibit B works *are based on, and share content with, the underlying Phanatic mascot design*, *which is registered, see, e.g*. PAC ¶¶ 10, 15, 60, and accordingly, H/E has satisfied the statutory prerequisite of § 411(a).

*Fourth*, H/E has a counterclaim seeking a declaration that they own the Phanatic character.  The Phillies' assertion that H/E admitted that The Phillies created the character is untrue, and their suggestion that H/E should have "attempted to register the character," is contrary to the law, as any "character" is not a separate copyright; rather it is embodied in the original Phanatic mascot design registered with the Copyright Office that H/E created, and the countless other works of authorship that H/E created.  *See Conan Properties Int'l LLC v. Sanchez*, No. 1:17-CV-00162-FB-RLM, 2018 WL 3869894, at *3 (E.D.N.Y. Aug. 15, 2018) (adopting Report & Recommendation and explaining that "copyright protection for characters is a result of their embodiment in original works of authorship," and it is erroneous to treat characters "as separate and distinct copyright subject matter").

*Fifth*, The Phillies' contention that H/E will not be able to seek statutory damages on the works with pending registrations, *see* PAC, Ex. B, is incorrect.  H/E filed copyright registrations for such works on June 15, 2020, the date the rights in the Phanatic reverted to H/E, and also the

---

showing that P2 is not a true derivative work.  The Phillies' attempt to sidestep the summary judgment determination on P2 by raising it in a futility opposition argument to this motion to amend is circular.  The parties have already asked to file summary judgment motions addressing this same point regarding the existing declaratory judgment claims.  Those claims have now matured into infringement actions post-termination.



Honorable Victor Marrero
October 5, 2020
Page 3

date infringement commenced.  Section 412 precludes statutory damages and fees only if infringement commences *before* the effective registration date.  *See* 17 U.S.C. § 412(2).  Thus, H/E meet the requirements for statutory damages and attorney's fees under the plain language of 17 U.S.C. § 412.  In any event, this is no basis for rejecting the proposed amendment as futile.  Even if H/E were not entitled to statutory damages and attorney's fees for the Exhibit B works, H/E will still be able to seek statutory damages and attorney's fees on the original Phanatic copyright, as well as actual damages on all other works.

We appreciate the Court's consideration of H/E's proposed amendment and are ready, of course, to brief this matter further and more fully at the Court's request.

Respectfully,


/s/ Paul D. Montclare


Paul D. Montclare
Partner
MITCHELL SILBERBERG & KNUPP LLP

PDM/mcp