

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Paul D. Montclare
Partner
(917) 546-7704 Phone
(917) 546-7674 Fax
pdm@msk.com

October 20, 2020

**VIA ECF**

Honorable Sarah Netburn
U.S. Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

**Re:** <u>Phillies v. Harrison/Erickson, Inc. et al., No. 19-cv-7239-VM-SN</u>

Dear Judge Netburn:

We write on behalf of Defendants/Counterclaim Plaintiffs Wayde Harrison and Bonnie Erickson *et al.* ("H/E") pursuant to your October 8, 2020 order (ECF No. 111, "Conference Order"). The purpose of this letter is to summarize H/E's positions on each of the following outstanding issues presented in H/E's October 7, 2020 letter (ECF No. 110) which will be addressed at the October 22, 2020 conference: (i) the Court's letter to the Copyright Office pursuant to 17 U.S.C. § 411(b)(2) concerning The Phillies' empty claim for fraud on the Copyright Office; (ii) the parties' intended summary judgment motions; (iii) H/E's intended motion for leave to amend their counterclaims; and (iv) discovery issues regarding the sufficiency of the parties' contention interrogatory responses. Pursuant to Judge Marrero's October 5, 2020 Order (ECF No. 108), H/E's Intended Motion for Leave to Amend their Counterclaims, addressed *infra* in section III, was referred to your honor for "resolution", with the remaining pretrial proceedings being referred for "supervision," "establishing case management schedules as necessary," and "settlement" discussions.

## I. The Court's Letter to the Copyright Office

Where a copyright registration is alleged to be inaccurate, "the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(2). The Phillies have alleged that H/E fraudulently registered the Phanatic, in registration No. VA 023-748, as an "artistic sculpture" because they purportedly knew that the Copyright Office would have rejected H/E's application if it had described the Phanatic as a costume. The Phillies' allegation is baseless *inter alia* because the information contained in the registration is accurate; H/E did not knowingly include an inaccuracy; and any purported inaccuracy would not be material. *See infra*, Section II.

The parties agree that a letter inquiry from the Court to the Register of Copyrights is appropriate, but have taken differing positions on the contents of that letter. On July 9, 2020, the Court

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM

12590033.2



Honorable Sarah Netburn
October 20, 2020
Page 2

ordered the parties to supplement their positions on the information to be included in a letter to the Copyright Office.  ECF No. 94.  H/E submitted an opening letter with exhibits to Your Honor supplementing their position on July 23, 2020 (ECF No. 96, enclosed herewith as Exhibit A) and The Phillies submitted their opening letter that same day (ECF No. 97, enclosed herewith as Exhibit B).  H/E submitted a responsive letter on July 28, 2020 (ECF No. 100, enclosed herewith as Exhibit C), to which The Phillies replied on July 30, 2020 (ECF No. 103, enclosed herewith as Exhibit D).  H/E further replied on July 31, 2020 to address certain mischaracterizations of the record made in The Phillies' letter (ECF No. 104, enclosed herewith as Exhibit E).

H/E continues to maintain that the proposed language attached as an exhibit to H/E's July 23, 2020 letter (part of Exhibit A enclosed herewith) is appropriate.  Furthermore, H/E continues to maintain that the five images attached as exhibits to H/E's July 23, 2020 letter (also part of Exhibit A enclosed herewith) are the deposit materials that were provided to the Copyright Office (the "Deposit Copies").  Notwithstanding the false *ad hominem* attacks lobbed at H/E's counsel, The Phillies do not actually dispute H/E's position as to the Deposit Copies, and assume that the Deposit Copies were in fact deposited with the Copyright Office for summary judgment purposes.

Finally, H/E informs the Court that Shira Perlmutter has been recently appointed as the new Register of Copyrights and will assume the role this month.[1]  The process for submitting the inquiry to the Copyright Office, outlined in H/E's July 23, 2020 letter, remains the same; namely, the request should be sent to the General Counsel of the Copyright Office via email to 411filings@copyright.gov, *see* Email Rule for Statutory Litigation Notices, 85 Fed. Reg. 10603, 10604 (Feb. 25, 2020).

