# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

THE PHILLIES, a Pennsylvania limited
partnership,

           Plaintiff,

    v.

HARRISON/ERICKSON, INCORPORATED,
a New York corporation, HARRISON
ERICKSON, a partnership, and WAYDE
HARRISON and BONNIE ERICKSON,

        Defendants.

CIVIL ACTION NO. 19-CV-7239 (VM)

JURY TRIAL DEMANDED

## RESPONSE TO THE PHILLIES' THIRD AND FOURTH SET OF INTERROGATORIES TO DEFENDANTS

1

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants and Counterclaim Plaintiffs Harrison/Erickson, Incorporated, Harrison Erickson, Wayde Harrison, and Bonnie Erickson (collectively, and individually, "Defendants"), by and through their attorneys, provide the following responses and objections to the Third and Fourth Sets of Interrogatories from Plaintiff and Counterclaim Defendant The Phillies (the "Interrogatories").

## PRELIMINARY STATEMENT

1.     All responses contained herein, and documents that will be produced, are based on the information and documents that are presently available and specifically known to Defendants.  Further discovery, investigation, review of records, research, and analysis may reveal additional responsive material.  Accordingly, Defendants reserve the right to present evidence of any subsequently discovered facts at the trial of this action and to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are made.

2.     The following responses, and any documents produced in response to the interrogatories, are based on information presently available to and located by Defendants and no incidental or implied admissions are intended hereby.  The fact that Defendants respond or object to any particular interrogatory, or produce any document in response, is not intended and shall not be construed as an admission that Defendants accept or admit the existence of any facts set forth in or assumed by such interrogatory, or that such response, objection, or document produced constitutes admissible evidence.

2

## GENERAL OBJECTIONS

The following general objections ("General Objections") apply to all of the Interrogatories propounded by The Phillies, and are incorporated by reference into each specific response made herein.

1.      Defendants object to each Interrogatory to the extent it purports to impose obligations on Defendants different from, or in addition to, those imposed by the Federal Rules of Civil Procedure and/or Local Civil Rules of the U.S. District Court for the Southern District of New York.

2.      Defendants object to the Interrogatories to the extent that they seek information protected from disclosure pursuant to the attorney-client privilege, the work-product doctrine, or other applicable privileges.  To the extent that an Interrogatory may be construed as seeking information subject to the attorney-client privilege or work-product doctrine, Defendants hereby claim the attorney-client privilege and invoke the work-product doctrine as to the Interrogatory.

3.      Defendants object to the Interrogatories to the extent they seek information not currently available to Defendants.  Defendants have not completed their investigation of the facts relating to this case and reserve all rights to supplement and/or amend their responses.

4.      Defendants object to each Interrogatory to the extent that the Interrogatory seeks information that is not in Defendants' possession, custody, or control and/or solely within the possession, custody or control of entities other than Defendants.  These responses are provided only on behalf of Defendants, and Defendants will only produce information within their own possession, custody, or control.

5.      Defendants provide some information only pursuant to the protective order entered in the case.

3

6.      Defendants object to each Interrogatory to the extent it demands information that is likely to be the subject of expert testimony.

7.      Defendants object to each Interrogatory to the extent it is compound and contains subparts which should be treated as separate Interrogatories.

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 5:**

State whether you contend that any of Defendants contributed copyrightable material to the Phanatic Character and, if you do, Describe in Detail all factual bases for Your contention.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants hereby incorporate the foregoing Preliminary Statement and General Objections, and further object to this Interrogatory on the following grounds: (1) its use of the terms "copyrightable material" and "Phanatic Character" is vague and ambiguous, and assumes contested facts concerning what is copyrightable; (2) it is compound and thus The Phillies impermissibly exceed the maximum number of Interrogatories permitted by Federal Rules of Civil Procedure 33; and (3) it calls for information that is protected by the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Yes.  To the extent that purported character rights exist in the Phanatic, Defendants contributed all copyrightable material.  Defendants, not The Phillies, designed the unique appearance of the Phanatic, which The Phillies have admitted is critical to the Phanatic's character.  Defendants further created countless copyrightable works of authorship portraying the Phanatic, including two and three-dimensional artwork, further developing the Phanatic's character.  Almost all of those, prior to 1984, had copyright notices in Defendants' name.  The Phillies' own agreements

4

with Defendants, which The Phillies entered into with Defendants prior to three years before the instant lawsuit, confirm their own understanding that Defendants authored and owned the Phanatic character, took sole credit for its creation, and reserved exclusive creative control over the character, and The Phillies did not claim to author any aspect of the Phanatic.  Testimony by numerous witnesses confirms these understandings.  Other documents produced in this litigation further confirm Defendants' sole authorship of the Phanatic, including *inter alia*, the team handbook, interviews, Defendants' consistent representations prior to the lawsuit, and The Phillies own' admissions, which The Phillies did not dispute.  Defendants also conceived of and wrote a backstory, and decided on a personality, which would be beloved by fans, and approved and directed a performer to perform as the mascot.  To the extent any of the performances by a person inside the mascot rise to the level of creating or contributing to a copyrightable character, which Defendants do not concede, those aspects were dictated by the visual design and character contributed by Defendants, such that any vague or unoriginal ideas contributed by the Phillies were and are unprotectable.  See also Appendix A, attached hereto.

**INTERROGATORY NO. 6:**

Describe in Detail all factual bases for Your contention in Your Second Affirmative Defense that "[t]he Complaint and any purported claims for relief therein are barred, precluded, and/or limited by the statute of limitations."

