UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

THE PHILLIES,

                                     **Plaintiff,**                                19-CV-07239 (VM)(SN)

                -against-                                              **ORDER**

HARRISON/ERICKSON, INC., et al.,

                                    **Defendants.**
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

On October 22, 2020, the Court heard argument on several discovery disputes. See generally ECF Nos. 115 & 116. This order addresses issued left unresolved following the conference.

**I.    Request to the Register of Copyrights**

Section 411 of the Copyright Act requires a district court to request that the Register of Copyrights advise whether it would have refused registration if it knew that certain information underlying a registration application was inaccurate. 17 U.S.C. § 411(b)(2). While there is little case law on this provision, courts are generally in agreement that the district court *must* solicit the advice of the Copyright Office when the statutory conditions are satisfied. See Palmer/Kane LLC v. Rosen Book Works LLC, 188 F. Supp. 3d 347, 348 (S.D.N.Y. 2016) (citing DeliverMed Holdings, LLC v. Schaltenbrand, 734 F.3d 616, 623 (7th Cir. 2013)). Recognizing the possibility for abuse, however, courts have deferred a referral until a party can establish that the statutory conditions have been satisfied. "In other words, before making a referral to the Copyright Office under § 411(b)(2), a district court may require a litigant to 'demonstrate that (1) the registration

application included inaccurate information; and (2) the registrant knowingly included the inaccuracy in his submission to the Copyright Office.'" Palmer/Kane, 188 F. Supp. 3d at 349 (citing DeliverMed, 734 F.3d at 625)). This caution is consistent with the position of the Copyright Office, which has directed that "before asking the Register whether she would have refused to register a copyright . . . a court should feel free to determine whether there is in fact a misstatement of fact." See Response to the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2) at 12, Olem Shoe Corp. v. Wash. Shoe Co., 09-cv-23494 (S.D. Fla. Oct. 14, 2010), ECF No. 209.

      Harrison/Erickson asks the Court to submit a § 411(b)(2) letter to the Copyright Office, although it denies that there was any "inaccurate information" in the registration application. Indeed, at the hearing, counsel for Harrison/Erickson stated: "I don't think there is any inaccurate information in the application at all"; "And, again, we don't believe there was any inaccurate information." Oct. 22, 2020 Tr. at 10:6-7, 12:3-4. Notwithstanding that concession, Harrison/Erickson would have the Court ask the Register (1) whether, given the reproductions of the images submitted with the application, the Phanatic should not have been described as an "artistic sculpture," and (2) whether referring to the Phanatic as an "artistic sculpture" was consistent with the Copyright Office's practices at the time.

      For its part, The Phillies believes that the registration application did contain inaccurate information—by registering the Phanatic as an "artistic sculpture" and not a costume—but does not believe that factual dispute is a proper subject for submission to the Copyright Officer under § 411(b)(2). To the extent a letter is sent, The Phillies would have the Court ask the Register whether it would have registered the Phanatic if it were described as a costume.

This dispute demonstrates that the statutory conditions for a letter to the Register have not been satisfied. At the hearing, the parties could not agree that "inaccurate information" was knowingly submitted to the Register. See Archie MD, Inc. v. Elsevier, Inc., 261 F. Supp. 3d 512 (S.D.N.Y. 2017) (finding inaccurate information where published work had been described as unpublished). Indeed, whether the Phanatic was properly registered as an artistic sculpture is a disputed question before the Court. By assuming its inaccuracy in a request to the Copyright Office, the Court would be inviting the Copyright Office to weigh in on an issue reserved for the finder of fact. Accordingly, the request to seek the opinion of the Copyright Office on materiality of inaccurate information is denied without prejudice.

## II.   Contention Interrogatories

In this District, contention interrogatories, unlike other types of discovery, are not designed to reveal new information to the opposing side. Rather, they are "designed to assist parties in narrowing and clarifying the disputed issues" in advance of summary judgment practice or trial. Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya, 248 F.R.D. 126, 157 (S.D.N.Y. 2007) (citation omitted); see also 7 James Wm. Moore, et al., Moore's Federal Practice § 33.02(2)(b) (3d ed. 2007) ("The better view is that contention interrogatories are appropriate, but only after both sides have had an opportunity to conduct discovery."); Fed. R. Civ. P. 33 advisory committee's note, 1970 amendment, subdivision (b) ("[R]equests for opinions or contentions . . . can be most useful in narrowing and sharpening the issues . . . ."). Local Civil Rule 33.3(c) reflects this view by calling for contention interrogatories to be served only at the end of other fact discovery. Because the Rules do not anticipate that parties will use contention interrogatories to develop new information or provide notice of claims that could be followed by new rounds of other discovery, courts generally resist efforts to use contention

interrogatories as a vehicle to obtain every fact and piece of evidence a party may wish to offer concerning a given issue at trial. See, e.g., Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 273 F.R.D. 367, 369 (S.D.N.Y. 2010).

Harrison/Erickson raises an additional issue in their objections to The Phillies' contention interrogatories. In response to several interrogatories, Harrison/Erickson objects on the grounds that the interrogatories seek contentions on matters as to which The Phillies bears the burden of proof. Although there is no bar to such use of contention interrogatories, courts have recognized the risk that a jury may incorrectly construe a response by one party as a concession on an issue that the other party must prove. See, e.g., Linde v. Arab Bank, PLC, 04-cv-2799 (NG)(VVP), 2012 WL 957970, at *2 (E.D.N.Y. Mar. 21, 2012).

Accordingly, the Court will evaluate the disputed contention interrogatories in light of their purpose and the potential concerns they raise.

### A. Harrison/Erickson's Interrogatories Served Upon The Phillies

1. **Interrogatory No. 13.** The Phillies' response is acceptable and Harrison/Erickson's challenge is denied.

2. **Interrogatory No. 15.** To the extent any of the identified videos have not been produced, The Phillies is ordered to do so.

3. **Interrogatory No. 21.** The Phillies' objections are overruled. It is ordered to identify artwork, merchandise, photographs and videos depicting the modified Phanatic design ("P2") that The Phillies contends it has the right to exploit since the Effective Termination Date. However, The Phillies need not catalog every fact or piece of evidence so long as it identifies representative samples and provides Harrison/Erickson with meaningful disclosure.

### B. The Phillies' Interrogatories Served Upon Harrison/Erickson

1. **Interrogatory No. 14.** Harrison/Erickson's response is acceptable and The Phillies' challenge is denied.

2. **Interrogatories Nos. 15 & 16.** Harrison/Erickson's objections are overruled. It is ordered to answer whether it contends that the trademarks are invalid, not

   incontestable, or not famous. However, Harrison/Erickson is not required to describe *in detail all factual* bases for its contention.

3. **Interrogatory No. 17.** Harrison/Erickson's response is acceptable and The Phillies' challenge is denied.

4. **Interrogatory No. 20.** Harrison/Erickson's response is acceptable and The Phillies' challenge is denied.

5. **Interrogatories Nos. 21 & 22.** Harrison/Erickson's response is acceptable and The Phillies' challenge is denied.

6. **Interrogatory No. 23.** Harrison/Erickson's objections are overruled. It is ordered to answer whether it contends that The Phillies has acquired substantial good will in the Phanatic over the past 42 years. However, Harrison/Erickson is not required to describe *in detail* the factual basis for its contention.

## CONCLUSION

The request to seek the opinion of the Copyright Office on materiality of inaccurate information is denied without prejudice. To the extent they have been ordered to do so, each party shall supplement its responses to the disputed interrogatories within 14 days of this Order.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   November 4, 2020
         New York, New York