# EXHIBIT 166

# Oxholm, Kendra

| | |
|---|---|
| **From:** | Montclare, Paul <pdm@msk.com> |
| **Sent:** | Friday, October 9, 2020 10:45 AM |
| **To:** | Wolfsohn, David J. |
| **Cc:** | Oxholm, Kendra; Marandola, Tyler R.; Williams, Matthew; Lichtman, Leo |
| **Subject:** | RE: Phillies v. HE:  Your request for a conference with Judge Netburn |

David,
Please see my brief responses below. I am happy to discuss each of these in more detail, but wanted to get you my initial reaction to the issues you raised for the first time Wednesday.
 Paul

**Paul D. Montclare** | Partner, through his LLP
T: 917.546.7704 | C: 917-670-0133 | F: (917) 546-7674 | pdm@msk.com
**Mitchell Silberberg & Knupp LLP** | www.msk.com
437 Madison Ave., 25th Floor, New York, NY 10022

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Wolfsohn, David J.
**Sent:** Wednesday, October 7, 2020 1:25 PM
**To:** Montclare, Paul
**Cc:** Oxholm, Kendra ; Marandola, Tyler R.
**Subject:** [EXTERNAL] Phillies v. HE: Your request for a conference with Judge Netburn

-EXTERNAL MESSAGE-
Paul,

I had thought discovery was finished and we were focusing on motions for summary judgment.

If the Court nonetheless rules that discovery disputes can still be raised at this time, we have issues with some of your contention interrogatory answers.

Your answer to Interrogatory 14 does not describe in detail the purported irreparable harm.  You say that purported infringement "steals the fruits of Defendants' creative efforts," but why would such "fruits" not be compensable in money damages?  You also say that purported infringement "strips Defendants of creative control over their work," but you say in response to other interrogatories that Defendants have no plans to exploit the Phanatic, so this answer makes no sense.
  This  comment seems like  you are not agreeing with the response rather than objecting to the sufficiency of its content. We maintain that H/E is entitled to injunctive relief: (i) this Court were to rule, as we expect, that the H/E's termination was valid, with the copyright rights in the Phanatic reverting to H/E on the termination effective date, (ii)  where the Phillies are nevertheless continuing to use and  exploit the Phanatic copyright without authority,  and (iii) where the Phillies have threatened to continue to do so notwithstanding a court ruling that they are not entitled to do so.

1

<span style="color:red">Under these circumstances, we maintain that injunctive remedies are available and necessary to enforce H/E's right to the exclusive use of its copyright rights in the Phanatic. This includes, among others, H/E's right not to permit the unauthorized use of the Phanatic by the Phillies altogether in violation of H/E's creative authorship and their right to terminate and recover their exclusive copyright rights in the Phanatic. H/E also has the right to stop the Phillies from intentionally continuing to use Phanatic intellectual property in violation of Court orders to the contrary .The bottom line is that H/E are entitled to get back their copyright by statute and to use and preserve these rights legally, as they please, and we maintain that injunctive relief is appropriate to stop the Phillies from flouting H/E's exclusive copyright rights and the termination provisions of the Copyright Act. That the Plaintiff has a different legal opinion on this issue does not render H/E's answer to this contention interrogatory insufficient. In addition, Bonnie's prior deposition testimony is mischaracterized.</span>

<span style="color:red">Also, Bonnie's prior testimony left open how H/E would legally use or preserve their exclusive copyright rights post-termination. The fact that H/E are being responsible and not making firm plans to exploit the Phanatic until the Court rules is not something you will be able to effectively use against them.</span>

With regard to Interrogatory 15, you don't answer the question. Your response to Interrogatory 16 is similarly evasive.
<span style="color:red">These are not evasive answers. As I understand it the Phillies have not produced any documents in discovery relating to these trademark registrations, which the Phillies have the burden to prove are incontestable and famous. We noted this in H/E's answers in July, 2020. And still we have received no discovery on either of these points. If you provide this discovery now I will look at this again.</span>

On Interrogatory 17, you apparently do not contest the $2000 maximum, so please amend the answer to say so.

<span style="color:red">This interrogatory answer is accurate, and completely answers the question posed. No further response is necessary.</span>

Regarding 19, you also apparently don't context the figures, so please amend the answer to so state.
<span style="color:red">You are asking us to authenticate a summary document created by the Phillies for this litigation based on representations made by the Phillies. H/E's response was a proper answer to the precise question asked.</span>

With respect to Interrogatory 20, please reconsider your objections. We have a claim for unjust enrichment that makes the response relevant. Your answer and counterclaims also repeatedly state that The Phillies should have been aware of the termination provisions, so this is a fair question. We didn't ask you whether you thought your clients' intent was relevant; we asked about that intent.
<span style="color:red">H/E answers your question, subject to our relevance objection. The 1984 agreement is a written agreement where the Phillies were represented by counsel, and that agreement is subject to the Copyright Act including the "copyright term" included in your question and copyright termination provisions.</span>

Your response to Interrogatory 21 is evasive. We didn't ask about defendants' "copyright interests"; we asked about the Phanatic. We are entitled to know whether your client believes it has the right to sell the Phanatic. Since your answer to Interrogatory 22 incorporates the response to 21, it suffers from the same problems.

<span style="color:red">The answers to No 21 and 22 are responsive, not evasive. Subsequent to the effective termination dates, all H/E's original copyright rights in the Phanatic reverted to H/E who now have the exclusive right to use those copyright rights as they see fit, and those rights are distinct from any material object in which the Phanatic is embodied. The fact that H/E has the right to do something does not mean they will, and your trademark claim is meritless without the ability to point to actual uses that would cause confusion.</span>

You failed to respond to Interrogatory 23, instead incorporating the inadequate responses to Nos. 15 and 16.  Please answer the question posed.

See above response to your comments relating to 15 and 16.

Your response to Interrogatory 25 is incomplete in the sense that it uses the words "At least."  If there are any more, please list them.  If you don't amend the response, we will assume the list is complete.  Also, your list concludes with "and any other item that reproduces the aforementioned items on another medium or product without added protectable material."  If it is your contention that any of the items on Appendix A would qualify as such items and you haven't already listed then, please add them to the list.  If you do not, we will assume that your listing of the 31 items is complete.

We will amend our answers as required by the Fed R. Civ. Pro., irrespective of whatever assumptions the Plaintiff speculates for itself, which we need not and will not address. We note that plaintiff also has a continuing obligation to amend their prior interrogatory answers and document responses as appropriate and have not identified  or produced a comprehensive list of all Phanatic works it is using or intending to use post-termination. H/E  is not waiving their right to assert claims based on any post-termination use of the Phanatic which the Phillies may contend they can use for whatever reason.

Happy to discuss any of the foregoing at your convenience.

David



www.duanemorris.com
**David J. Wolfsohn**
Partner

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196

P: +1 215 979 1866
F: +1 215 689 2739
C: +1 215 300 5020

E-MAIL | BIO | VCARD

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.