

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Paul D. Montclare<br>
Partner<br>
(917) 546-7704 Phone<br>
(917) 546-7674 Fax<br>
pdm@msk.com

April 23, 2021

**VIA ECF**

Honorable Sarah Netburn
U.S. Magistrate Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

**Re:   Phillies v. Harrison/Erickson, Inc. et al., No. 19-cv-7239-VM-SN**

Dear Judge Netburn:

We write on behalf of the Defendants/Counterclaim Plaintiffs Bonnie Erickson and Wayde Harrison, *et al.* ("H/E").  Well over a week after briefing on the parties' summary judgment motions were fully submitted to the Court, The Phillies belatedly seek leave to file a sur-reply, ECF No. 163.  Their request is baseless, fundamentally mischaracterizes the record, and should be denied.

The decision to permit a litigant to submit a sur-reply is "a matter left to the Court's discretion," but "[a]llowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court 'in the position of refereeing an endless volley of briefs.'"  *Kapiti v. Kelly*, 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008), *aff'd*, 2008 WL 1882652 (S.D.N.Y. Apr. 28, 2008); *see also, e.g., Yale New Haven Hosp. v. Azar*, 409 F. Supp. 3d 3, 18 (D. Conn. 2019) (denying leave to file sur-reply); *Lefevre v. Rosen*, 2015 WL 8958231, at *1 (N.D.N.Y. Dec. 15, 2015) (same); *Amash v. Home Depot U.S.A., Inc.*, 2014 WL 12586389, at *3 (N.D.N.Y. Mar. 28, 2014) (same).

     I.     Pages 23-26 of H/E's Reply Brief <u>Does Not</u> Raise Any New Arguments

In H/E's opening brief, ECF No. 141 ("H/E Br."), H/E affirmatively moved for summary judgment dismissing "All Eight Counts" of The Phillies' Complaint.  H/E Br. at 1.  This motion included moving to dismiss Count V of The Phillies Complaint, which alleged that The Phillies had "created and will create numerous derivative works based on the Phanatic costume" that they are entitled to use after termination.  Compl., ECF No. 1, ¶¶ 124-127.  H/E's summary judgment motion explicitly contended that the Court should award summary judgment in their favor on Count V because H/E validly terminated the 1984 assignment of all pre-assignment Phanatic artwork as a matter of law, H/E Br. at 42-47, and The Phillies had no evidence to create a material issue of fact with respect to Phanatic works that The Phillies contend they are entitled to use after termination.  H/E Br. at 47-48.  H/E also expressly stated in its opening summary judgment brief that they were not only opposing The Phillies' partial summary judgment on

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900  Fax: (212) 509-7239  Website: www.msk.com

13113758.1



Honorable Sarah Netburn
April 23, 2021
Page 2

these issues, but were affirmatively seeking summary judgment on The Phillies' claims. H/E Br. at 37 ("The Phillies are not entitled to summary judgment based on these issues. Instead, **H/E is entitled to summary judgment**.") (emphasis added).

The Phillies opposed these aspects of H/E's Motion, ECF No. 148 ("Opp'n"), at 1-6. H/E had every right to address The Phillies' arguments and did just that at pages 23-26 of their Reply Brief, ECF No. 159 ("Reply"). This portion of H/E's Reply is wholly appropriate.[1]

## II. The Video Filed as Exhibit DX 103 <u>Was Disclosed in Discovery</u> and Appropriately Submitted in Response to Points Raised in The Phillies' Opposition

The Phillies wrongly contend that the video, H/E's Exhibit 103, ECF 0161-2 (the "Video Exhibit"), attached to the Declaration of Leo M. Lichtman, ECF 0161 ("Lichtman Decl."), was not produced in discovery. Instead, H/E's Video Exhibit was explicitly identified in an email with a URL link to the Video Exhibit (bate-stamped HE005064), which was produced to The Phillies during discovery. This email was also attached to the Lichtman Decl, as H/E's Exhibit 102, ECF No. 161-1. Had The Phillies bothered to review this previously produced email, HE005064, and the URL link, they would have known that H/E's Video Exhibit had already been revealed to them in discovery and could be accessed online. *See* https://drive.google.com/file/d/0B0wTD-WLEpjmVVRSWnpVZmFqbkU/edit?usp=sharing.

Also, H/E presented this Video Exhibit to the Court with their Reply to refute two videos and arguments submitted in The Phillies' opposition to H/E's summary judgment motion. Unlike H/E's Video Exhibit, the two videos submitted by The Phillies were not identified or produced until months after discovery closed. Nevertheless, The Phillies submitted these two videos in support of their arguments that H/E "admitted early on that Dave Raymond . . . created The Phanatic's personality," Opp'n at 32; that "Raymond and other Phillies employees came up with the Phanatic's backstory," *id.*; and that H/E "never provided any instruction, advice, or input on how Raymond or any other performer should behave . . . .," *id* at 35; *see also* Declaration of David Raymond, ECF 151. H/E's Video Exhibit, however, exposes The Phillies' false claims by a video which, *inter alia*, depicts Dave Raymond himself describing the direction he received from Bonnie Erickson, and further stating that he had "no direction from anybody else." Video Exhibit (4:38-5:01). *See Est. of Loveria by Loveria v. Portadam, Inc.*, 2010 WL 11541909, at *2 (N.D.N.Y. June 9, 2010) ("Clearly, reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party who took it upon himself to argue those previously unforeseen issues.").

---

[1] The Phillies, however, abuse their letter request for permission to file a sur-reply. The Phillies letter argued falsely that H/E conceded that The Phillies have the right to use 368 Phanatic designs after termination. Significant here, this false claim (there was no such concession) was already briefed at length on these motions, *see* H/E Br. at 48; Reply, at 25-26. The Phillies injection of a new "volley" of this already briefed argument in its letter is clearly improper and unauthorized.



Honorable Sarah Netburn
April 23, 2021
Page 3

Therefore, we request that The Phillies' application for permission to file a sur-reply be denied.

Respectfully submitted,

/s/ Paul D. Montclare

Paul D. Montclare
Partner

PDM/mcp

13113758.1