## II.   The Parties' Intended Summary Judgment Motions

The parties submitted their respective pre-motion letters on July 27, 2020 and submitted responses on July 29, 2020.  H/E seeks to dismiss all of The Phillies' claims and for judgment in H/E's favor on all of H/E's counterclaims.  The Phillies seek summary judgment only with respect to wanting a declaration that a modified Phanatic design introduced earlier this year ("P2") is a derivative work and may continue to be used under 17 U.S.C. § 203(b).  Copies of H/E's pre-motion letter (ECF No. 98) and The Phillies' responsive letter (ECF No. 101) are enclosed herewith as Exhibit F.  Copies of The Phillies' pre-motion letter and exhibits (ECF No. 99) and H/E's responsive letter and exhibits (ECF No. 102) are enclosed as Exhibit G.

As set forth in H/E's letters, H/E seeks summary judgment in their favor on the following issues briefly summarized below:

1. H/E Served a Valid Termination Notice.  H/E served a valid termination notice on June 15, 2018 noticing H/E's intent to terminate H/E's October 31, 1984 assignment of the copyrights in the Phanatic and all existing portrayals of the Phanatic (the "1984

---

[1] *See Shira Perlmutter is Named Register of Copyrights*, Sept. 21, 2020, https://www.copyright.gov/newsnet/2020/851.html.

12590033.2



Assignment"). Pursuant to 17 U.S.C. § 203, termination of the 1984 Assignment went into effect on June 15, 2020 and the rights reverted to H/E. The Phillies do not, and cannot, set forth any factual or legal basis negating the validity of H/E's termination. Instead, The Phillies have imagined other ill-founded legal theories to avoid termination, which are meritless as discussed in the pre-motion letters previously filed on this issue.

2. <u>H/E Hold a Valid Copyright Registration.</u> The Phillies claim that H/E committed fraud on the Copyright Office pursuant to 17 U.S.C. § 411(b) by registering the Phanatic as an artistic sculpture instead of a costume, even though the Phillies acknowledged, benefitted from and relied upon the validity of H/E's very same Phanatic copyright registration for four decades. The Phillies' allegations are unsupported by the record and are contradicted by The Phillies' own admissions that the Phanatic is copyrightable, as well as clear authority explaining that (i) Copyright Office practice dictated that the Phanatic can, and should, be referred to as an artistic sculpture; and (ii) costumes are clearly subject to copyright protection.

3. <u>H/E, Not The Phillies, Authored the Phanatic.</u> The Phillies also baselessly claim an authorship interest in the Phanatic in an attempt to get around termination, despite a clear record establishing that The Phillies contributed no copyrightable expression to the Phanatic, and certainly never intended to be regarded as a joint author. *See Thomson v. Larson,* 147 F.3d 195, 201 (2d Cir. 1998).[2] But the Court need not even reach that inquiry because, as a threshold matter, The Phillies' authorship claims are time-barred pursuant to 17 U.S.C. § 507(b), given that H/E repudiated any claim of authorship decades ago, and The Phillies acknowledged this, even ***expressly agreeing to credit H/E as authors***. *See, e.g., Mahan v. Roc Nation, LLC*, 634 F. App'x 329, 331 (2d Cir. 2016).

4. <u>P2 Is Not a Derivative Work.</u>[3] The Phillies' attempt to exploit P2 is a flagrant abuse of the derivative work exception to termination, 17 U.S.C. § 203(b)(1). P2 is not a derivative work—it is a near identical knock-off, and the record shows that The Phillies intended to *mimic* (not recast, adapt, or transform) the Phanatic so that they could pass P2 off as the Phanatic under the guise of the derivative work exception. H/E's expert confirmed that any originality in P2's design is less than trivial in his expert reports (part of <u>Exhibit G</u>, enclosed herewith). The Phillies do not dispute H/E's characterization of the record, nor do they rebut H/E's expert. Instead, they seek to have this Court ignore the clear record of their slavish malfeasance, and the legal authority that rejects their untenable position. The Phillies have also demonstrated that they have no interest in complying with the law, as they have blatantly created more derivative works ***after*** termination, despite their complete awareness that the derivative work exception is

---

[2] The Phillies also have no authorship claim over a separate Phanatic "character" copyright, as any copyright in the "character" is embodied within the works of authorship created by H/E, including the unique costume and countless pieces of artwork portraying the Phanatic; not the generic antics of the performer *inside of H/E's work*.