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants hereby incorporate the foregoing Preliminary Statement and General Objections.  Subject to and without waiving the foregoing objections, Defendants respond as follows:  The Phillies knew or had reason to know that Defendants expressly repudiated The Phillies' authorship claims in the Phanatic, whether sole authorship or joint authorship, more

than three years before the instant lawsuit was filed.  *See* 17 U.S.C. § 507.  The agreements

between The Phillies and Defendants from 1978 up to the assignment of Defendants' copyright

rights in and to the Phanatic in 1984 reflect the parties' understandings that Defendants, and not

The Phillies, solely authored the Phanatic, and thus took sole ownership and control of the

Phanatic copyright in 1978 when Defendants created the Phanatic, and numerous witnesses have

confirmed these understandings in deposition testimony.  Defendants sued The Phillies for

copyright infringement in 1979 and registered the Phanatic copyright that year, describing only

Defendants as authors, and The Phillies were unquestionably aware of that registration, did not

attempt to challenge the registration at that time or otherwise file a competing registration, and

did not attempt to challenge the 1979 infringement action on grounds that they held any co-

authorship or sole authorship interest in the Phanatic copyright.  Furthermore, Defendants'

assignment of the copyright in 1984 and continued work for The Phillies (often at discounted

prices) was expressly conditioned on The Phillies' understanding that Defendants, and not The

Phillies, were the creators of the Phanatic, including The Phillies' express commitment pursuant

to the 1984 assignment to credit Defendants, and not themselves, as the creator of the Phanatic,

which representatives of The Phillies did for decades prior to the filing of this lawsuit.  Any one

of the aforementioned events, by themselves, is sufficient to trigger the accrual of a claim

concerning copyright authorship.  Additionally, The Phillies never questioned the validity of the

Phanatic copyright.  To the contrary, their agreement to purchase said copyright, which The

Phillies even recorded with the U.S. Copyright Office in 1987, and their continued exploitation

of, and enforcement of their rights in, said copyright for more than three years before the instant

lawsuit was filed, including representations made under penalty of perjury by representatives of

6

The Phillies that the copyright was valid, bar The Phillies from now claiming otherwise.  17

U.S.C. § 507.   See also Appendix A, attached hereto.

**INTERROGATORY NO. 7:**

Describe in Detail all factual bases for Your contention in Your Third and Fourth

Affirmative Defenses that "The Phillies did not take reasonable steps to inform Defendants of its

subjective beliefs" relating to the Phanatic Copyright Registration or termination," including but

not limited to identifying each of the alleged "numerous representations to Defendants that are

contrary to the allegations in the Complaint."

**RESPONSE TO INTERROGATORY NO. 7:**

Defendants hereby incorporate the foregoing Preliminary Statement and General

Objections, and further object to this Interrogatory on the following grounds: (1) its use of the

terms "relating to the Phanatic Copyright Registration or termination" is vague and ambiguous

and assumes contested facts; and (2) it is overly broad and unduly burdensome and seeks

information that is neither relevant nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

See response to Interrogatory No. 6.   See also Appendix A, attached hereto.

**INTERROGATORY NO. 8:**

Describe in Detail all factual bases for Your contention in Your Seventh Affirmative

Defense that "[t]he Complaint and any purported claims for relief therein are barred, in whole or

in part, by the doctrine of copyright misuse."

**RESPONSE TO INTERROGATORY NO. 8:**

Defendants hereby incorporate the foregoing Preliminary Statement and General

Objections and further object on the ground that it seeks information that is protected by the

attorney work product doctrine.  Subject to and without waiving the foregoing objections,

Defendants respond as follows:  By their very Complaint, the Phillies have, *inter alia*,

improperly attempted to enlarge the scope of their purported copyright rights, nullify

Defendants' lawful termination rights, and restrain Defendants from engaging in the lawful use

and exploitation of their own copyright rights.  For instance, The Phillies have brought numerous

copyright claims in bad faith and without any legal basis, and on top of that, have asserted claims

under the Lanham Act and under state law; all of these actions have been deliberately designed

to impermissibly expand The Phillies' purported copyright rights in the Phanatic, at the expense

and to the detriment of Defendants.  See also Appendix A, attached hereto.

**INTERROGATORY NO. 9:**

Describe in Detail all factual bases for Your contention in Your Eighth Affirmative

Defense that "The Phillies' claim under Count VI is barred, in whole or in part, by the doctrine

of trademark misuse."

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants hereby incorporate the foregoing Preliminary Statement and General

Objections and further object on the ground that it seeks information that is protected by the

attorney work product doctrine.  Subject to and without waiving the foregoing objections,

Defendants respond as follows:  The Phillies have *inter alia*, improperly attempted to enlarge the

scope of their purported trademark rights, and are using their purported trademark rights to

engage in the unlawful restraint of trade.  In particular, The Phillies without any legal or factual

basis seek to use their purported trademark rights to enjoin Defendants from engaging in the

lawful transfer, assignment, exploitation, or license their own copyright interests.  The Phillies

have further brought numerous copyright claims in bad faith and without legal basis that are

designed to impermissibly expand The Phillies' purported trademark rights in the Phanatic, at the expense and to the detriment of Defendants.  See also response to Interrogatory No. 8.  See also Appendix A, attached hereto.

**INTERROGATORY NO. 10:**

Describe in Detail all bases for Your contention in Your Eighth Affirmative Defense that "The Phillies' claim under Count VI is barred, in whole or in part, by the Supreme Court's holding in *Dastar Corp. v. Twentieth Century Fox Film Corp*., 539 U.S. 23 (2003).

**RESPONSE TO INTERROGATORY NO. 10:**

Defendants hereby incorporate the foregoing Preliminary Statement and General Objections and further object on the ground that it seeks information that is protected by the attorney work product doctrine.  Subject to and without waiving the foregoing objections, Defendants respond as follows:  The Phillies' purported Lanham Act claims are premised on the assertion that Defendants, as the authors and owners of the Phanatic copyright, may not act consistent with their rights as authors and owners of the Phanatic copyright, including publicly hold themselves out as the creators of the Phanatic and, if they choose, transfer, assign, or license to others the right to use the Phanatic copyright and credit Defendants as the creators of the Phanatic.  For instance, The Phillies allege in the Complaint that if Defendants as much as sell their copyright interests in the Phanatic to another party (copyright interests that The Phillies do not own), "it would likely cause confusion, mistake, or deception as to the source of origin, sponsorship or approval of the use of the Phillie Phanatic."  Such a theory is unequivocally barred by *Dastar Corp. v. Twentieth Century Fox Film Corp*., 539 U.S. 23 (2003) and its progeny because it conflates the manufacturer of physical goods bearing Defendants' Phanatic artwork with the creators of the underlying copyrighted work.  The Phillies no longer own the

copyright to the Phanatic, so their attempt to assert trademark claims over rights in the domain of copyright law is improper.  See also response to Interrogatories 8-9.  See also Appendix A, attached hereto.

**INTERROGATORY NO. 11:**

Describe in Detail all factual bases for Your contention in Your Nineteenth Affirmative Defense that "[t]he Complaint and any purported claims for relief therein are barred, in whole or in part, as a result of The Phillies' bad faith."