[3] The Phillies' competing summary judgment motion, which H/E opposes, addresses only this issue. *See* <u>Exhibit G</u>, enclosed herewith.

12590033.2



limited to derivative works prepared **before** termination. 17 U.S.C. § 203(b)(1). *See also infra*, Section III.

5. <u>The Phillies' Lanham Act Claim Fails to Allege a Case or Controversy.</u> The Phillies cannot maintain their claim under the Lanham Act because such a claim is premised on hypothetical and unidentified conduct. *See, e.g. H.G. Shopping Centers, L.P. v. Birney*, No. H-99-0622, 2000 WL 33538615, at *1 (S.D. Tex. Dec. 29, 2000); *Saleh v. Sulka Trading Ltd.*, 2019 WL 3711770, at *8 (S.D.N.Y. July 15, 2019). The Phillies' Lanham Act claim is also barred by the Supreme Court's ruling in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

6. <u>The Phillies' State Law Claims are Preempted.</u> The Phillies' claims for damages in connection with unjust enrichment and breach of the duty of good faith and fair dealing are in direct conflict with, and therefore preempted by, H/E's federal termination rights under the Copyright Act. *See Am. Soc. of Composers, Authors, and Publishers v. Pataki*, 930 F. Supp. 873, 878 (S.D.N.Y. 1996). They also have no basis in fact or law.

H/E respectfully requests that opening summary judgments briefs of both parties be exchanged and filed on December 10, 2020, with oppositions to be filed on January 20, 2021, and replies to be filed on February 10, 2021.

### III. H/E's Intended Motion for Leave to Amend Their Counterclaims

H/E filed a pre-motion letter on September 29, 2020 seeking leave to file amended counterclaims, to add an additional claim for copyright infringement and concomitant request for damages and injunctive relief (ECF No. 105). The Phillies filed a response on October 1, 2020 (ECF No. 106), and H/E replied on October 5, 2020 (ECF No. 107). Copies of the foregoing letters and accompanying exhibits are enclosed herewith as <u>Exhibit H</u>.

As set forth in H/E's letter and the proposed amended pleading, The Phillies have continued to exploit the Phanatic as if they still own the copyright, despite losing the rights on June 15, 2020 (the "Effective Termination Date."). The Phillies' post-termination conduct, which includes *inter alia* continued unlawful exploitation of P2, unlawful creation and exploitation of new works incorporating the Phanatic after termination, and continued exploitation of merchandise featuring Phanatic artwork that The Phillies no longer own, constitutes willful and flagrant wholesale infringement of H/E's copyright rights, which H/E recaptured on the Effective Termination Date. As such, H/E seeks to amend its original counterclaim to add a copyright infringement claim for money damages, and an updated request for injunctive relief to stop The Phillies from its threatened continued infringement of the Phanatic. H/E meets the standard for amendment under Fed. R. Civ. P. 15, as there is no bad faith, undue prejudice, or delay; the amendment will not affect the summary judgment schedule, which will serve to inform the liability issues set forth in the amendment; and The Phillies do not meaningfully argue otherwise. Instead, The Phillies argue that the amendment is futile for several reasons, none of which have



merit.  *See* ECF No. 107 (part of Exhibit H, enclosed herewith).  H/E undoubtedly meets the requisite pleading standard for an infringement action.

Judge Marrero referred resolution of this motion to Your Honor.  To the extent The Phillies still do not consent to the amendment and Your Honor is not inclined to grant leave on the parties' pre-motion letters, H/E requests full briefing.