**RESPONSE TO INTERROGATORY NO. 11:**

Defendants hereby incorporate the foregoing Preliminary Statement and General Objections and further object on the ground that it seeks information that is protected by the attorney work product doctrine.  Subject to and without waiving the foregoing objections, Defendants respond as follows:  The Phillies have engaged in bad faith and inequitable conduct, *inter alia*, because they brought a baseless lawsuit concocting frivolous claims, not because there is any merit to their claims, but rather, because they believed that bullying Defendants through the instant lawsuit would cause them to accept less than the fair value of the Phanatic copyright for the remainder of the copyright term.  As identified in the Interrogatories above, The Phillies have never questioned Defendants' authorship interest in the Phanatic or the validity of the Phanatic copyright, and have greatly benefitted from the Phanatic copyright authored by Defendants.  Now that Defendants are lawfully exercising their termination rights, The Phillies have desperately attempted to avoid termination by manufacturing false claims and a knock-off of the Phanatic.  The Phillies also entered numerous agreements admitting that Defendants created and were the copyright owners of the Phanatic, including promises to credit Defendants as the creators, and then in bad faith reneged on those promises and representations and

10

omissions with knowledge thereof and in a bad-faith attempt to thwart Defendants from

exercising their clear, statutory rights.  The responses to the prior Interrogatories above are

incorporated.  See also Appendix A, attached hereto.

**INTERROGATORY NO. 12:**

Describe in Detail all factual bases for Your contention in Your Twenty-First Affirmative

Defense that "[t]he Complaint and any purported claims for relief therein are barred due to the

fact that The Phillies, by their own acts and/or omissions, breached the covenant of good faith

and fair dealing implied in its agreements with Defendants," including, but not limited to

Identifying the specific agreements to which you contend this defense applies.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendants hereby incorporate the foregoing Preliminary Statement and General

Objections, and further object to this Interrogatory on the following grounds: (1) it seeks

information that is protected by the attorney work product doctrine; and (2) it is overly broad and

unduly burdensome.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

Defendants assigned their copyright to The Phillies on October 31, 1984, and continued to

provide creative work to The Phillies (at a discount), on the understanding that (i) The Phillies

recognized Defendants' sole authorship interest in the Phanatic; (ii) The Phillies recognized the

validity of the copyright being granted to them; and (iii) The Phillies would act in accordance

with all applicable law governing the assignment.  The Phillies had a duty to abide by and act in

a manner consistent with those understandings.  The Phillies have unequivocally breached that

duty by, *inter alia*, bringing the instant lawsuit in bad faith to prevent Defendants from lawfully

exercising their termination right, making wild assertions that directly conflict with The Phillies'

prior representations to Defendants, and deliberately creating a slavish Phanatic knock-off in an attempt to supersede Defendants' Phanatic design.  The responses to the prior Interrogatories above are incorporated.  See also Appendix A, attached hereto.

**INTERROGATORY NO. 13:**

Describe in Detail all factual bases for Your contention that any of the Defendants or their counsel disclosed to the Copyright Office that the Phanatic Registration was for a costume.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendants hereby incorporate the foregoing Preliminary Statement and General Objections, and further object to this Interrogatory on the following grounds: (1) its use of the terms "disclosed" and "costume" is vague, ambiguous, and misleading; (2) it assumes contested facts regarding what Defendants or their counsel were required to disclose to the Copyright Office; and (3) it seeks information protected by attorney-client privilege.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants unequivocally reject The Phillies' contention that Defendants were required to disclose to the Copyright Office that the Phanatic Registration was for a costume, because the term "artistic sculpture" accurately describes what was registered with the Copyright Office and was the accepted term of art used at the time, even as discussed in prior court opinions and testimony from the Copyright Office.  Even if, assuming *arguendo*, it was inaccurate, such inaccuracy would not have caused the Register of Copyright to refuse registration, because the Phanatic is incontrovertibly subject to copyright protection.  With that being said, the deposit copies provided to the Copyright Office make it apparent that the Phanatic was in fact not a static object but was a wearable, full-bodied puppet/sculpture.  See also, Appendix A, attached hereto.

12

**INTERROGATORY NO. 14:**

Describe in Detail all factual bases for Your contention that any one or more of the

Defendants would suffer irreparable harm from the continued use by The Phillies of the Phanatic

after June 15, 2020.

**RESPONSE TO INTERROGATORY NO. 14:**

Defendants hereby incorporate the foregoing Preliminary Statement and General

Objections, and further object to this Interrogatory on the following grounds: (1) it seeks

information that is protected by the attorney-client privilege and attorney work product doctrine;

(2) its use of the phrase "irreparable harm" is vague and ambiguous, and seeks a legal

conclusion; and (3) it is overly broad and unduly burdensome.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

Due to The Phillies' unlicensed use of the Phanatic and unauthorized derivative works thereof

after the Effective Termination Date, wholesale copies of Defendants' works are being made and

distributed with no restriction preventing their downstream dissemination.  Furthermore, The

Phillies have demonstrated a substantial likelihood of future and continuing infringement that

will not be prevented absent an injunction.  In particular, documents and testimony confirm that

The Phillies have concrete plans to use unauthorized reproductions of Defendants' works after

termination, and develop new unauthorized derivative works of the Phanatic after the rights have

reverted to Defendants, and The Phillies' own counsel has suggested that even if The Phillies no

longer owned the copyright, they would nonetheless continue to infringe and Defendants would

just have to continue suing them.  Such blatant, widespread, and malicious infringing activity,

*inter alia*, steals the fruits of Defendants' creative efforts, compromises the value of Defendants'

work, strips Defendants of creative control over their work, undermines Defendants' own ability

to market, exploit, and license their work, and effectively deprives them of their inalienable

termination right guaranteed to them by Congress.  Such losses are significant and difficult to

replace or measure, and money damages alone are insufficient.  As such, all of the above actions

cause irreparable damage to Defendants' business and reputation as renowned mascot designers.

See also Appendix A, attached hereto.

**INTERROGATORY NO. 15:**

Do you contend that any of The Phillies trademarks relating to the Phillie Phanatic (U.S.