### IV.     The Phillies' Deficient Responses to H/E's Contention Interrogatories

On July 23, 2020, The Phillies served responses to H/E's second set of interrogatories (the "Interrogatories").  A copy of the interrogatories and responses at issue is enclosed herewith as Exhibit I.  On August 27, 2020, H/E served The Phillies with a letter identifying deficiencies in certain of The Phillies' responses.  *See* Exhibit J, enclosed herewith.  The Phillies' counsel responded by email on September 11, 2020.  *See* Exhibit K, enclosed herewith.  As set forth in the deficiency letter and below, The Phillies did not sufficiently respond to Interrogatories No. 13, 15, and 21.

### **The Phillies' Deficient Response to Interrogatory No. 13**

This Interrogatory asked: "Do you contend that The Phillies intended to be credited as a joint author of the Phanatic costume at the time you claim to have contributed the copyrightable content identified in Interrogatory No. 12?  If yes, state all facts supporting that contention."[4]  *See* Exhibit I.  The purpose of this Interrogatory is simple:  The Phillies claim that they are joint authors of the Phanatic costume, and the Second Circuit makes clear that ***intent to be regarded as a joint author*** is the touchstone of joint authorship.  *See Childress v. Taylor*, 945 F.2d 500, 508 (2d Cir. 1991).

The Phillies failed and refused to answer this simple question, which would greatly clarify the merits of their authorship claim.  Evading the question entirely, The Phillies stated that they contributed to the preparation of the Phanatic costume with Ms. Erickson "with the intention that their respective contributions would be merged into a single costume design."  *See* Exhibit I.  But the Interrogatory did not ask whether The Phillies intended that their contribution be merged into a single design; it asked whether The Phillies *intended to be credited as joint authors*.  *See, e.g., Thomson v. Larson*, 147 F.3d 195, 201 (2d Cir. 1998) (explaining that putative joint authors must "entertain in their minds the concept of joint authorship"; ***it is not enough they intend their contributions to be merged into one unitary work***).  An assertion by The Phillies that they possessed such intent would contradict overwhelming contrary evidence and admissions.

The Phillies should be ordered to supplement their response so that it answers the question posed.

---

[4] Interrogatory No. 12 asked The Phillies to identify and describe each piece of "copyrightable content" The Phillies contend they contributed to the Phanatic costume.



Honorable Sarah Netburn
October 20, 2020
Page 6

**The Phillies' Deficient Response to Interrogatory No. 15**

This Interrogatory asked The Phillies to "[i]dentify each and every work of authorship portraying the Phanatic character that The Phillies contend was created by you, and not Defendants between 1978 and 1984." *See* Exhibit I.  The purpose of this Interrogatory is to once and for all determine what "works" The Phillies actually claim authorship in so as to justify their claim to a purported authorship interest in the Phanatic "character." *See Conan Properties Int'l LLC v. Sanchez*, No. 1:17-CV-00162-FB-RLM, 2018 WL 3869894, at *3 (E.D.N.Y. Aug. 15, 2018)("[T]he Second Circuit recognizes that copyright protection for characters *is a result of their embodiment in original works of authorship*.") (emphasis added).[5]

In response, The Phillies identified a number of purported videos/films made between 1978 and 1984, none of which were produced during discovery, and which have still not been produced. Accordingly, H/E's counsel asked The Phillies to provide a copy of the videos/films referenced, and all documents concerning the items in The Phillies' custody and control, *see* Exhibit J.   The Phillies' counsel responded, without providing any basis, that he believed H/E already had such videos/films, and further refused to address the request of H/E's counsel that The Phillies provide "all documents concerning these items," such as any documents that demonstrate that such videos/films were "created by [The Phillies], and not [H/E]." *See* Exhibit K.

The Phillies should be ordered to immediately produce such videos/films, and provide all factual bases for the contention that The Phillies, and not H/E, created the videos/films between 1978 and 1984.  H/E further requests that discovery be re-opened on a limited basis, solely so that H/E can determine the veracity of The Phillies' contention that they created such videos/films. Otherwise, The Phillies should be precluded from using these items in this case.