Registration Nos. 4,143,914, 4,143,913, 4,199,377, 4,035,158, 4,265,099, 4,246,618, 4,234,650,

and 4,120,821) are invalid?  If so, Describe in Detail all factual bases for any such contention.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendants hereby incorporate the foregoing Preliminary Statement and General

Objections, and further object to this Interrogatory on the following grounds: (1) its use of the

phrase "invalid" is vague and ambiguous, assumes facts not in the record, and calls for a legal

conclusion; (2) it is compound and thus The Phillies impermissibly exceed the maximum number

of Interrogatories permitted by Federal Rules of Civil Procedure 33; (3) it seeks information that

is in the possession of The Phillies and not in Defendants' possession; and (4) it is overly broad

and unduly burdensome and seeks information that is neither relevant nor proportional to the

needs of the case.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

The Phillies have refused to produce discovery that would allow Defendants to determine

whether to contest these allegations, and it is The Phillies' burden to prove them. Also, to the

extent that the copyright rights in the designs used by The Phillies as trademarks have reverted to

Defendants, The Phillies are not authorized to engage in any conduct that would infringe upon

Defendants' copyright rights in and to such design, including reproducing, distributing, and publicly displaying copies of such designs as marks.

**INTERROGATORY NO. 16:**

Do you contend that any of The Phillies' trademarks relating to the Phillie Phanatic (U.S. Registration Nos. 4,143,914, 4,143,913, 4,199,377, 4,035,158, 4,265,099, 4,246,618, 4,234,650, and 4,120,821) are not incontestable or are not famous?  If so, Describe in Detail all factual bases for any such contention.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendants hereby incorporate the foregoing Preliminary Statement and General Objections, and further object to this Interrogatory on the following grounds: (1) its use of the phrases "incontestable" and "famous" are vague and ambiguous, assumes facts not in the record, and calls for legal conclusions; (2) it is compound and thus The Phillies impermissibly exceed the maximum number of Interrogatories permitted by Federal Rules of Civil Procedure 33; (3) it seeks information that is in the possession of The Phillies and not in Defendants' possession; and (4) it is overly broad and unduly burdensome and seeks information that is neither relevant nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants respond as follows: The burden is on The Phillies to prove that their trademarks are incontestable and famous, and The Phillies have not met that burden and refused to produce relevant discovery.  For instance, The Phillies did not produce any affidavits that were filed with the U.S. Patent & Trademark Office within one year after a five-year period of continuous use of the trademark registrations provided in this Interrogatory.  *See* 15 U.S.C. § 1065.   Furthermore, to the extent that the copyright rights in the designs used by The Phillies as trademarks have reverted to Defendants,

15

The Phillies are not authorized to engage in any conduct that would infringe upon Defendants'

copyright rights in and to such design, including reproducing, distributing, and publicly

displaying copies of such designs as marks.

**INTERROGATORY NO. 17:**

Do you contend that the cost to defendants of designing and building the original

Phanatic costume was more than $2000?  If you do, state how much the cost was and Describe in

Detail the basis for your contention that it was more than $2000.

**RESPONSE TO INTERROGATORY NO. 17:**

Defendants hereby incorporate the foregoing Preliminary Statement and General

Objections, and further object to this Interrogatory on the following grounds: Defendants hereby

incorporate the foregoing Preliminary Statement and General Objections, and further object to

this Interrogatory on the following grounds: (1) its use of the phrase "cost to defendants,"

"designing and building the original Phanatic costume," and "more than $2000" is vague and

ambiguous and assumes contested facts; (2) it is compound and thus The Phillies impermissibly

exceed the maximum number of Interrogatories permitted by Federal Rules of Civil Procedure

33; and (3) it is overly broad and unduly burdensome and seeks information that is neither

relevant nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants respond as follows:

As Defendant Wayde Harrison previously testified, Defendants cannot recall the cost of

designing and building the original Phanatic costume.  Harrison Dep. 115:25-117:2.  As such,

Defendants make no admission on this allegation, which The Phillies have the burden to prove.

16

**INTERROGATORY NO. 18:**

Do you contend that defendants received less than $2 million in merchandising revenue from Phanatic-related products?  If you do, state the amount that such products generated, and Describe in Detail the basis for your contention.

**RESPONSE TO INTERROGATORY NO. 18:**

Defendants hereby incorporate the foregoing Preliminary Statement and General Objections, and further object to this Interrogatory on the following grounds: Defendants hereby incorporate the foregoing Preliminary Statement and General Objections, and further object to this Interrogatory on the following grounds: (1) its use of the phrase "received less than $2 million," "merchandising revenue," and "from Phanatic-related products" is vague and ambiguous; (2) it is compound and thus The Phillies impermissibly exceed the maximum number of Interrogatories permitted by Federal Rules of Civil Procedure 33; and (3) it is overly broad and unduly burdensome and seeks information that is neither relevant nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Yes.  Defendants contend that there was approximately $2 million in retail sales of Phanatic-related products between 1978 and 1984, to which Defendants received a royalty that was a small fraction of the sales price and was far less than $2,000,000.  See also Appendix A, attached hereto.

**INTERROGATORY NO. 19:**

Do you contend that The Phillies have not paid, in nominal dollars, over $8.6 million in compensation for performers of the Phanatic and over $2.5 million in Phanatic giveaways?  If

you do, state the amounts that you contend the Phillies have paid on compensation and giveaways, and Describe in Detail the factual basis for your contention.

**RESPONSE TO INTERROGATORY NO. 19:**

Defendants hereby incorporate the foregoing Preliminary Statement and General Objections, and further object to this Interrogatory on the following grounds: Defendants hereby incorporate the foregoing Preliminary Statement and General Objections, and further object to this Interrogatory on the following grounds: (1) its use of the phrase "nominal dollars," "compensation for performers of the Phanatic," and "Phanatic giveaways"; (2) it is compound and thus The Phillies impermissibly exceed the maximum number of Interrogatories permitted by Federal Rules of Civil Procedure 33; (3) it seeks information that is in the possession of The Phillies; and (4) it is overly broad and unduly burdensome and seeks information that is neither relevant nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants do not have sufficient information in their possession to answer this Interrogatory. Defendants have been provided with compilations that purport to reflect payments by The Phillies, but do not have all of the underlying and authenticated data.

**INTERROGATORY NO. 20:**

Do you contend that you did not intend the transfer under the October 31, 1984 agreement to be forever or at least as long as the copyright term?  If you do, Describe in Detail the factual basis for your contention.