**The Phillies' Deficient Response to Interrogatory No. 21**

This Interrogatory asked The Phillies to "[i]dentify and describe each and every piece of artwork, merchandise, photograph, or video portraying, representing, or depicting P2 that you contend you have the right to exploit after the Effective Termination Date." *See* Exhibit I.  The Phillies failed to identify a single work in response, vaguely pointing to what was produced in discovery, as well as unidentified "newly created depictions etc. of P2." *Id.*; s*ee, e.g. Fears v. Wilhelmina Model Agency, Inc.*, No. 02CIV 4911(HB)(HBP), 2004 WL 1065543, at *5-6 (S.D.N.Y. May 11, 2004) (reprimanding party for providing vague and incomplete interrogatory responses).  And they have no excuse for their vagueness given that the Effective Termination Date has passed. The Phillies should be aware of each and every piece of artwork, merchandise, photograph, or

---

[5] Throughout this litigation, The Phillies have clung to the false premise that they authored the character because Wayde Harrison, in a personal hand-written notation, wrote that Dave Raymond, the first of many performers to wear the Phanatic costume, developed a "fun and sensitive character." But The Phillies omit that H/E instructed the performers exactly how to move and perform inside the fictional fantastic character created by H/E alone.  And on top of this, ***The Phillies do not, because they cannot, identify a single work of authorship that they created which embodies the character***.  Instead, they only identify abstract personality traits, all of which have been embodied and portrayed in works of authorship indisputably created by H/E.

12590033.2



Honorable Sarah Netburn
October 20, 2020
Page 7

video portraying, representing, or depicting P2 that it developed prior to June 15, 2020.  *See* 17 U.S.C. § 203(b)(1).

The Phillies' counsel responded to H/E's deficiency letter by doubling down on The Phillies' position that they will not respond further to Interrogatory No. 21.  *See* <u>Exhibit K</u>.  On one hand, The Phillies argue that H/E cannot terminate the 1984 Assignment, so they say they can use any artwork, merchandise, photograph, or video depicting the Phanatic.  But this contradicts the undeniable fact that The Phillies have focused their litigation efforts almost entirely on their claim that certain derivative works fall under the derivative work exception to termination, 17 U.S.C. § 203(b)(1).  In fact, the record in this case makes plain that The Phillies' admittedly developed P2 solely in response to H/E's termination notice, attempting in vain to justify P2 as a derivative work so that they can claim P2 falls within the derivative work exception.  H/E disputes that P2 is a derivative work as discussed *supra*, Section II.  Also, under the express termination provisions of the Copyright Act, The Phillies simply do not have any right to prepare any new derivative works based upon the Phanatic copyrighted work <u>after the June 15, 2020 termination date</u>.  17 USC §203(b)(1).

Accordingly, The Phillies cannot justify their complete failure to answer this Interrogatory.  They should be compelled to supplement their response to Interrogatory No. 21 and identify what artwork, merchandise, photograph, or video portraying, representing, or depicting P2 they contend they can legally exploit after the Effective Termination date, or be precluded from claiming P2 is a derivative work altogether.

    **V.**    **H/E Properly Responded to The Phillies' Interrogatories**

Weeks after H/E apprised The Phillies of their deficiencies, The Phillies informed H/E for the first time on October 7, 2020 of purported deficiencies.  As set forth in counsel's correspondence, enclosed herewith as <u>Exhibit L</u>, The Phillies' contentions are wholly baseless.  By way of example, The Phillies took issue with the fact that H/E could not authenticate a summary document that *The Phillies created*, based on materials that *The Phillies refused to produce in discovery*.  This is just one of the litany of frivolous positions that H/E anticipates The Phillies will attempt to raise with Your Honor to distract from their own evasive responses.  To the extent The Phillies seek supplementation of H/E's responses to their Interrogatories, such request should be rejected. [6]

---

[6] Unlike The Phillies, who incorporated no documents or testimony in their contention interrogatory responses, H/E incorporated *hundreds* if not *thousands* of documents and deposition testimony, meticulously organized by Interrogatory response.

12590033.2



Honorable Sarah Netburn
October 20, 2020
Page 8

Respectfully submitted,

*/s/ Paul D. Montclare*

Paul D. Montclare
Partner

PDM/mcp

12590033.2