**RESPONSE TO INTERROGATORY NO. 20:**

Defendants hereby incorporate the foregoing Preliminary Statement and General Objections, and further object to this Interrogatory on the following grounds: (1) its use of the

18

phrase "intend the transfer," and "forever or at least as long as the copyright term" are vague and ambiguous, and implies in a misleading manner than the statutory termination window is disconnected from the term of an assignment; (2) it assumes contested facts regarding the impact of Defendants' intent on their termination rights; (3) it is compound and thus The Phillies impermissibly exceed the maximum number of Interrogatories permitted by Federal Rules of Civil Procedure 33; and (4) it is overly broad and unduly burdensome and seeks information that is neither relevant nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants unequivocally reject the contention that Defendants' intent with respect to the length of the transfer under the October 31, 1984 is relevant to any of The Phillies' claims as a matter of law.  As The Phillies themselves have repeatedly conceded, including by this very Interrogatory, any agreement concerning copyrights is limited by the Copyright Act; indeed, the limited nature of the "copyright term" necessarily limits the term "forever."  Likewise, the length of all transfers is limited, to the extent that an author chooses to exercise their termination right under 17 U.S.C. § 203.  Because termination of a grant may be effected "notwithstanding any agreement to the contrary," *see id.*, Defendants could not agree to waive their termination right in 1984 even if they intended to do so.  It is incontrovertible that the assignment of the Phanatic copyright is subject to the statutory scheme, that private parties may not subvert the statutory scheme, and that thirty five years have elapsed since Defendants assigned the copyright to The Phillies.  As such, the assignment speaks for itself.  Moreover, because termination rights do not necessarily exist outside of the United States, the assignment will stand for the length of the copyright term in other jurisdictions.  See also Appendix A, attached hereto.

**INTERROGATORY NO. 21:**

Do you contend that you have the right to sell the Phanatic or any aspects of it to a different sports team?  If so, Describe in Detail the basis for your contention, and if you contend that you have the right to sell aspects of the Phanatic, Identify those aspects and the factual support for that contention.

**RESPONSE TO INTERROGATORY NO. 21:**

Defendants hereby incorporate the foregoing Preliminary Statement and General Objections, and further object to this Interrogatory on the following grounds: (1) its use of the phrase "sell the Phanatic or any aspects of it to a different sports team," is vague, ambiguous, and calls for speculation; (2) it assumes contested facts; (3) it is compound and thus The Phillies impermissibly exceed the maximum number of Interrogatories permitted by Federal Rules of Civil Procedure 33; (4) it is overly broad and unduly burdensome and seeks information that is neither relevant nor proportional to the needs of the case; and (5) it calls for information that is protected by the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants have the legal right to transfer, assign, exploit, or license their copyright interests. Defendants have testified that they have no present, specific plans to do so.  Also, there are myriad ways the Phanatic could be used that would not cause consumer confusion or dilution, even assuming *arguendo* the validity and enforceability of The Phillies' alleged trademarks, which the Phillies have the burden to prove.

20

**INTERROGATORY NO. 22:**

Do you contend that you have the right to license the right to sell merchandise bearing the Phanatic design or certain of its design elements to third parties?  If so, Describe in Detail the basis for your contention.

**RESPONSE TO INTERROGATORY NO. 22:**

Defendants hereby incorporate the foregoing Preliminary Statement and General Objections, and further object to this Interrogatory on the following grounds: (1) its use of the phrase "sell merchandise bearing the Phanatic design or certain of its design elements to third parties," is vague, ambiguous, and calls for speculation; (2) it assumes contested facts; (3) it is compound and thus The Phillies impermissibly exceed the maximum number of Interrogatories permitted by Federal Rules of Civil Procedure 33; (4) it is overly broad and unduly burdensome and seeks information that is neither relevant nor proportional to the needs of the case; and (5) it calls for information that is protected by the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Defendants incorporate their response to Interrogatory Number 21.

**INTERROGATORY NO. 23:**

Do you contend that The Phillies have not acquired substantial good will in the Phanatic over the past 42 years?  If so, Describe in Detail the basis for any such contention.

**RESPONSE TO INTERROGATORY NO. 23:**

Defendants hereby incorporate the foregoing Preliminary Statement and General Objections, and further object to this Interrogatory on the following grounds: (1) its use of the phrase "acquired substantial good will in the Phanatic" is vague, ambiguous, and calls for a legal conclusion; (2) it assumes contested facts; (3) it is compound and thus The Phillies

21

impermissibly exceed the maximum number of Interrogatories permitted by Federal Rules of Civil Procedure 33; and (4) it is overly broad and unduly burdensome and seeks information that is neither relevant nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Defendants respond as follows: See responses to Interrogatories 15-16.

22

**INTERROGATORY NO. 25:**

Do you contend that any of the items on Appendix A to Plaintiff's Supplemental Response to Defendants' Interrogatory Nos. 5 and 6 is not a derivative work that was prepared under authority of the grant of rights contained in the 1984 Assignment?  If yes, state all facts supporting those contentions.

**RESPONSE TO INTERROGATORY NO. 25:**

Defendants hereby incorporate the foregoing Preliminary Statement and General Objections, and further object to this Interrogatory on the following grounds: (1) its use of the phrase "derivative work that was prepared under the authority of the grant of rights contained in the 1984 Assignment" is vague, ambiguous, and calls for a legal conclusion; (2) it is compound and thus The Phillies impermissibly exceed the maximum number of Interrogatories permitted by Federal Rules of Civil Procedure 33; and (3) it calls for information that is protected by attorney client privilege and the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Yes.  At least the following items on Appendix A to Plaintiff's Supplemental Response to Defendants' Interrogatory Nos. 5 and 6 are not derivative works prepared under authority of the grant of rights contained in the 1984 Assignment: 1, 2, 5, 71, 75, 77, 79, 82, 84, 86, 87, 88, 100, 101, 104, 106, 193, 233, 235, 327, 328, 329, 331, 332, 333, 334, 335, 336, 338, 339, 340, and any other item that reproduces the aforementioned items on another medium or product without added protectable material.  The aforementioned items reproduce works that were prepared prior to the grant of rights contained in the 1984 Assignment, the rights of which have reverted to Defendants ("Pre-Grant Works"), without adding any additional protectable material, or so little additional protectable material as to render any original aspects trivial.  Given that the

23

aforementioned items are reproductions of such Pre-Grant Works, recognition of such items as

derivative works would effectively deprive Defendants of the right to use and/or license the

underlying Pre-Grant Works to which Defendants are entitled to use and/or license as a matter of

law.  Also, the statute prohibits the Phillies from creating any new derivative works based on the

Phanatic and any and all of the materials listed in their Appendix.  See also Appendix A,

attached hereto.


DATED:        July 23, 2020                              MITCHELL SILBERBERG & KNUPP LLP
              New York, New York


                                                        By: /s/ Paul D. Montclare
                                                            Paul D. Montclare (*pdm@msk.com*)
                                                            Leo M. Lichtman (*lml@msk.com*)
                                                            Elaine Nguyen (*eln@msk.com*)
                                                            437 Madison Avenue, 25th Floor
                                                            New York, NY 10022
                                                            Telephone: (212) 509-3900
                                                            Facsimile:  (212) 509-7239

                                                            J. Matthew Williams (*mxw@msk.com*)
                                                            1818 N St. NW, 7th Floor
                                                            Washington, DC 20036
                                                            Telephone: (202) 355-7900
                                                            Facsimile: (202) 355-7899

                                                            *Attorneys for Defendants and*
                                                            *Counterclaim Plaintiffs Harrison/Erickson*
                                                            *Incorporated, Harrison Erickson, Wayde*
                                                            *Harrison, and Bonnie Erickson*

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE PHILLIES, a Pennsylvania limited partnership, | CIVIL ACTION NO. 19-CV-7239 (VM) |
| Plaintiff, | |
| v. | |
| HARRISON/ERICKSON, INCORPORATED, a New York corporation, HARRISON ERICKSON, a partnership, and WAYDE HARRISON and BONNIE ERICKSON, | JURY TRIAL DEMANDED |
| Defendants. | |

**APPENDIX A TO RESPONSE TO THE PHILLIES' THIRD AND FOURTH SET OF INTERROGATORIES TO DEFENDANTS**

**DOCUMENTS AND TESTIMONY RESPONSIVE TO INTERROGATORY NOS. 5-7:**

HE000030
HE000043
HE000105
HE000106
HE000107
HE000108
HE000109
HE000110
HE000111
HE000113
HE000115
HE000118
HE000191-94
HE000195-97
HE000198-200
HE000232-33
HE000343-412
HE000488
HE000489
HE000490
HE000511
HE000512
HE000516
HE000517
HE000518
HE000519
HE000520
HE000521
HE000522
HE000523
HE000524
HE000526
HE000528
HE000529
HE000530
HE000531
HE000532
HE000535
HE000536
HE000537
HE000538
HE000539
HE000540
HE000541

HE000542
HE000545
HE000546
HE000547
HE000548
HE000549
HE000550
HE000551
HE000552
HE000553
HE000554
HE000555
HE000556
HE000557
HE000559
HE000560
HE000561
HE000562
HE000564
HE000565
HE000566
HE000575
HE000576
HE000577
HE000579
HE000581
HE000783-86
HE000787-89
HE000790-92
HE000866-70
HE000914
HE001132-36
HE001137-39
HE001164-66
HE001207-11
HE001233-35
HE001299-30
HE001923
HE001980-95
HE002001
HE002071
HE002101
HE002102
HE002106
HE002128-31
HE002228

3

HE002229
HE002230
HE002231
HE002232
HE002243
HE002244
HE002246
HE002247
HE002248
HE002250
HE002256
HE002258
HE002259
HE002261
HE002272
HE002280
HE002285
HE002287
HE002288
HE002471
HE002474
HE002491
HE002492
HE002493
HE002502
HE002503
HE002504
HE002505
HE002506
HE002507
HE002510
HE002511
HE002512
HE002513
HE002514
HE002515
HE002516
HE002517
HE002519
HE002521
HE002522
HE002523
HE002525
HE002526
HE002527
HE002528

12339826.1

HE002529
HE002540
HE002541
HE002542
HE002616-19
HE004801 (compiled into Plaintiffs' Exhibit 55)
HE005064-65
HE005079
HE005675-76
HE006322-37
HE006460-73
HE006687
HE006689
HE006690
HE006691
HE006693
HE006694
HE006695
HE006696
HE006698
HE006699
HE006700
HE006709
HE006710
HE006712
HE006713
HE007877
HE007953
HE008125-372
HE008868-9226
HE008871-8905
PHAN0000012
PHAN0000015
PHAN0000016-19
PHAN0000020-28
PHAN0000034
PHAN0000035
PHAN0000036
PHAN0000037
PHAN0000038
PHAN0000039-44
PHAN0000045
PHAN0000046
PHAN0000047
PHAN0000048
PHAN0000050

PHAN0000051
PHAN0000052
PHAN0000053
PHAN0000054
PHAN0000055-56
PHAN0000057
PHAN0000058
PHAN0000059
PHAN0000060
PHAN0000062
PHAN0000063
PHAN0000064-67
PHAN0000086
PHAN0000118
PHAN0000119
PHAN0000120
PHAN0000121
PHAN0000122
PHAN0000123
PHAN0000124
PHAN0000125
PHAN0000126-27
PHAN0000128
PHAN0000129-43
PHAN0000144-53
PHAN0000163
PHAN0000164
PHAN0000165
PHAN0000166
PHAN0000167
PHAN0000175
PHAN0000179
PHAN0000181
PHAN0000182
PHAN0000183
PHAN0000189
PHAN0000190
PHAN0000194
PHAN0000196-208
PHAN0000210
PHAN0000213
PHAN0000214
PHAN0000215
PHAN0000217
PHAN0000221
PHAN0000222

PHAN0000223
PHAN0000224
PHAN0000225
PHAN0000226
PHAN0000227
PHAN0000228
PHAN0000230
PHAN0000231
PHAN0000232
PHAN0000233
PHAN0000236
PHAN0000237
PHAN0000238
PHAN0000239
PHAN0000240
PHAN0000241
PHAN0000242
PHAN0000243
PHAN0000244
PHAN0000245
PHAN0000247
PHAN0000248-49
PHAN0000250
PHAN0000257
PHAN0000258
PHAN0000259
PHAN0000260
PHAN0000261
PHAN0000262
PHAN0000263
PHAN0000264
PHAN0000265
PHAN0000267-68
PHAN0000269
PHAN0000270
PHAN0000271
PHAN0000272
PHAN0000273
PHAN0000274
PHAN0000275
PHAN0000277
PHAN0000278
PHAN0000280
PHAN0000281
PHAN0000282
PHAN0000283

12339826.1

PHAN0000284
PHAN0000285
PHAN0000286-87
PHAN0000288
PHAN0000291
PHAN0000294
PHAN0000296
PHAN0000297
PHAN0000299
PHAN0000300
PHAN0000301
PHAN0000339
PHAN0000340
PHAN0000341
PHAN0000342
PHAN0000345
PHAN0000346
PHAN0000351
PHAN0000353-54
PHAN0000360
PHAN0000362
PHAN0000363
PHAN0000364
PHAN0000365
PHAN0000366
PHAN0000367
PHAN0000368
PHAN0000371
PHAN0000375
PHAN0000376
PHAN0000377
PHAN0000378
PHAN0000379
PHAN0000380
PHAN0000381
PHAN0000383-84
PHAN0000386
PHAN0000442
PHAN0000447-48
PHAN0000457
PHAN0000458
PHAN0000459
PHAN0000463
PHAN0000477
PHAN0000478
PHAN0000479

12339826.1

PHAN0000480
PHAN0000481
PHAN0000495-98
PHAN0000499
PHAN0000500
PHAN0000501
PHAN0000503
PHAN0000504
PHAN0000656-716
PHAN0000766
PHAN0000767
PHAN0000773
PHAN0000774
PHAN0000775-856
PHAN0000882
PHAN0000883
PHAN0000884-85
PHAN0000886-87
PHAN0000888
PHAN0000889-90
PHAN0000950
PHAN0001020
PHAN0001021
PHAN0001023
PHAN0001024
PHAN0001025
PHAN0001026
PHAN0001027
PHAN0001065
PHAN0001066
PHAN0001067
PHAN0001068
PHAN0001069
PHAN0001070
PHAN0001071
PHAN0001072
PHAN0001073
PHAN0001074
PHAN0001075
PHAN0001076
PHAN0001077
PHAN0001078
PHAN0001079
PHAN0001080
PHAN0001081
PHAN0001082

PHAN0001083
PHAN0001084
PHAN0001085
PHAN0001086
PHAN0001087
PHAN0001088
PHAN0001089
PHAN0001090
PHAN0001091
PHAN0001092
PHAN0001093
PHAN0001094
PHAN0001095
PHAN0001096
PHAN0001097
PHAN0001099
PHAN0001100
PHAN0001101
PHAN0001102
PHAN0001227
PHAN0001228
PHAN0001230
PHAN0001231
PHAN0001232
PHAN0001233
PHAN0001234
PHAN0001235
PHAN0001236
PHAN0001237
PHAN0001238
PHAN0001239
PHAN0001240
PHAN0001242
PHAN0001243
PHAN0001244
PHAN0001245
PHAN0001246
PHAN0001247
PHAN0001265
PHAN0001280
PHAN0001281
PHAN0002710-12
PHAN0002719
PHAN0005541-67
PHAN0005480-81
PHAN0006057

12339826.1

PHAN0008950-53
PHAN0008954-64
PHAN0008965-68
PHAN0008969
PHAN0008990-92
PHAN0008997-98
PHAN0009003-04
PHAN0009305-07
PHAN0009046-48
PHAN0009049-52
PHAN009069-71
PHAN0009097
PHAN0009098
PHAN0009099-101
PHAN0009169-78
PHAN0009302-04
PHAN0009332-34
PHAN0009672
PHAN009676
PHAN0009758-9761
PHAN0009909-9101
PHAN0009861-66
PHAN0009823-29
PHAN0009847-48
PHAN0009881-95
PHAN0009913
PHAN0009923-24
PHAN0009931
PHAN0009936-38
PHAN009940-42
PHAN0009943-44
PHAN0009972
PHAN0009974
PHAN0009977
PHAN0010715
PHAN0010256-59
PHAN0010262
PHAN0010721
PHAN0010920
PHAN0010995
PHAN0011096
PHAN0011184-93
PHAN0011257-58
PHAN0011262-65
PHAN0011268-70
PHAN0011272-74

12339826.1

PHAN0011276-77
PHAN0011279
PHAN0011281-82
PHAN0011283
PHAN0011284
PHAN0011292
PHAN0011294-96
PHAN0011297
PHAN0011302
PHAN0011306-07
PHAN0011311
PHAN0011312
PHAN0021314
PHAN0021315
PHAN0021327
PHAN0021385
PHAN0021812-985 (Defendants' Exhibit 3)
Defendants' Exhibit 83 (no bates number)
Plaintiffs' Exhibit 2 (no bates)
Defendants' Exhibit 24 (1979 Complaint)
Plaintiff's Exhibit 2 (Bonnie's 1979 Affirmation)
Plaintiff's Exhibit 63 (no bates number)
Exhibit A to the Complaint
Exhibit B to the Complaint
Exhibit C to the Complaint
Exhibit D to the Complaint
Exhibit F to the Complaint
Exhibit G to the Complaint
Answer & Counterclaims

February 7, 2020 Deposition of Bonnie Erickson
February 10, 2020 Deposition of Wayde Harrison
February 13, 2020 Deposition of Tom Burgoyne
February 18, 2020 Deposition of Bill Giles
February 28, 2020 Deposition of Scott Brandreth
March 11, 2020 Deposition of Bill Webb
April 10, 2020 Deposition of Christine Long
April 14, 2020 Deposition of Dave Raymond
April 23, 2020 Deposition of Dave Buck
May 7, 2020 Deposition of Scott Brandreth
May 7, 2020 Deposition of Dave Raymond
May 8, 2020 Deposition of Dave Raymond
May 21, 2020 Deposition of Scott Brandreth
May 27, 2020 Deposition of Ethan Orlinsky
June 23, 2020 Deposition of Bonnie Erickson
July 2, 2020 Deposition of Bonnie Erickson

July 15, 2020 Deposition of Bonnie Erickson
July 21, 2020 Deposition of David Zung

**DOCUMENTS AND TESTIMONY RESPONSIVE TO INTERROGATORY NOS. 8-10:**

HE000887-93
HE001150
HE001238-44
HE001267-68
HE002435
HE008841-47
Complaint
Answer & Counterclaims

February 13, 2020 Deposition of Tom Burgoyne
February 18, 2020 Deposition of Bill Giles
February 28, 2020 Deposition of Scott Brandreth
March 11, 2020 Deposition of Bill Webb
April 10, 2020 Deposition of Christine Long
April 14, 2020 Deposition of Dave Raymond
April 23, 2020 Deposition of Dave Buck
May 7, 2020 Deposition of Scott Brandreth
May 7, 2020 Deposition of Dave Raymond
May 8, 2020 Deposition of Dave Raymond
May 21, 2020 Deposition of Scott Brandreth

**DOCUMENTS AND TESTIMONY RESPONSIVE TO INTERROGATORY NO. 11:**

Documents and Testimony Responsive to Interrogatory Nos. 5-7
Documents and Testimony Responsive to Interrogatory Nos. 8-10
PHAN0009712
PHAN0042990-43415
PHAN0043543-43585
June 19, 2019 Agreement between The Phillies and SDR Consulting LLC (no bates number)
November 30, 2019 Agreement between The Phillies and Randy Carfagno Productions LLC (no bates number)
February 7, 2020 Agreement between The Phillies, Real Characters, Inc., and Tom Sapp (no bates number)
David Zung Expert Report and documents referenced therein
David Zung Supplemental Expert Report and documents referenced therein
Complaint
Answer & Counterclaims

February 13, 2020 Deposition of Tom Burgoyne
February 18, 2020 Deposition of Bill Giles
February 28, 2020 Deposition of Scott Brandreth

13

March 11, 2020 Deposition of Bill Webb
April 10, 2020 Deposition of Christine Long
April 14, 2020 Deposition of Dave Raymond
April 23, 2020 Deposition of Dave Buck
May 7, 2020 Deposition of Scott Brandreth
May 7, 2020 Deposition of Dave Raymond
May 8, 2020 Deposition of Dave Raymond
May 21, 2020 Deposition of Scott Brandreth
June 23, 2020 Deposition of Bonnie Erickson
July 2, 2020 Deposition of Bonnie Erickson
July 15, 2020 Deposition of Bonnie Erickson
July 21, 2020 Deposition of David Zung

## DOCUMENTS AND TESTIMONY RESPONSIVE TO INTERROGATORY NO. 12:

Documents and Testimony Responsive to Interrogatory Nos. 5-7
Documents and Testimony Responsive to Interrogatory Nos. 8-10
Documents and Testimony Responsive to Interrogatory No. 11

## DOCUMENTS AND TESTIMONY RESPONSIVE TO INTERROGATORY NO. 13:

Documents and Testimony Responsive to Interrogatory Nos. 5-7
HE000012-16
HE000909-10
HE002296
HE00297
HE002299
HE002303
HE002308
HE002309
HE002310
PHAN0009069-71
PHAN0009302-04
Exhibit E to the Complaint
Answer & Counterclaims

February 7, 2020 Deposition of Bonnie Erickson
February 10, 2020 Deposition of Wayde Harrison
June 23, 2020 Deposition of Bonnie Erickson
July 2, 2020 Deposition of Bonnie Erickson
July 15, 2020 Deposition of Bonnie Erickson
July 21, 2020 Deposition of David Zung

## DOCUMENTS AND TESTIMONY RESPONSIVE TO INTERROGATORY NO. 14:

Documents and Testimony Responsive to Interrogatory Nos. 8-10

14

PHAN0009712
PHAN0042990-43415
PHAN0043543-43585
June 19, 2019 Agreement between The Phillies and SDR Consulting LLC (no bates number)
November 30, 2019 Agreement between The Phillies and Randy Carfagno Productions LLC (no bates number)
February 7, 2020 Agreement between The Phillies, Real Characters, Inc., and Tom Sapp (no bates number)
David Zung Expert Report and documents referenced therein
David Zung Supplemental Expert Report and documents referenced therein
Answer & Counterclaims

February 13, 2020 Deposition of Tom Burgoyne
February 28, 2020 Deposition of Scott Brandreth
April 10, 2020 Deposition of Christine Long
April 14, 2020 Deposition of Dave Raymond
April 23, 2020 Deposition of Dave Buck
May 7, 2020 Deposition of Scott Brandreth
May 21, 2020 Deposition of Scott Brandreth
May 7, 2020 Deposition of Dave Raymond
May 8, 2020 Deposition of Dave Raymond
May 27, 2020 Deposition of Ethan Orlinsky
June 23, 2020 Deposition of Bonnie Erickson
July 2, 2020 Deposition of Bonnie Erickson
July 15, 2020 Deposition of Bonnie Erickson
July 21, 2020 Deposition of David Zung

**DOCUMENTS AND TESTIMONY RESPONSIVE TO INTERROGATORY NO. 18:**

HE002001-13
HE002635-37
HE006033-44
HE008868-9226
PHAN0005480-81
PHAN0008965-68
PHAN0008979
PHAN0008990-92
PHAN0009049-52
PHAN0009097
PHAN0009098
PHAN0009099-101
PHAN0009237-78
PHAN0009279-01
PHAN0009332-34
PHAN0009847-48
PHAN009923-24

PHAN0009931
PHAN0009936-38
PHAN0009940-42
PHAN009943-44
PHAN0009977
PHAN0011257-58
PHAN0011262-65
PHAN0011268-70
PHAN0011272-74
PHAN0011276-77
PHAN0011279
PHAN0011281-82
PHAN0011283
PHAN00011292
PHAN0011294-96
PHAN0011297
PHAN0011302
PHAN0011306-07
PHAN0011311-12
PHAN0021467

February 7, 2020 Deposition of Bonnie Erickson
February 10, 2020 Deposition of Wayde Harrison
February 18, 2020 Deposition of Bill Giles
March 11, 2020 Deposition of Bill Webb

**DOCUMENTS AND TESTIMONY RESPONSIVE TO INTERROGATORY NO. 20:**

Defendants' Exhibit 86 (no bates number)
Answer & Counterclaims

**DOCUMENTS AND TESTIMONY RESPONSIVE TO INTERROGATORY NO. 25:**

Documents and Testimony Responsive to Interrogatory Nos. 5-7
HE005332-5334
PHAN0001517
PHAN0010357-58
PHAN0011138-40
PHAN0011060
PHAN0011062-67
PHAN0042569-572
Defendants' Exhibit 117 (no bates number)

February 7, 2020 Deposition of Bonnie Erickson
February 10, 2020 Deposition of Wayde Harrison

16

February 13, 2020 Deposition of Tom Burgoyne
February 28, 2020 Deposition of Scott Brandreth
April 10, 2020 Deposition of Christine Long
April 14, 2020 Deposition of Dave Raymond
April 23, 2020 Deposition of Dave Buck
May 7, 2020 Deposition of Scott Brandreth
May 21, 2020 Deposition of Scott Brandreth
May 7, 2020 Deposition of Dave Raymond
May 8, 2020 Deposition of Dave Raymond
June 23, 2020 Deposition of Bonnie Erickson
July 2, 2020 Deposition of Bonnie Erickson
July 15, 2020 Deposition of Bonnie Erickson
July 21, 2020 Deposition of David Zung

12339826.1